**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SRINIVASAN VENKATARAMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>     Plaintiff,<br><br>vs.<br><br>KANDI TECHNOLOGIES GROUP, INC., XIAOMING HU, CHENG WANG, BING MEI, LIMING CHEN, JERRY LEWIN, AND HENRY YU,<br><br>     Defendants. | No. 20 CIV. 8082 (LGS) |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

---

Richard J.L. Lomuscio
RIKER DANZIG SCHERER HYLAND
  & PERRETTI LLP
500 Fifth Avenue, 49th Floor
New York, NY 10110
(212) 302-6574

*Attorneys for Defendants Kandi*
*Technologies Group, Inc., Xiaoming*
*Hu, Cheng Wang, Bing Mei, Liming*
*Chen, Jerry Lewin, and Henry Yu*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ......................................................................................................1

BACKGROUND ...........................................................................................................................3

I.      KANDI'S BUSINESS .......................................................................................................3

II.     THE RESTATEMENT ......................................................................................................3

III.    THE DISMISSED ACTION..............................................................................................4

IV.     THE COMPLAINT ...........................................................................................................6

        A.      The Restatement.....................................................................................................6

        B.      The Allegedly False Statements.............................................................................6

        C.      Defendants' Alleged Knowledge............................................................................7

        D.      The Delaware Decision and the Short Report.........................................................8

LEGAL STANDARD....................................................................................................................9

ARGUMENT ..............................................................................................................................13

I.      PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUE OF LIMITATIONS. ........13

II.     THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS
        TO PLEAD SCIENTER. ................................................................................................16

        A.      Plaintiff Does Not Plead Scienter Based on Motive and Opportunity....................16

        B.      Plaintiff Does Not Plead Scienter Based on Strong Circumstantial
                Evidence of Conscious Misbehavior or Recklessness ..........................................17

                1.      Conclusory Allegations Regarding Defendants' Positions at
                        Kandi Does Not Plead Conscious Misbehavior or Recklessness .............18

                2.      Plaintiff's Allegations Regarding the Financial Statements, Even
                        in Light of the Short Report and Delaware Action, Do Not Plead
                        Conscious Misbehavior or Recklessness ....................................................19

                3.      The Complaint Does Not Contain Sufficient Allegations Concerning
                        Knowledge of Control Issues When the Financial Statements
                        Were Made...................................................................................................21

C.    Plaintiff Does Not Plead A "Strong" Inference of Scienter...................................22

III.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF
        FAILS TO PLEAD FALSITY.............................................................................................22

IV.    PLAINTIFF'S SECTION 20(A) CLAIMS SHOULD BE DISMISSED ...........................24

CONCLUSION..................................................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. McAlpin*,
   99 F.2d 79 (2d Cir. 1983)................................................................................................ 14

*Ashcroft v. Iqbal*,
   56 U.S. 687 (2009) .......................................................................................................... 9

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
   93 F.3d 87 (2d Cir. 2007)............................................................................ 10, 11, 16, 24

*Bell Atl. Corp v. Twombly*,
   50 U.S. 557 (2007)........................................................................................................... 9

*City of Pontiac Gen. Employees' Ret. Sys. V. MBIA, Inc.*,
   637 F.3d 169 (2d Cir. 2011)....................................................................................... 9, 10

*Cohen v. Stevanovich*,
   22 F. Supp. 2d 416 (S.D.N.Y. 2010)............................................................................... 24

*Denny v. Barber*,
   76 F.2d 465 (2d Cir. 1978)......................................................................................... 16, 23

*Dodds v. Signa Sec., Inc.*,
   2 F.3d 346 (2d Cir. 1993)................................................................................................ 14

*Donoghue v. Am. Skiing Co.*,
   55 F. Supp. 2d 70 (S.D.N.Y. 2001) ................................................................................ 14

*ECA v. JP Morgan Chase Co.*,
   53 F.3d 187 (2d Cir. 2009)................................................................................ 11, 16, 17

*FirstBank Puerto Rico, Inc. v. La Vida Merger Sub, Inc.*,
   38 F.3d 37, (1st Cir. 2011)............................................................................................... 15

*Gavin/Solmonese LLC v. D'Arnaud-Taylor*,
   39 F. App'x 664 (2d Cir. 2016) ...................................................................................... 15

*Glaser v. The9, Ltd.*,
   72 F. Supp. 2d 573 (S.D.N.Y 2011)........................................................................... 19, 24

*Global Network Commc'ns, Inc. v. City of New York*,
   58 F.3d 150 (2d Cir. 2006)............................................................................................... 15

*Hughes v. Xiaoming Hu et al.*,
No. CV 2019-0012-JTL, 2020 WL 1987029 (Del. Ch. Apr. 27, 2020) ......................... *passim*

*Hutchinson Tech., Inc. Sec. Litig.*,
536 F.3d 952 (8th Cir. 2008) ........................................................................................ 24

I*n re Aegon N.V. Sec. Litig.*,
No. 03 Civ. 0603, 2004 WL 1415973 (S.D.N.Y. June 23, 2004) ........................................ 19

*In re Bank of Am. AIG Disclosure Securities Litigation,*
980 F. Supp. 2d 564 (S.D.N.Y. 2013) ........................................................................... 12

*In re Express Scripts Holding Co. Sec. Litig.*,
No. 16 CIV. 3338 (ER), 2017 WL 3278930 (S.D.N.Y. Aug. 1, 2017) ................ 12, 18, 21, 23

*In re IBM Corp. Sec. Litig.*,
163 F.3d 102 (2d Cir. 1998) ......................................................................................... 10

*In re Kandi Technologies Group, Inc. Securities Litigation*,
No. 17 CIV. 1944 (ER), 2019 WL 4918649 (S.D.N.Y. Oct. 4, 2019) ........................... *passim*

*In re Lions Gate Entm't Corp. Sec. Litig.*,
165 F. Supp. 3d 1 (S.D.N.Y. 2016) (June 7, 2016) ....................................................... 11

*In re Longtop Fin. Tech. Ltd. Sec. Litig.*,
910 F. Supp. 2d 561 (S.D.N.Y. 2012) ........................................................................... 18

*In re Lululemon Sec. Litig.,*
14 F. Supp. 3d 553 (S.D.N.Y. 2014), aff'd, 604 Fed.App'x. 62 (2d Cir. 2015) ............... 12, 23

*In re Magnum Hunter Res. Corp. Sec. Litig.*,
26 F. Supp. 3d 278 (S.D.N.Y. 2014) ............................................................................. 23

*In re Nokia Oyj (Nokia Corp.) Sec. Litig.*,
423 F.Supp.2d 364 (S.D.N.Y. 2006) ............................................................................. 19

*In re PetroChina Co. Ltd. Sec. Litig.*,
120 F.Supp.3d 340 (S.D.N.Y. 2015), *aff'd* (Mar. 21, 2016) ...................................... 12, 18, 19

