**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SRINIVASAN VENKATARAMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>    vs.<br><br>KANDI TECHNOLOGIES GROUP, INC., XIAOMING HU, CHENG WANG, BING MEI, LIMING CHEN, JERRY LEWIN, AND HENRY YU,<br><br>    Defendants. | Case No. 1:20-cv-08082-LGS |

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS**

---

Richard J.L. Lomuscio
RIKER DANZIG SCHERER HYLAND
  & PERRETTI LLP
500 Fifth Avenue, 49th Floor
New York, NY 10110
(212) 302-6574

*Attorneys for Defendants Kandi
Technologies Group, Inc., Xiaoming
Hu, Cheng Wang, Bing Mei, Liming
Chen, Jerry Lewin, and Henry Yu*

# TABLE OF CONTENTS

**Page**

ARGUMENT...................................................................................................................................1

I.     PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE
OF LIMITATIONS....................................................................................................................1

II.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF
FAILS TO PLEAD SCIENTER. ..............................................................................................4

     A. Plaintiff Does Not Plead Motive and Opportunity.............................................................4

     B. Plaintiff Does Not Plead Conscious Misbehavior or Recklessness ...............................5

     C. Plaintiff Does Not Plead A "Strong" Inference of Scienter ...........................................9

III.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF
FAILS TO PLEAD FALSITY...................................................................................................9

IV.   PLAINTIFF'S SECTION 20(A) CLAIM SHOULD BE DISMISSED ...........................10

CONCLUSION............................................................................................................................10

**Cases**                                                                    **Pages(s)**

*Arco Cap. Corp. v. Deutsche Bank AG*,
    986 F. Supp. 2d 296 (S.D.N.Y. 2013)............................................................ 4

*Caiafa v. Sea Containers Ltd.*,
    525 F. Supp. 398 (S.D.N.Y. 2007) ................................................................ 6

*Charles Schwab Corp. v. Bank of Am. Corp.*,
    883 F.3d 68 (2d Cir. 2018)........................................................................ 3, 4

*City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*,
    637 F.3d 169 (2d Cir. 2011)......................................................................... 4

*Cohen v. Stevanovich*,
    722 F.Supp. 2d 416 (S.D.N.Y. 2010)........................................................... 10

*Coronel v. Quanta Capital Holdings Ltd.*,
    No. 07 CIV. 1405 (RPP), 2009 WL 174656 (S.D.N.Y. Jan. 26, 2009)..................... 5

*ECA v. JP Morgan Chase Co.*,
    553 F.3d 187 (2d Cir. 2009).......................................................................... 4

*Fresno Cty. Employees' Ret. Ass'n v. comScore, Inc.*,
    268 F. Supp. 3d 526 (S.D.N.Y. 2017)......................................................... 6, 8

*Gavin/Solomonese LLC v. D'Arnaud-Taylor*,
    68 F. Supp. 3d 530 (S.D.N.Y. 2014).............................................................. 2

*Glaser v. The9, Ltd.*,
    772 F. Supp 573 (S.D.N.Y. 2011) ................................................................. 8

*Hall v. The Children's Place Retail Stores, Inc.*,
    580 F. Supp. 2d 212 (S.D.N.Y. 2008)............................................................ 8

*Ho v. Duoyan Global Water*,
    887 F. Supp. 2d 547 (S.D.N.Y. 2012)............................................................ 9

*Hopkinson v. Est. of Siegal*,
    No. 10 CIV. 1743 LBS, 2011 WL 2935876 (S.D.N.Y. July 12, 2011) ...................... 2

*Hughes v. Xiaoming Hu, et al.*,
    No. CV 2019-0012-JTL, 2020 WL 1987029 (Del. Ch. Apr. 27, 2020) ..................... 3

*In re Atlas Air*,
    324 F. Supp. 474 (S.D.N.Y. 2004) ............................................................. 6, 7

*In re Bank of Am. AIG Disclosure Securities Litigation*,
    980 F.Supp.2d, 564 (S.D.N.Y. 2013).............................................................. 5

*In re Express Scripts Holding Co. Sec. Litig.*,
    No. 16 CIV. 3338 (ER), 2017 WL 3278930 (S.D.N.Y. Aug. 1, 2017) ...................... 5

*In re Kandi Techs. Grp., Inc. Sec. Litig.*,
    No. 17 CIV. 1944 (ER), 2019 WL 4918649 (S.D.N.Y. Oct. 4, 2019) ...................... 6