*Kalnit v. Eichler,*
264 F.3d 131 (2d Cir. 2001) ......................................................................................... 11

*Lentell v. Merrill Lynch & Co.*,
396 F.3d 161 (2d Cir.2005) ........................................................................................... 10

*Levitt v. J.P. Morgan Sec., Inc.*,
710 F.3d 454, 465 (2d Cir. 2013) ................................................................................. 12

*Merck & Co., Inc. v. Reynolds*,
    559 U.S. 553 (2010)................................................................................................... 13

*N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty. Ret. Ass'n v.
MDC Partners, Inc.*,
    No. 15 CIV. 6034 (RJS), 2016 WL 5794774, (S.D.N.Y. Sept. 30, 2016).............................. 17

*Plumbers and Pipefitters Local Union No. 719 Pension Trust Fund v. Conseco Inc.*,
    No. 09 Civ. 6966, 2011 WL 1198712, (S.D.N.Y. March 30, 2011)................................. 19, 20

*Podany v. Robertson Stephens, Inc.*,
    318 F. Supp. 2d 146, 156 (S.D.N.Y. 2004)...................................................................... 16, 24

*Riddle v. PepsiCo, Inc.*,
    440 F. Supp. 3d 358, 362 (S.D.N.Y. 2020)........................................................................... 15

*Rombach v. Chang*,
    355 F.3d 164 (2004)........................................................................................... 12, 21, 22

*Schiro v. Cemex, S.A.B de C.V.*,
    438 F. Supp. 3d 194, 200 (S.D.N.Y. 2020)................................................................ 9, 10, 13

*Shields v. Citytrust Bancorp, Inc.*,
    25 F. 3d 1124 (2d Cir. 1994)................................................................................................ 10

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
    547, F.3d 406, 425 (2d Cir. 2008)....................................................................................... 15

*Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*,
    531 F.3d 190, 196–97 (2d Cir. 2008)................................................................................... 17

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)................................................................................... 10, 11, 20, 22

## Statutes

15 U.S.C § 78t-1 ..................................................................................... 1, 4, 6, 9, 10, 24

15 U.S.C. § 78j............................................................................................ 1, 4, 6, 9, 10, 12

15 U.S.C. §78u–4.......................................................................................... 1, 3, 10, 11, 12, 22

28 U.S.C. § 1658...................................................................................................... 5, 16

## Regulations

17 C.F.R § 240.10b-5............................................................................................ 1, 4, 9, 10, 12

**Rules**

Fed. R. Civ. P. 12.................................................................................................. 1, 3, 5, 9

Fed. R. Civ. P. 9........................................................................................... 1, 3, 5, 10, 12, 23

Defendants Kandi Technologies Group, Inc. ("Kandi" or the "Company"), Xiaoming Hu ("Hu"), Cheng Wang ("Wang"), Bing Mei ("Mei"), Liming Chen ("Chen"), Jerry Lewin ("Lewin"), and Henry Yu ("Yu") (collectively, the "Defendants", and, excluding Kandi, the "Individual Defendants"), by and through their attorneys, Riker Danzig Scherer Hyland & Perretti LLP, respectfully submit this memorandum in support of their motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u–4(b)(2), the Amended Class Action Complaint (the "Complaint" or "Compl.") filed by plaintiff Tom Brooks ("Brooks" or "Plaintiff") for failure to state a claim under Sections 10(b), 15 U.S.C. § 78j(b), and Section 20(a), 15 U.S.C § 78t-1(a), of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5, 17 C.F.R § 240.10b-5, promulgated thereunder.

## PRELIMINARY STATEMENT

The Complaint is largely a recasting of securities claims that were previously rejected by another Judge in this District. *See In re Kandi Technologies Group, Inc. Securities Litigation*, No. 17 CIV. 1944 (ER), 2019 WL 4918649, at *9 (S.D.N.Y. Oct. 4, 2019) (Ramos, J.) (holding that plaintiff failed to state claims against Kandi) (the "Dismissed Action"). As in the Dismissed Action, Plaintiff's allegations here center on Kandi's restatement in its 2016 10-K filing (the "Restatement") of certain information contained in financial statements issued between 2015 and 2016 that did *not* affect Kandi's reported income. (Compl. ¶¶ 42, 45.) Plaintiff provides no basis for resuscitating these stale and rejected claims.

First, Plaintiff's claims are time-barred by the relevant statute of limitations because the Complaint was filed more than two years after a reasonable investor would have been put on

notice of any alleged false statements or omissions. *See* 28 U.S.C. § 1658(b).  The Restatement was announced in March 2017 and the Dismissed Action was filed that same month, more than *three years* before this action was initiated in June 2020.  In addition, neither the Delaware Chancery Court motion to dismiss decision issued on April 27, 2020 addressing the demand futility under that state's law (the "Delaware Decision") nor the "research report" released on November 30, 2020 by a third-party investor who would profit from declines in Kandi's share price (the "Short Report") cited in the Complaint provide any basis for excusing Plaintiff's delay in pursuing his claims.  (Compl. ¶ 54, 56, 60.)  The Delaware Decision and the Short Report – both issued months after the decision in the Dismissed Action and years after the Restatement – also have no bearing on the challenged statements that were made as early as March 2015. (Compl. ¶ 23.)  Moreover, the Delaware Decision specifically acknowledges that the demand futility standard is lesser than and distinct from the heightened pleading standard applicable here, *see Hughes v. Xiaoming Hu*, No. CV 2019-0012-JTL, 2020 WL 1987029, at *12–13 (Del. Ch. Apr. 27, 2020), while the third-party Short Report contains no statements by any of the Defendants and was written by an investment firm that admittedly had "taken a short position in shares of Kandi technologies" (Compl. Ex. A at *2).  The Delaware Decision and the Short Report simply reveal nothing "new" and are not sufficient to resurrect Plaintiff's belated claims.

Second, and as the Court held in the Dismissed Action, the mere fact that Kandi restated certain of its financials fails to meet the heightened standard for pleading securities fraud. *See In re Kandi Techs.*, 2019 WL 4918649 at *6.  In particular, the Complaint fails to state with the requisite particularly *any facts* demonstrating that Defendants acted with scienter and had knowledge of the falsity of the alleged misstatements or omissions as it pertained to Kandi's internal controls or reporting regarding related-party transactions.  Without such detailed

2

pleading, Plaintiff's claims fail and should be dismissed pursuant to Rule 12(b)(6), Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u–4(b)(2).

Accordingly, the Complaint should be dismissed with prejudice.