*In re PXRE Grp., Ltd., Sec. Litig.*,
   600 F. Supp. 2d 510 (S.D.N.Y. 2009)..................................................................................... 5

*In re Rockwell Med., Inc. Sec. Litig.*,
   No. 16 CIV. 1691 (RJS), 2018 WL 1725553 (S.D.N.Y. Mar. 30, 2018) ................................... 7

*In re SAIC Inc. Derivative Litig.*,
   948 F. Supp. 2d 366 (S.D.N.Y. 2013)..................................................................................... 7

*In re Scot. Re Grp. Sec. Litig.*,
   524 F. Supp. 2d 370 (S.D.N.Y. 2007)..................................................................................... 9

*In re Wachovia Equity Sec. Litig.*,
   753 F. Supp. 2d 326 (S.D.N.Y. 2011)..................................................................................... 7

*Janus Cap. Grp. Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011)............................................................................................................ 10

*Lighthouse Fin. Grp. v. Royal Bank of Scotland Grp., PLC*,
   902 F. Supp. 2d 329 (S.D.N.Y. 2012)..................................................................................... 4

*Merck & Co. v. Reynolds*,
   559 U.S. 633 (2010).............................................................................................................. 2

*Plumbers & Pipefitters Nat'l Pension Fund v. Davis*,
   No. 1:16-CV-3591-GHW, 2020 WL 1877821 (S.D.N.Y. Apr. 14, 2020) ................................ 8

*Rombach v. Chang*,
   355 F.3d, 164 (2d Cir. 2004)................................................................................................. 9

*Schiro v. Cemex, S.A.B. de C.V.*,
   438 F. Supp. 3d 194 (S.D.N.Y. 2020)..................................................................................... 2

*Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*,
   531 F.3d 190 (2d Cir. 2008)................................................................................................... 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2008).............................................................................................................. 9

*Thomas v. Shiloh Indus., Inc.*,
   No. 15-CV-7449 (KMW), 2017 WL 1102664 (S.D.N.Y. Mar. 23, 2017) ............................... 9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   672 F. Supp. 2d 596 (S.D.N.Y. 2009)..................................................................................... 6

*Washington State Inv. Bd. v. Odebrecht S.A.*,
   461 F. Supp. 3d 46 (S.D.N.Y. 2020)....................................................................................... 3

*Welch v. Havenstein*,
   553 F. App'x 54 (2d Cir. 2014)............................................................................................... 7

**Statutes**

15 U.S.C. §78u– 4(b)(2) ............................................................................................................. 4

## ARGUMENT

Nothing in Plaintiff's[1] opposition brief (the "Opposition or "Opp.") salvages the Complaint's failure to plead violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. Instead, the Opposition reinforces that all Plaintiffs have done here is recast securities claims that were previously rejected by another Judge in this District and attempted to reclassify them as "new" by referring to the so-called Short Report issued in November 2020 – long after the issuance of the 2015 and 2016 financial statements challenged here – by non-parties with an acknowledged trading position who would benefit from the decline in Kandi's stock price.

Plaintiff cannot resurrect his untimely claims by mischaracterizing Defendants' statute of limitations argument. Not once did Defendants argue for application of a "notice inquiry" standard. Rather, Plaintiff's own allegations reveal that he was aware of all of the relevant facts that form the backbone of this lawsuit at the time the Dismissed Action was filed on March 16, 2017. And, even if the claims were somehow timely, Plaintiff simply cannot obscure that his allegations lack the particularity necessary to avoid dismissal. Accordingly, the Complaint should be dismissed because Plaintiff's claims are untimely and legally deficient.

## I.    PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

Contrary to Plaintiff's assertion (Opp. at 11), Defendants are _not_ contending that the statute of limitations was triggered solely because Plaintiff was put on "inquiry notice." In fact, Defendants agree with Plaintiff on the standard that applies in this case (_compare_ Def. Br. at 10-11 _with_ Opp. at 11) – "the limitations period does not begin to run until the plaintiff thereafter _discovers or a reasonably diligent plaintiff would have discovered_ 'the facts constituting the

---

[1]  All capitalized and/or abbreviated terms shall have the same meanings as set forth in Defendants' moving brief ("Opening Brief" or "Def. Br.").

violation,' including scienter—irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010) (emphasis added). Under *Merck,* Plaintiff's claims are time-barred because he actually discovered (or should have discovered had he been reasonably diligent) these facts when the Restatement was announced and the Dismissed Action was filed – both of which predate his Complaint by more than two years. (Def. Br. at 15-16.)