## BACKGROUND

### I. KANDI'S BUSINESS

Kandi designs and manufactures electric vehicles ("EV") and EV parts.  (Compl. ¶ 2.)[1] Kandi sold EV parts that it manufactured to a joint venture company (the "JV Company") in which Kandi held 50% interest.  (Compl. ¶ 48, 57.)   Kandi also took part in related-party transactions with a company called Zhejiang ZhoZhongYou Electric Vehicles Services Co., Ltd. (the "Service Company") "in which the Company has a 9.5% ownership, resulting in additional receivables due from the service company."  (Compl. ¶ 52.)  In selling parts to the JV Company, Kandi sought to benefit from EV subsidies provided by the Chinese government.  (Compl. ¶ 48.)

### II. THE RESTATEMENT

In March 2017, Kandi restated certain financial information – by way of its 2016 10-K – contained in its Proxy statements, 10-Q forms and 10-K forms released by Kandi between March 2015 and November 2016.[2]  (Compl. ¶¶ 23-45.)  The Restatement included:

- (1) "corrections to the classification of notes receivable and notes payable in the Company's statements of cash flow";

---

[1] Defendants dispute all the allegations made in the Complaint and reference them here only because they are relevant to this motion.

[2] Specifically, the Complaint identified the 10-K forms dated March 16, 2015 (the "2014 10-K") and March 14, 2016 (the "2015 10-K") and in its 10-Q disclosure forms dated August 10, 2015 ("the 2Q 2015 10-Q"), November 9, 2015 (the "3Q 2015 10-Q"), May 10, 2016 (the "1Q 2016 10-Q"), August 9, 2016 (the "2Q 2016 10-Q"), and November 9, 2016 (the "3Q 2016 10-Q") (together the 10-K and 10-Q disclosures mentioned are referred to as the "Financial Statements").

- (2) "revisions in the Company's financial statement presentation to separately identify certain related party accounts on the face of the Balance Sheets and the Consolidated Statements of Income (Loss) and Comprehensive Income (Loss)";

- (3) "certain amendments to Note 20 – Taxes of the Notes to the Company's Consolidated Financial Statements";

- (4) "the adjustment of previously recorded construction-in-progress back to prepayment in Note 16 - Construction-in-Progress of the Notes to the Company's Consolidated Financial Statements";

- (5) "expansions of two tables of sales to and purchases from the JV Company in Note 24 - Summarized Information of Investment in the JV Company of the Notes to the Company's Consolidated Financial Statements from two years to three years";

- (6) "the removal of "unaudited" labels from certain tables in Note 20 - Taxes of the Notes to the Company's Consolidated Financial Statements"; and

- (7) "separate audited financial statements for the Company's equity investment in the JV Company."

(Compl. ¶ 45) (quoting Kandi's Form 8-K, filed on March 13, 2017).  The Restatement had no effect on Kandi's net income as reported in the Financial Statements.  (Compl. ¶ 45.)

## III.    THE DISMISSED ACTION

On March 16, 2017, the first of three putative class action complaints was filed on behalf of Kandi shareholders in the United States District Court for the Southern District of New York – 3 of the 4 Individual Defendants named in the Dismissed Action have also been named in this action.[3]  These actions were consolidated and a Consolidated Amended Class Action Complaint ("CAC") was filed on August 31, 2018.  *See In re Kandi Techs.*, 2019 WL 4918649, at *1; Lomuscio Decl. Ex. D.  The initial complaints and the later CAC, as the Complaint does in this action, asserted claims for violations of Section 10(b), Rule 10b-5, and 20(a) of the Exchange

---

[3] The first complaint was filed on March 16, 2017, the second on April 21, 2017, and the third on April 26, 2017.  (*See* Declaration of Richard J.L. Lomuscio ("Lomuscio Decl.") Exs. A, B, C.)

4

Act based on the Restatement. *See In re Kandi Techs.*, 2019 WL 4918649, at \*1, \*6, \*8; (Lomuscio Decl. Exs. A ¶ 1, B ¶ 1, C ¶ 1.)  Among other things, plaintiffs in the Dismissed Action alleged that Defendants made false and misleading representations in the Financial Statements regarding the adequacy of internal controls and related-party transactions prior to the Restatement. *See In re Kandi Techs.*, 2019 WL 4918649, at \*2.  These are the same allegations being made here.  (Compl. ¶¶ 3, 42-43.)

On October 4, 2019, Judge Edgardo Ramos granted Kandi's motion to dismiss and dismissed the CAC pursuant to Fed. R. Civ. P. 12(b)(6), 9(b) and 15 U.S.C. §78u–4(b)(2). *See In re Kandi Techs.*, 2019 WL 4918649, at \*9.  In particular, the Court found that "[a]ccepting Plaintiffs' pleadings as true, they nevertheless fail to point to any specific fact that the Individual Defendants either 'knew or should have known' of the errors and omissions." *Id. at* \*6.  The Court found that no factual allegation had been made as to the "awareness of red flags regarding the misclassification in Kandi's financial reporting" by any specific defendant. *Id.*  The Court also held that, as it pertained to internal control and related party disclosures, "plaintiffs' argument that Defendants' awareness of some weak aspects of their internal controls, without more, necessarily suggest their awareness of other internal control problems and their impact on Kandi's financial statement is unpersuasive. *Id.* at \*7.  Additionally, the Court rejected the argument that "Kandi's restatements constitute an admission of falsity," noting that "the fact that Kandi's restatements had no impact on Kandi's corporate income severely undercuts an inference of fraud." *Id.* at \*8.  "As such, Plaintiffs' factual allegations have not specifically shown that Defendants were aware of any facts contradicting the statements regarding internal controls when made.  As such, the Court "[found] that Plaintiffs have failed to plausibly allege that Defendants' statements regarding internal controls were false when made." *Id.* at \*9.  The

5

CAC's claims regarding Section 20(a) were also dismissed, as "it is axiomatic that a Section 20(a) violation is derivative of liability for a Section 10(b) violation. *Id.*

## IV.    THE COMPLAINT

In June 2020, Plaintiff filed the Complaint and largely mimicked the Dismissed Action's allegations regarding the Restatement, supposedly false statements, and Defendants' knowledge.

### A.    The Restatement

Plaintiff alleges that "as set forth in" the Restatement, Kandi had "failed to disclose" in its previously issued Financial Statements that "certain areas in the Company's previously issued financial statements . . . required adjustment," and that "Kandi artificially inflated its reported revenues through undisclosed related-party transactions." (*Compare* CAC ¶¶ 20, 216, 264, 296 *with* Compl. ¶¶ 3, 42, 51-52.) Plaintiff also alleges, as did the CAC, that "as set forth" in the Restatement, Kandi "failed to disclose" that "the Company lacked effective controls over financial reporting" and that "as a result, Defendants' statements about the Company's business, operations, and prospects, were materially false and misleading . . . at all relevant times." (*Compare* CAC ¶¶ 20, 210, 274, 283, 286 *with* Compl. ¶¶ 3, 42.)