Despite Plaintiff's protestations (Opp. at 12), Defendants clearly identified how and when Plaintiff discovered or should have discovered the facts triggering the start of the limitations period – the announcement of the Restatement and the filing of the Dismissed Action on March 16, 2017. (Def. Br. at 13.) Courts in this district have held that corporate disclosures such as the Restatement constitute "sufficient information regarding Defendants' alleged misconduct to file a complaint . . . and trigger the statute of limitations." *See Schiro v. Cemex, S.A.B. de C.V.*, 438 F. Supp. 3d 194, 202 (S.D.N.Y. 2020).[2] And, even Plaintiff acknowledges that "the truth beg[an] to emerge" when the Company announced the Restatement. (Opp. at 5; Compl. ¶¶ 45-48.)

Previously filed lawsuits such as the Dismissed Action similarly start the limitations period. *See Hopkinson v. Est. of Siegal*, No. 10 CIV. 1743 LBS, 2011 WL 2935876, at *1 (S.D.N.Y. July 12, 2011) (holding that a complaint filed in another action was "sufficient to put Plaintiff on notice of the fraud" for statute of limitations purposes); *Gavin/Solomonese LLC v. D'Arnaud-Taylor*, 68 F. Supp. 3d 530, 535-36 (S.D.N.Y. 2014) (holding that "in a statute of limitations analysis governed by *Merck* . . . the filing of related lawsuits, news articles and

---

[2]  Plaintiff's attempt to distinguish *Schiro* by arguing that that case involved company disclosures "that senior executives of its subsidiaries had paid bribes" is unavailing. (Opp. Brief at 13, n.2.)  In fact, the court in *Schiro* "disagree[d]" that the company admitted bribes were made and instead held that the statute of limitations began to run based on that company's disclosure of a "material weakness in [its] internal control."  *Schiro*, 438 F. Supp. at 201.

analyst's reports, and prospectuses, quarterly reports, and other information related to [plaintiff's] investments" provide actual notice). In fact, even a cursory comparison of the Dismissed Action complaints with the Complaint demonstrate that Plaintiff was aware of the very same facts, including as to scienter, alleged here. (*Compare* Ex. A ¶¶ 4, 46; Ex. B ¶¶ 4, 51 Ex. C. ¶ 4, 61 *with* Compl. ¶¶ 21, 42.) The existence of nearly identical complaints wholly distinguishes this case from the authority relied on by Plaintiff where the publicly available documents were too general to trigger limitations notice. *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 94 (2d Cir. 2018) ("Defendants do not identify which allegations in which 'widely publicized lawsuits' would have enabled Schwab to state its own viable claims[.]"); *Washington State Inv. Bd. v. Odebrecht S.A.*, 461 F. Supp. 3d 46, 61 (S.D.N.Y. 2020) (holding that material relied on did "not disclose information [alleged by Plaintiffs] concerning Defendants' scienter").

Moreover, Plaintiff does not seriously dispute that both the Short Report and the Delaware Decision fail to constitute "new" information sufficient to render his claims timely. (Opp. at 12-13.) The Short Report is largely a regurgitation of publicly available information about Kandi that sheds no new light on the Restatement first challenged in the Dismissed Action and, in any event, was released more than five months *after* the Complaint was filed. The Delaware Decision likewise provides no additional factual information regarding the Restatement at the heart of the Complaint and indisputably applies a different standard than applicable to federal securities cases such as this one. *See Hughes v. Xiaoming Hu, et al.*, No. CV 2019-0012-JTL, 2020 WL 1987029, at *17 (Del. Ch. Apr. 27, 2020) (holding that the Restatement's lack of impact on corporate income "carried significant weight in the federal securities action, where it undercut the inference of fraud".)