### B.    The Allegedly False Statements

Plaintiff alleges that Kandi made false and misleading statements when it falsely stated that it had effective internal controls in place in the same Financial Statements challenged in the Dismissed Action. (*Compare* CAC ¶¶ 11, 20, 104-107, 119, 126, 145, 156, 164 *with* Compl. ¶¶ 23-24, 28-29, 30, 32, 36-37, 38-39, 40-42.) Plaintiff also alleges, as did the CAC, that Kandi made false and misleading omissions in the Financial Statements that were the subjects of the Restatement because they "failed to disclose" that Kandi "artificially inflated its reported revenues through undisclosed related-party transactions" and that "a substantial amount of

Kandi's previous sales had been to undisclosed related parties" and that this led to inaccuracies in Kandi's statements and required adjustment to prior statements.  (*Compare* CAC ¶¶ 11, 20, 264 *with* Compl. ¶¶ 25, 29, 31 35, 42.)   Plaintiff alleges that these false and misleading statements were part of a "fraudulent scheme" designed to "artificially inflate the price of [Kandi's] common stock."  (*Compare* CAC ¶ 296 *with* Compl. ¶¶ 21, 76.)

### C.    Defendants' Alleged Knowledge

Plaintiff's allegations regarding Defendants' supposed knowledge also mirror those in the CAC from the Dismissed Action.

***Knowledge regarding Information in Financial Statements Concerning Related Party Transaction and Revenue.***  The Complaint alleges that "[d]uring the Class Period, the Individual Defendants, as senior executive officers and/or directors of the Company, were privy to confidential and proprietary information concerning the Company, its operations, financial condition, and present and future business prospects."  (*Compare* CAC ¶¶ 298-299 *with* Compl. ¶ 17.)  The Complaint, like the CAC, fails to specifically identify any document or other source of information available or provided to Defendants that revealed the falsity of the representations or omissions in the Financial Statements as to the reporting of related party transactions and revenue before the Financial Statements were issued.

***Knowledge regarding Internal Controls.***   Again parroting the CAC, the Complaint alleges that Defendants had knowledge of the allegedly false and misleading statements and omissions in the Financial Statements regarding Kandi's internal controls "because of their positions at the company," having "possessed the authority to control the contents of the Company's reports, press releases, and presentations."  (*Compare* CAC ¶¶ 298-299 *with* Compl. ¶ 17.)   The Complaint does not identify any document or other source of information that

7

Defendants received which informed them of issues with Kandi's internal controls at the time the Financial Statements were issued.

### D.        The Delaware Decision and the Short Report

The Complaint's only attempt to distinguish itself from the CAC is to include allegations regarding two events that indisputably post-date the Restatement and the filing of the Dismissed Action by more than three years – the Delaware Decision and the Short Report.  (Compl. ¶¶ 53-54, 56-59.)

***The Delaware Decision.***  On February 14, 2019, a Kandi shareholder filed a derivative action in the Delaware Chancery Court and the case remains pending.   (Compl. ¶¶ 53-54.) Contrary to Plaintiff's assertions (Compl. ¶¶ 53-54), the Delaware Decision, issued on April 27, 2020 addresses issue of whether the complaint in that action properly pled demand futility under Delaware law and has no bearing on the viability of the Complaint.  In particular, the Delaware Decision provides:

> The defendants observe that the March 2017 restatement had no effect on the Company's net income, and they point out that this argument carried significant weight in the federal securities action, where it undercut the inference of fraud.  For the purposes of *this* [Delaware] litigation . . . the plaintiff claims that the Company suffered incidental damages . . . at the pleading stage, this allegation is sufficient to support a claim for relief.

*Hughes*, 2020 WL 1987029 at *17 (emphasis added).

***The Short Report.***  Plaintiff's citation to the Short Report – issued in November 2020 more than three years after the Restatement by a firm with an acknowledged short position in Kandi (i.e., the firm "will profit if [Kandi's] stock price decreases") – is equally beguiling. (Compl. ¶¶ 56-60.)  The Complaint does not, and cannot, allege that Defendants had knowledge of the Short Report or its contents prior to the issuance of the Financial Statements because the

third-party Short Report by its own terms focuses on a period more than two years after the Restatement.  (Compl. ¶ 58 (stating that the Short Report references "Kandi's unnamed top customers" during "last *twelve months*" – *i.e.*, sales from November 2019 to November 2020) (emphasis added).)  Moreover, the Complaint confirms that the Short Report was published by a third party with no connection to Defendants and is not a statement by the Defendants.  (Compl. ¶¶ 56, 60.)  In fact, the only statements by any of the Defendants relating to the Short Report identified in the Complaint is a rebuttal issued by the Company refuting the Short Report's allegations.  (Compl. ¶ 60.)

## LEGAL STANDARD

A claim alleging a violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder must be dismissed under Rule 12(b)(6) if it is time-barred.  *See Schiro v. Cemex, S.A.B de C.V.*, 438 F. Supp. 3d 194, 200 (S.D.N.Y. 2020).  Additionally, Rule 12(b)(6) requires the dismissal of an action where the pleading fails to state a claim upon which relief may be granted.  *Bell Atl. Corp v. Twombly*, 550 U.S. 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 687 (2009).

*__Statute of Limitations.__*    Claims for violations of Sections 10(b) and 20(a) of the Exchange Act are time-barred unless they are filed within two years "after the discovery of the facts constituting the violation[.]"  28 U.S.C. §1658(b).  The "statute of limitations is intended to prevent [plaintiff] from unfairly surprising defendants by resurrecting stale claims," and "prevents such surprises by extinguishing a plaintiff's remedy after he has slept on his claim for a prolonged period of time."  *City of Pontiac Gen. Employees' Ret. Sys. V. MBIA, Inc.*, 637 F.3d 169, 175 (2d Cir. 2011) (internal citations omitted).  The two year statute of limitations begins to run when "a reasonable investor of ordinary intelligence would have discovered the existence of

the fraud[.]" *Schiro*, 438 F. Supp. 3d at 200. This occurs when "a reasonably diligent plaintiff would have sufficient information about [the facts] to adequately plead [them] in a complaint." *City of Pontiac*, 637 F.3d at 175.

**_Pleading Securities Fraud Claims._** To state a claim for violations of Sections 10(b) and 20(a) of the Exchange Act of 1934 and Rule 10b-5, a plaintiff must allege Defendants: "(1) made misstatements or omissions of material fact; (2) with scienter; (3) in connection with the purchase or sale of securities; (4) upon which plaintiffs relied; and (5) that plaintiffs' reliance was the proximate cause of their injury." *Lentell v. Merrill Lynch & Co.,* 396 F.3d 161, 172 (2d Cir.2005) (quoting *In re IBM Corp. Sec. Litig.,* 163 F.3d 102, 106 (2d Cir. 1998) (internal quotation marks omitted). These allegations must satisfy Rule 9(b) and the PSLRA. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). Rule 9(b) requires that the circumstances constituting fraud be stated with particularity, which means that the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F. 3d 1124 (2d Cir. 1994) (citation and quotation omitted).