3

Finally, Plaintiff incorrectly suggests that Defendants cannot argue that the claims here are time-barred because Defendants separately contest the adequacy of the pleadings.  (Opp. at 10-11 (citing *City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 175 (2d Cir. 2011) and *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 95 (2d Cir. 2018)).) This is incorrect.  Courts in this District routinely dismiss complaints as being time-barred while also analyzing whether they satisfy securities law pleading standards.  *See Arco Cap. Corp. v. Deutsche Bank AG*, 986 F. Supp. 2d 296, 303-304 (S.D.N.Y. 2013) (holding that a securities complaint was both time barred and failed to state a claim); *Lighthouse Fin. Grp. v. Royal Bank of Scotland Grp., PLC*, 902 F. Supp. 2d 329, 346, 348 (S.D.N.Y. 2012) (same).  Adopting Plaintiff's position would mean that the limitations period could be extended indefinitely simply by filing deficient complaints.  *See Pontiac* 637 F.3d. at 175 ("[The] statute of limitations is intended to prevent [plaintiff] from unfairly surprising defendants by resurrecting stale claims," and "prevents such surprises by extinguishing a plaintiff's remedy after he has slept on his claim for a prolonged period of time.")

## II.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD SCIENTER.

Plaintiff's Opposition, like the Complaint, does not identify *any* facts "stated with particularity" that create a "strong inference" that Defendants acted with scienter with respect to any of the alleged misrepresentations or omissions.  15 U.S.C. §78u– 4(b)(2).

### A.    Plaintiff Does Not Plead Motive and Opportunity.

Plaintiff's Opposition confirms that he has not pled scienter by motive and opportunity because there is no allegation "that [Defendants] benefitted in some concrete and personal way from the purported fraud." *ECA v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009)

(quotation omitted).   Indeed, Plaintiff's Opposition confirms that the supposed acts and omissions complained of generally "enabled the Company to obtain additional capital at favorable prices, create a public market for its common stock, and gain access to the public equity markets," as well as "artificially inflated" the Company's common stock prices.  (Compl. ¶21.)  But these are motives "possessed by virtually all corporate insiders" that do not establish scienter.  *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 196–97 (2d Cir. 2008).

**B.      Plaintiff Does Not Plead Conscious Misbehavior or Recklessness.**

Plaintiff's Opposition does not identify any paragraph in the Complaint that "specifically allege[s] [D]efendants' knowledge of facts or access to information contradicting defendants' public statements, or alleges that defendants failed to check information that they had a duty to monitor," *In re Express Scripts Holding Co. Sec. Litig.*,  No. 16 CIV. 3338 (ER), 2017 WL 3278930, at \*16 (S.D.N.Y. Aug. 1, 2017), or alleges "that the [D]efendants acted with reckless disregard for a known or obvious duty" to disclose information.  *In re Bank of Am. AIG Disclosure Securities Litigation*, 980 F.Supp.2d, 564, 586 (S.D.N.Y. 2013).  Simply put, Plaintiff does not "particularize how and why each [D]efendant actually knew, or was reckless in not knowing, that the statements were false at the time made." *Coronel v. Quanta Capital Holdings Ltd.*, No. 07 CIV. 1405 (RPP), 2009 WL 174656, at \*30 (S.D.N.Y. Jan. 26, 2009) (citation and quotation omitted), by demonstrating "that [1] *specific* contradictory information was available to the defendants [2] *at the same time* they made [any of these] misleading statements." *In re PXRE Grp., Ltd., Sec. Litig.*, 600 F. Supp. 2d 510, 536 (S.D.N.Y. 2009) (citations and quotations omitted) (emphasis in original).

**The Complaint's reliance on supposed internal control deficiencies and the Restatement to plead scienter is misplaced.**  Plaintiff's attempt to argue that the "Company's internal control deficiencies . . . support a strong inference of scienter" because Kandi restated the underlying financial statements and admitted in the Restatement to having weak financial controls (Opp. at 20) fails to address the fatal defect in his pleading regarding the Restatement: it did not affect Kandi's reported income.  In fact, another judge in this District addressing parallel claims regarding this same Restatement, held that "courts have only found evidence of recklessness when the restatements had some impact on income."  *In re Kandi Techs. Grp., Inc. Sec. Litig.*, No. 17 CIV. 1944 (ER), 2019 WL 4918649, at *6 (S.D.N.Y. Oct. 4, 2019).  Unlike here, in all of the cases cited by Plaintiff where restatements supported a pleading stage inference of conscious misbehavior or recklessness, the restatement had an impact on net corporate income.  *See, e.g., Fresno Cty. Employees' Ret. Ass'n v. comScore, Inc.*, 268 F. Supp. 3d 526, 545 (S.D.N.Y. 2017) (revenue numbers "were improperly inflated by $43.2 million"); *Caiafa v. Sea Containers Ltd.*, 525 F. Supp. 398, 406, 410 (S.D.N.Y. 2007) (restatement reduced company's gains by $10.3 million); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 672 F. Supp. 2d 596, 608 (S.D.N.Y. 2009) ("the Court takes into account Plaintiff's allegations that the accounting violations caused [Defendant's] 2007 income to be overstated by 133%); *In re Atlas Air*, 324, F. Supp. 474, 489 (S.D.N.Y. 2004) (collecting cases where restatements impacted corporate income).  Additionally, in these cases, the court generally relied on other evidence in the record showing the possession of contrary facts by a plaintiff *as well as* the impact of the restatement on corporate income in order to sustain a pleading-stage finding of scienter.  *See, e.g., Varghese*, 672 F. Supp. 2d at 596 (control issues that evidenced scienter were disclosed in the *same financial disclosures* that were restated, making defendants "aware of the deficient