The PSLRA similarly requires that:

> the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

15 U.S.C. §78u–4(b)(1).

Claims under both Section 10(b) and Rule 10b-5 require scienter – an intent to deceive, manipulate or defraud, to be proven. *Lentell,* 396 F.3d at 172; *Tellabs, Inc. v. Makor*

10

*Issues & Rights, Ltd.,* 551 U.S. 308, 319 (2007). To plead scienter, the PSLRA requires that the Complaint must "state with particularity facts giving rise to a *strong* inference that the defendant acted with" scienter at the time they made the alleged misrepresentations or omissions. 15 U.S.C. §78u–4(b)(2) (emphasis added.) "To qualify as 'strong' . . . an inference of scienter must be more than merely plausible or reasonable — it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc.,* 551 U.S. at 314. Plaintiff must allege facts "(1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Commc'ns, Inc.*, 493 F.3d at 99. Such facts must be alleged "with respect to each defendant." *In re Lions Gate Entm't Corp. Sec. Litig.*, 165 F. Supp. 3d 1, 22 (S.D.N.Y. 2016) (June 7, 2016).

In order to plead scienter based on motive and opportunity, Plaintiff must "allege that [Defendants] benefitted in some concrete and personal way from the purported fraud." *ECA v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) (citation and quotation omitted). Plaintiff must plead particularized facts that demonstrate a "unique connection between the fraud and the [personal benefits]." *Id.* at 201 n. 6. Plaintiff must also plead specific facts showing that the benefits "could be realized by one or more of the false statements and wrongful nondisclosures alleged." *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001) (citation quotation omitted).

When a plaintiff fails to allege motive, "the strength of [their] circumstantial allegations" of conscious misbehavior or recklessness generally must be "correspondingly greater." *ECA*, 553 F.3d 187, 198-99. To plead scienter based on conscious misbehavior, Plaintiff must allege "conduct. . . that is at the least highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known . . . or so

11

obvious that [Defendants] must have been aware of it." *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F.Supp.3d 340, 365-66 (S.D.N.Y. 2015), *aff'd* (Mar. 21, 2016). To plead scienter based on recklessness Plaintiff must "specifically allege defendants' knowledge of facts or access to information contradicting defendants' public statements, or allege that defendants failed to check information that they had a duty to monitor." *In re Express Scripts Holding Co. Sec. Litig.*, No. 16 CIV. 3338 (ER), 2017 WL 3278930, at *16 (S.D.N.Y. Aug. 1, 2017). "To the extent that [P]laintiffs assert that defendants had access to contrary facts, the complaint must specifically identify the reports or statements containing this information." *Id.* To allege that an omission was the result of conscious misbehavior or recklessness, the complaint must "sufficiently allege that the defendants acted with reckless disregard for a known or obvious duty." *In re Bank of Am. AIG Disclosure Securities Litigation,* 980 F. Supp. 2d, 564, 586 (S.D.N.Y. 2013).

With respect to falsity, "[a] violation of Section 10(b) and Rule 10b-5 premised on misstatements cannot occur unless an alleged material misstatement was false *at the time it was made.*" *In re Lululemon Sec. Litig.,* 14 F. Supp. 3d 553, 571 (S.D.N.Y. 2014), *aff'd,* 604 Fed.App'x. 62 (2d Cir. 2015) (emphasis in original). A statement by Defendants "believed to be true when made, but later shown to be false, is insufficient." *Id.* Under Rule 9(b) and the PSLRA, Plaintiff must "state with particularity . . . specific facts in support of [their] belief that [statements] were false when made." *Rombach v. Chang*, 355 F.3d at 172 (2nd Cir. 2004) (cited by *In re Lululemon Sec. Litig.,* 14 F.Supp. 3d at 571). An omission can only be considered actionable as "false" if Defendants were under a duty to disclose this information and failed to do so. *See Levitt v. J.P. Morgan Sec., Inc.*, 710 F.3d 454, 465 (2d Cir. 2013).

12

## ARGUMENT

The complaint should be dismissed because Plaintiff's claims are barred by the applicable statute of limitations and, alternatively, because the Complaint fails to state with particularly *any facts* which demonstrate that the Defendants acted with the requisite scienter and had knowledge of the falsity of the alleged misstatements or omissions contained in any of the financial statements.

## I.     PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUE OF LIMITATIONS.

The initial complaint in this action was filed on June 10, 2020 – more than *three years* after the Plaintiff and all other reasonable investors were put on notice of the claims asserted in the Complaint by the issuance of the Restatement on March 16, 2017 and the filing of the Dismissed Action on that same day.  This places the Complaint well outside the two-year statute of limitations that was triggered by the Restatement and is applicable to the securities fraud claims asserted here.  *See* 28 U.S.C. §1658(b).[4]  In fact, and even assuming the Complaint's claims are satisfactorily pled (they are not), the announcement of the Restatement in March 2017 put Plaintiff on notice of the alleged internal control issues and supposed misstatements in the Financial Statements.  *See Schiro*, 438 F. Supp. 3d 194, 200, 202 (S.D.N.Y. 2020) (holding that the filing of a Form 20-F which disclosed "a material weakness in our internal control over financial reporting" was held to provide "sufficient information regarding Defendants' alleged misconduct to file a complaint . . . and trigger the statute of limitations" because "the date by which Plaintiffs believe 'the truth [began] to emerge'" should be dispositive in the court's

---

[4] In addition to being barred by the statute of limitations, a number of the claims contained in the Complaint are also barred by the statute of repose applicable to securities fraud claims because more than five years have passed from the making of the challenged statements and the filing of the Complaint.  *See* 28 U.S.C. § 1658(b); *Merck & Co., Inc. v. Reynolds*, 559 U.S. 553, 650 (2010) (holding that the statute of repose is an "unqualified bar on actions instituted '5 years after such violation'").

determination of when a reasonable investor would have "discovered" any fraud.); *Donoghue v. Am. Skiing Co.*, 155 F. Supp. 2d 70, 75-76 (S.D.N.Y. 2001) (holding that the filing of Form 4 which allowed Plaintiff to "easily and quickly determine the nature" of allegedly fraudulent transactions started statute); *Dodds v. Signa Sec., Inc.*, 12 F.3d 346, 351 (2d Cir. 1993) (collecting cases in which "investors were held to be on constructive notice of fraud after they received numerous account statements and quarterly financial reports that disclosed the adverse information of which they later complained").