6

controls" and that "flaws were likely influencing financial results" when the alleged misrepresentations were made"); *In re Atlas Air*, 324 F. Supp. 2d at 486 (confidential witness specifically alleged that a named defendant was in the results of a specific corrected inventory). Plaintiff's allegations here fail to meet the pleading-stage threshold as to the Restatement.

**The "core operations doctrine" does not create an inference of scienter.**   In "the securities context, courts have questioned the continued vitality of [the 'core operations doctrine'] under the PSLRA." *In re SAIC Inc. Derivative Litig.*, 948 F. Supp. 2d 366, 384 (S.D.N.Y. 2013); *Welch v. Havenstein*, 553 F. App'x 54 (2d Cir. 2014) (holding that "the plain language of the PSLRA . . . would seem to limit the force of general allegations about core company operations"); *In re Wachovia Equity Sec. Litig.,* 753 F. Supp. 2d 326, 353 (S.D.N.Y. 2011).   As a result of these doubts as to the doctrine's continuing import, the core operations inference "may be considered 'as part of [a court's] holistic assessment of the scienter allegations,' [but] it is not 'independently sufficient to raise a strong inference of scienter." *In re Rockwell Med., Inc. Sec. Litig.*, No. 16 CIV. 1691 (RJS), 2018 WL 1725553, at *14–15 (S.D.N.Y. Mar. 30, 2018) (quoting *Shemian,* 2013 WL 1285779, at *18).   Because no other allegations in the Complaint create an inference of scienter, allegations relating to Kandi's core operations are "far from sufficient, standing alone, to raise a strong inference of scienter" in this case. *In re Rockwell Med., Inc. Sec. Litig.*, 2018 WL 1725553, at *15.

**The Company's December 2020 response to the Short Report does not support an inference of scienter.**   Plaintiff mistakenly argues that the Company's December 2020 response to the Short Report "add[s] to the strong inference of scienter alleged" simply it "attempted to dispute the findings contained in the [Short] Report."  (Opp. at 22.)  The Short Report, however, only concerned the "last twelve months (LTM) sales", which took place in 2019 and 2020, long

after the Restatement was announced in 2017.  (Opp. at 8-9, Compl. ¶¶ 58-61.)  The Company's

December 2020 response also does not even address the misrepresentations alleged in the

Complaint and therefore cannot constitute the "admissions of misrepresentations" a later

statement must contain in order to "adequately infer scienter."  *Hall v. The Children's Place*

*Retail Stores, Inc.*, 580 F. Supp. 2d 212, 227 (S.D.N.Y. 2008).

**Defendants' certifications of the Financial Statements fail to plead scienter.**  Plaintiff

concedes that Defendants' certifications of the Financial Statements are not themselves sufficient

to support the "strong' inference of scienter required to survive the pleading stage.  (Opp. at 24.)

Indeed, the authority relied upon by in the Opposition is inapplicable because in that case the

complaint successfully pleaded that "Defendants had actual knowledge of an adverse material

trend in violation of [Section 10(b)]" beyond any certifications executed by the defendants.

*Plumbers & Pipefitters Nat'l Pension Fund v. Davis*, No. 1:16-CV-3591-GHW, 2020 WL

1877821, at *12, *14 (S.D.N.Y. Apr. 14, 2020).  No such "actual knowledge" is alleged here,

dooming any inference of scienter.