The filing of the Dismissed Action on the very same day of the Restatement – March 16, 2017 – also demonstrates that similarly situated investors had sufficient notice to pursue the very same claims based on the facts alleged therein, the same claims that Plaintiff refrained from pursuing until after the limitations period had run. (Lomuscio Decl. Exs. A, B, C.)[5] Accordingly, the Dismissed Action, "which preceded the instant suit by more than two years [and sets] forth in considerable detail many of the wrongs for which [Plaintiffs] now seek recovery" is sufficient to put Plaintiff on notice of the "financial shenanigans" alleged therein. *Armstrong v. McAlpin*, 699 F.2d 79, 88 (2d Cir. 1983). It is wholly disingenuous for Plaintiff to claim otherwise, especially when it is indisputable that the allegations here are nearly identical to

---

[5] Notably, the Dismissed Action was the subject of multiple press releases issued by counsel in March and April 2017. *See, e.g.,* Press Release, Gainey McKenna & Egleston, *Gainey McKenna & Egleston Announces A Class Action Lawsuit Has Been Filed Against Kandi Technologies Group, Inc.* (March 17, 2017), https://www.globenewswire.com/news-release/2017/03/17/940448/0/en/Gainey-McKenna-Egleston-Announces-A-Class-Action-Lawsuit-Has-Been-Filed-Against-Kandi-Technologies-Group-Inc-KNDI.html; *Press Release, Pomerantz LLP, SHAREHOLDER ALERT: Pomerantz Law Firm Announces the Filing of a Class Action against Kandi Technologies Group, Inc. and Certain Officers* (Apr. 27, 2017), https://www.globenewswire.com/news-release/2017/04/27/973806/0/en/SHAREHOLDER-ALERT-Pomerantz-Law-Firm-Announces-the-Filing-of-a-Class-Action-against-Kandi-Technologies-Group-Inc-and-Certain-Officers-KNDI.html.

those pursued in the dismissed action. (*Compare* CAC ¶¶ 11, 20, 264 *with* Compl. ¶¶ 21, 42.)[6] There is simply no justifiable excuse for Plaintiff's delay in pursuing his claims given the notice provided here.

In fact, the only significant difference between the CAC and the Complaint is the addition of references to the Delaware Decision issued in April 2020 and the Short Report published by investment firm Hindenburg Research in November 2020. (Compl. ¶¶ 54-56.) The Complaint, however, lacks any allegations that either the Delaware Decision or the Short Report reveal any information that was not available at the time of the Restatement or the filing of the Dismissed Action. The absence of such allegations and the fact that both the Delaware Decision and the Short Report post-date the Restatement and the Dismissed Action by more than three years demonstrate that Plaintiff cannot cure his failure to file a claim within the applicable two-year statute of limitations. *See, e.g.*, *Gavin/Solmonese LLC v. D'Arnaud-Taylor*, 639 F. App'x 664, 667 (2d Cir. 2016) (summary order) (statute of limitations begins to run when "a substantial portion of the information alleged in the complaint and integral documents was either known or freely available to investors"); *FirstBank Puerto Rico, Inc. v. La Vida Merger Sub, Inc.*, 638 F.3d 37, 39 (1st Cir. 2011) (argument that Plaintiff was not barred by statute of limitations because of later documents showing evidence of fraud "would not be germane [when] it is clear" that Plaintiff previously had actual notice of the "events that it thought were fraudulent," and later documents did not disclose any materially new information). Plaintiff also cannot ignore that it

---

[6] On a motion to dismiss, the Court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." *See, e.g.*, *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547, F.3d 406, 425 (2d Cir. 2008) (holding that judicial notice of prior litigation appropriate to determine whether a prior litigation put an investor on notice of fraud); *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2nd Cir. 2006); *Riddle v. PepsiCo, Inc.*, 440 F. Supp. 3d 358, 362 (S.D.N.Y. 2020).

would be temporally impossible for Defendants to have relied on events in 2020 (the Delaware Decision and the Short Report) in making statements that occurred as early as March 2015. *See Denny v. Barber*, 576 F.2d 465, 470 (2d. Cir. 1978) ("In sum, the complaint is an example of alleging fraud by hindsight. For the most part, plaintiff has simply seized upon disclosures made in later annual reports and alleged that they should have been made in earlier ones . . . failure to make such perceptions does not constitute fraud."); *Podany v. Robertson Stephens, Inc.*, 318 F. Supp. 2d 146, 156 (S.D.N.Y. 2004) ("The Second Circuit has firmly rejected this 'fraud by hindsight' approach.").

## II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD SCIENTER.

Plaintiff's Complaint does not "state with particularity facts giving rise to a strong inference that the Defendants acted with" scienter, 15 U.S.C. §78u–4(b)(2), because it does not particularize any fact showing that Defendants had "both motive and opportunity to commit fraud" or such conditions constituting "strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Commc'ns, Inc.*, 493 F.3d at 99.

### A. Plaintiff Does Not Plead Scienter Based on Motive and Opportunity.

Plaintiff does not plead scienter based on motive and opportunity as he does not "allege that [Defendants] benefitted in some concrete and personal way from the purported fraud." *ECA*, 553 F.3d at 198 (quotation omitted). It must be noted that Plaintiff makes no real claim as to how the Individual Defendants would have "personally" or "concretely" benefitted by any of the alleged acts or omissions detailed in the Complaint, only alleging that they "enabled the Company to obtain additional capital at favorable prices, create a public market for its common stock, and gain access to the public equity markets," as well as "artificially inflated" the Company's common stock prices. (Compl. ¶21.) This last motive has been "consistently

16

rejected as insufficient in securities fraud pleading." *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 196–97 (2d Cir. 2008).  And allegations of scienter that are "based on motives possessed by virtually all corporate insiders, including . . . the desire to . . . sustain the appearance of corporate profitability, or of the success of an investment" are similarly insufficient.  *Id.* (quotation and citation omitted.); *see also N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty. Ret. Ass'n v. MDC Partners, Inc.*, No. 15 CIV. 6034 (RJS), 2016 WL 5794774, at *20 (S.D.N.Y. Sept. 30, 2016), *appeal dismissed sub nom. N. Collier Fire Control v. MDC Partners Inc.*, No. 16-3727, 2017 WL 5201904 (2d Cir. Feb. 22, 2017) (plaintiff cannot plead motive to defraud by alleging goals possessed by virtually corporate insiders); *ECA*, 553 F.3d at 198.

The "kitchen sink" approach that Plaintiff takes by incorporating the entire Short Report into his complaint does nothing to remedy these substantive deficiencies, as, notwithstanding the fact that the Short Report is decidedly *not* a statement by the Company, the ultimate motives ascribed to Kandi therein are "rais[ing money] from U.S. investors," and "hyping its story to U.S. investors, in order to take advantage of regulatory gaps enabling China-based companies to siphon cash from U.S. capital markets."  (Compl. ¶ 57.)  These allegations are functionally equivalent to the motives rejected in *ECA*, *Teamsters Local*, and related Second Circuit caselaw – those that could be ascribed to "virtually all corporate insiders" and do not meet the criteria of making a particularized showing of specific facts to prove in order to avoid dismissal at the pleading stage. *ECA*, 553 F.3d at 201 n. 6; *Teamsters Local*, 531 F.3d at 196–97.