**Defendant Wang's resignation does not support scienter**.  While "the timing and

circumstances surrounding" resignations may contribute to an inference of scienter "with respect

to those [resigning] defendants," the burden remains on Plaintiff to "allege facts supporting a

strong inference with respect to each defendant."  *comScore*, 268 F. Supp. 3d 526 at 551, 553.

At most, Defendant Wang's resignation bears on his scienter and the resignation in and of itself

cannot serve as the basis for pleading scienter absent "independent facts indicat[ing] that the

resignation was somehow tied to the fraud alleged," which Plaintiff fails to assert any such facts

here.  *Glaser v. The9, Ltd.*, 772 F. Supp 573, 598 (S.D.N.Y. 2011); *comScore*, 268 F. Supp. 3d

526 at 545, 553 (holding that resignation plus particularized allegations that a company had

improperly inflated its revenue by over $40 million allowed Plaintiff to sufficiently plead scienter); *Ho v. Duoyan Global Water*, 887 F. Supp. 2d 547, 575 (S.D.N.Y. 2012) (same); *In re Scot. Re Grp. Sec. Litig.*, 524 F. Supp. 2d 370, 394 (S.D.N.Y. 2007) (same).

> **C.      Plaintiff Does Not Plead A "Strong" Inference of Scienter.**

Because Plaintiffs' allegations of recklessness are insufficient standing alone, they "can never add up to a compelling inference of scienter." *Thomas v. Shiloh Indus., Inc.*, No. 15-CV-7449 (KMW), 2017 WL 1102664, at *6 (S.D.N.Y. Mar. 23, 2017).  Plaintiff's Opposition does nothing to refute that the Complaint's allegations actually give rise to a strong "inference of nonfraudulent intent," including facts that: (i) Kandi's net income did not change as a result of the Restatement (Compl. ¶ 47); (ii) Kandi clarified its related transactions (which were carried out at arm's-length) in 2016 (¶¶ 51-52); and (iii) Kandi disclosed problems with internal controls, as well as outlined plans to fix them (Compl. ¶¶ 45, 49).  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2008).  These allegations demonstrate a pattern of disclosure and intent not to defraud rather than recklessness or conscious misbehavior.

**III.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FALSITY.**

Plaintiff does not identify any paragraph in the Complaint that "state[s] with particularity . . . specific facts in support of [their] belief that [statements in the Financial Statements regarding [related party transactions and internal controls] were false when made*." Rombach v. Chang*, 355 F.3d, 164, 172 (2d Cir. 2004).  Allegations that merely list the alleged errors and control issues identified in the Financial Statements and disclosed in the Restatement do not meet this burden, as they do not contain specific facts pleading that Defendants knew of the errors and control issues when the Financial Statements were issued.  Furthermore, Plaintiff's tacked-on

incorporation of the Short Report, which is definitely *not* a statement by the Company and only concerned the sales in 2019 and 2020, does not bear on the falsity of statements made by in 2015 and 2016. *Janus Cap. Grp. Inc. v. First Derivative Traders*, 564 U.S. 135, 146-147 (2011) .

## IV.     PLAINTIFF'S SECTION 20(A) CLAIM SHOULD BE DISMISSED.

Plaintiff concedes that their Section 20(a) claim hinges on pleading "facts sufficient to support an inference of scienter" as to the applicable defendants.   (Opp. at 25.)   Because Plaintiff has failed to state a claim under Section 10(b) and  Rule 10b-5 and failed to plead scienter with particularity, its Section 20(a) claim must be dismissed. *See  Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 435 (S.D.N.Y. 2010).

## CONCLUSION

For the foregoing reasons as well as those set forth in the Opening Brief, Defendants respectfully request that the Court issue an order granting its motion and dismissing the Complaint in its entirety.

Respectfully submitted,

Dated:     June 7, 2021                          RIKER DANZIG SCHERER HYLAND
New York, New York                      & PERRETTI LLP

By: _____
Richard J.L. Lomuscio

500 Fifth Avenue, 49th Floor
New York, NY 10110
t: (212) 302-6574
f: (212) 302-6628
rlomuscio@riker.com

*Attorneys for Defendants Kandi
Technologies Group, Inc., Xiaoming Hu,
Cheng Wang, Bing Mei, Lining Chen, Jerry
Lewin, and Henry Yu*