**B.      Plaintiff Does Not Plead Scienter Based on Strong Circumstantial Evidence of Conscious Misbehavior or Recklessness.**

Plaintiff does not plead scienter based on conscious misbehavior because he fails to allege "conduct . . . that is at the least highly unreasonable and which represents an extreme

17

departure from the standards of ordinary care to the extent that the danger was either known . . . or so obvious that [Defendants] must have been aware of it." *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F.Supp.3d at 365-66 (citation and quotation omitted). Nor does Plaintiff allege scienter based on recklessness, as he does not "specifically allege defendants' knowledge of facts or access to information contradicting defendants' public statements, or allege that defendants failed to check information [that] they had a duty to monitor." *In re Longtop Fin. Tech. Ltd. Sec. Litig.*, 910 F. Supp. 2d 561, 574 (S.D.N.Y. 2012); *In re Express Scripts Holding Co. Sec. Litig.*, 2017 WL 3278930, at *16.

To the extent that "[P]laintiffs contend defendants had access to contrary facts, [the complaint] must specifically identify the reports or statements containing this information." *Id.* Plaintiff's only material reference to this standard is that "the Individual Defendants had access to non-public information about the Company's business . . . . Because of their possession of such information, the Individual Defendants knew, or were deliberately reckless in not knowing, that the adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public." (Compl. ¶ 17.) It is well established, however, that "[t]o the extent that [P]laintiffs assert that defendants had access to contrary facts, the complaint must specifically identify the reports or statements containing this information." *Longtop*, 910 F. Supp. 2d at 574–575; *In re Express Scripts Holding Co. Sec. Litig.*, 2017 WL 3278930, at *16. A conclusory statement that does not "specifically allege" such knowledge or information within the control of Defendants does not accomplish this task. *Id.*

### 1. Conclusory Allegations Regarding Defendants' Positions at Kandi Does Not Plead Conscious Misbehavior or Recklessness.

As alluded to previously, Plaintiff alleges that Defendants had knowledge of its purported misrepresentations "because of their positions within the Company," rendering them "privy to"

18

unspecified "confidential and proprietary information concerning the Company." (Compl. ¶ 17.) In order to establish an inference of scienter, however, "Plaintiffs must do more than allege that [Defendants] had or should have had knowledge of certain facts contrary to their public statements simply by virtue of their high-level positions." *PetroChina*, 120 F. Supp. 3d at 366; *see also In re Nokia Oyj (Nokia Corp.) Sec. Litig.*, 423 F. Supp. 2d 364, 406 (S.D.N.Y. 2006) (allegations that defendants knew or should have known they made misrepresentation based on their senior positions were insufficient to establish scienter"); *In re Aegon N.V. Sec. Litig.*, No. 03 Civ. 0603, 2004 WL 1415973, at *17 (S.D.N.Y. June 23, 2004) (same). Plaintiff has failed to do so here.

### 2.    Plaintiff's Allegations Regarding the Financial Statements, Even in Light of the Short Report and Delaware Action, Do Not Plead Conscious Misbehavior or Recklessness.

Plaintiff's allegations concerning Defendants failure to disclose information in the Financial Statements regarding related-party transactions that was addressed the Restatement do not plead conscious misbehavior or recklessness because it is well established that the mere "fact that [a corporation] was required . . . to restate several periods' financial results . . . [does not] indicate that the [D]efendants had previously made false statements with scienter." *Plumbers and Pipefitters Local Union No. 719 Pension Trust Fund v. Conseco Inc.*, No. 09 Civ. 6966, 2011 WL 1198712, at *22 (S.D.N.Y. March 30, 2011). The size or scope of Kandi's restatement (which did not alter its reported net income) in no way alters this conclusion. *See Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 596-97 (S.D.N.Y 2011) (alleged accounting errors requiring 72% reduction in net income did not raise inference of scienter). Moreover, the Complaint contains no particularized allegation that demonstrates that Defendants had knowledge that information in the Financial Statements regarding related-party transaction was incorrect at the

19

time they were issued.  Nor does the Complaint contain a specific allegation demonstrating that Defendants knew that issues with the Financial Statements needed to be disclosed prior to the Restatements.

Plaintiff's misplaced reliance on the Delaware Decision, which, as an initial matter, concerns distinct state court claims in a different jurisdiction, does nothing to change the fact that he has not pled particularized facts supporting conscious misbehavior or recklessness concerning the Financial Statements.  Whereas, in the Delaware action, the fact that the Restatement had no noted effect on the Company's net income was not material as the Plaintiff had alleged causes of action allowing for claims of incidental damages, in the action here, as the Chancery Court itself states in its decision, "this argument carried significant weight in the federal securities action, where it undercut the inference of fraud."  *Hughes*, 2020 WL 1987029, at *17; *See also In re Kandi Techs*, 2019 WL 4918649, at *8 ("[T]he fact that Kandi's restatements had no impact on Kandi's corporate *income severely undercuts an inference of fraud*.") (emphasis added).  Indeed, courts have generally only found evidence of recklessness when a restatement has a material impact on income. *See, e.g.*, *Plumbers & Pipefitters*, 2011 WL 1198712, at *22 (restatement that had only a modest impact on corporate income not sufficient to establish scienter).  Additionally, whereas the court in the Delaware Action's overall inquiry was to determine whether there was a "*reasonable* doubt" as to a majority of Kandi directors that the "Demand Board could [not] have validly considered a litigation demand," here, the burden is squarely on Plaintiff to allege particular facts such to create a "strong" inference of scienter that is "*more* than merely plausible or *reasonable*" and "cogent and at least as compelling as any inference of nonfraudulent intent." *Tellabs, Inc.*, 551 U.S. at 314 (emphasis added); *see also Hughes*, 2020 WL 1987029, at *12–13.

20

Plaintiff's citation to the Short Report is similarly unavailing.  The Short Report consists solely of speculation from a third-party investor and incorporates only previously available public statements by the company.  (Compl. ¶ 56.)  Nor is the Report a statement from the Company with any hand in authorship from any of the Individual defendants.  (Compl. ¶ 56.)  Notably, Plaintiff also does not allege that the Chairman's letter that was published in response to the Report contains any materially misleading statements.  (Compl. ¶ 60.)  Lastly, the Report was published on November 30, 2020,  and Chairman Hu's response to the Report was published on December 7, 2020, more than two and a half years after Kandi restated its financials.  (Compl. ¶¶ 55, 56, 60.)  Therefore, the Short Report adduces no additional facts correcting this deficiency in pleading as it relates to evidence of conscious misbehavior or recklessness.

### 3.    The Complaint Does Not Contain Sufficient Allegations Concerning Knowledge of Control Issues When the Financial Statements Were Made.

Plaintiff additionally bears the burden to "specifically allege . . . knowledge of facts or access to information" that would have put Defendants on notice of any issues with respect to Kandi's internal controls relating to the alleged misstatements and omissions *at the time* the Financial Statements were issued.  *See In re Express Scripts Holding Co. Sec. Litig.*, 2017 WL 3278940, at \*16.  Plaintiff's conclusory allegations that "[b]ecause of their positions within the company, the Individual Defendants . . . knew or were deliberately reckless in not knowing, that [certain] adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public" do not meet this particularized requirement.  *Rombach*, 355 F.3d at 174 (holding that conclusory allegations of falsity are not sufficient because a party "must demonstrate with specificity why and how that is so").

21

### C.    Plaintiff Does Not Plead A "Strong" Inference of Scienter.

Even if Plaintiff did allege facts with particularity that demonstrate scienter (which he does not), he still fails to state a claim because he has not demonstrated that any such inference is "strong" 15 U.S.C. §78u–4(b)(2).  An inference of fraud must be "more than merely plausible or reasonable" and must also be "cogent and at least as compelling as any opposing inference of nonfraudulent intent."  *Tellabs, Inc.*, 551 U.S. at 314.  Whereas the allegations supporting an inference of scienter contained in the Complaint are speculative at best, the Complaint outlines a number of particulars that demonstrate that Defendants did not act with fraudulent intent. Among these are: (i) Kandi's net income did not change as a result of the Restatement (Compl. ¶ 47); (ii) Kandi's clarification of its related transactions (which were carried out at arm's-length) in 2016 (¶¶ 51-52); and (iii) Kandi's disclosure of problems with internal controls, as well as the plans it outlined to fix them (Compl. ¶¶ 45, 49).  If these facts give rise to any presumption, it is that Defendants did *not* intend to defraud.  As such, Plaintiff has failed to plead scienter and the Complaint should be dismissed.

### III.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FALSITY.

The Complaint should also be dismissed because Plaintiff do not adequately plead falsity as to Defendants' alleged misrepresentations and omissions regarding internal controls nor regarding related-party transactions by alleging facts that Defendants knew that these statements were false "at the time [they were] made."  *In re Lululemon Sec. Litig.,* 14 F.Supp.3d at 571. Plaintiff "fails the tests of Rule 9(b) and the PSLRA" because they do not "state with particularity . . . specific facts in support of [their] belief that [statements regarding internal controls] were false when made."  *Rombach*, 355 F.3d at 172.

Plaintiff's insinuation that Kandi's issuance of the Restatement somehow constitutes an admission of falsity is inapposite, especially given that, as previously mentioned, the Restatement had no impact on Kandi's corporate income. *See In re Magnum Hunter Res. Corp. Sec. Litig.*, 26 F. Supp. 3d 278, 285 (S.D.N.Y. 2014) (holding that falsity not established simply by restatement of "modest size"). This rationale also applies to Plaintiff's tacked-on inclusion of Kandi's 2017 10-K as part of the Complaint; the fact that "certain control deficiencies" may have existed at Kandi is completely separate and apart from his requirement to plead with particularity that the Defendants had knowledge to or access to documents relating to any misstatements or omissions at the time those documents were made. *See In re Express Scripts*, 2017 WL 3278940, at *16. In fact, this should give rise to the assumption that the conclusions regarding controls were made in view of information obtained by Kandi *after* the statements were made. *See Denny v. Barber*, 576 F.2d 465, 470 (2d Cir. 1978) (holding that later disclosure was not sufficient evidence of misstatements in original disclosures sufficient to survive a motion to dismiss, as "fraud by hindsight" is not a basis on which to plead securities fraud). Nor does the Complaint specifically allege facts showing that Defendants had any duty to disclose or correct these things before the 2016 10-K was issued. In fact, no duty to correct arose until Defendants learned that any prior statement was "misleading when made." *In re Int'l Bus. Machines Corp. Sec. Litig.*, 163 F.3d 102, 109 (2d Cir. 1998).

Plaintiff's additional references to the Short Report offer no "new" or revelatory information or otherwise demonstrate that Defendants were aware of anything false in the Financial Statements. The Short Report was not a financial statement from Kandi, and Plaintiff does not allege that the Short Report, nor the Company's response, contains any knowingly or recklessly false statements. (Compl. ¶¶ 56, 60.) Additionally, the report simply consists of a

23

repackaging of previously known facts about the Company, (Compl. ¶ 57), with some additional speculation based on phone books and office proximity (Compl. ¶¶ 58-59).   None of the allegations contained therein are sufficient to (or even attempt to) show that any of the Financial Statements which form the basis of Plaintiff's claims were made or endorsed by the Individual Defendants with knowledge or access to knowledge concerning their falsity.   *See, e.g., Hutchinson Tech., Inc. Sec. Litig.*, 536 F.3d 952, 962 (8th Cir. 2008) ("The mere existence of an SEC investigation does not . . . add an inference of scienter."); *Glaser v. The9, Ltd.*, 772 F. Supp. 2d at 598 ("resignations, without some indicia of highly unusual or suspicious circumstances, are insufficient."); *Podany v. Robertson Stephens, Inc.*, 318 F. Supp. 2d 146, 158 (S.D.N.Y. 2004) ("allegations concerning similar schemes do not allege fraud in a given case with the requisite particularity").   Thus, taken on the whole, Plaintiff has failed to plead falsity.

## IV.   PLAINTIFF'S SECTION 20(A) CLAIMS SHOULD BE DISMISSED.

The Section 20(a) claims for control person liability against the Individual Defendants should also be dismissed for failure to state a clam.   A claim for control person liability must allege "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *ATSI Commc'ns, Inc.,* 493 F.3d 87 at 108.   As set forth above, the Complaint fails to show a primary violation by the Defendants for the reasons discussed above. The Complaint also fails to allege that any Individual Defendant was a "culpable participant" in the alleged fraud, as it does not adequately plead scienter with particularity.   *See, e.g., Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 435 (S.D.N.Y. 2010).   Consequently, Plaintiff has failed to state a Section 20(a) claim.

24

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an Order granting its motion and dismissing the Complaint in its entirety.

Respectfully submitted,

Dated:   March 9, 2020
         New York, New York

RIKER DANZIG SCHERER HYLAND
   & PERRETTI LLP

By: _____
     Richard J.L. Lomuscio

500 Fifth Avenue, 49th Floor
New York, NY 10110
t: (212) 302-6574
f: (212) 302-6628
rlomuscio@riker.com

*Attorneys for Defendants Kandi Technologies Group, Inc., Xiaoming Hu, Cheng Wang, Bing Mei, Liming Chen, Jerry Lewin, and Henry Yu*

25