UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
SRINIVASAN VENKATARAMAN,                                     :
                                  Plaintiff,  :
                                                             :  20 Civ. 8082 (LGS)
            -against-                                   :
                                                             :  **OPINION AND ORDER**
KANDI TECHNOLOGIES GROUP, INC.,                              :
et al.,                                                      :
                              Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Srinivasan Venkataraman, individually and purportedly on behalf of all others similarly situated, brings this action alleging violations of (1) § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 by Defendants Xiaoming Hu, Cheng Wang, Bing Mei, Liming Chen, Jerry Lewin and Henry Yu (collectively, the "Individual Defendants") and Kandi Technologies Group, Inc. ("Kandi") and (2) § 20(a) of the Exchange Act by the Individual Defendants. Defendants move to dismiss the Revised Amended Complaint ("Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(2). For the reasons stated below, the motion is granted.

**I.    BACKGROUND**

      The following facts are taken from the Complaint and are assumed to be true for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

      Defendant Kandi designs, produces, manufactures and distributes electric vehicles and off-road vehicles in the People's Republic of China and internationally. Kandi's shares trade on NASDAQ under the ticker symbol "KNDI." The Complaint asserts claims on behalf of a

putative class of Kandi shareholders who purchased Kandi stock during the period June 10, 2015, to March 13, 2017 (the "Class Period").

During the Class Period, Defendant Hu was the CEO, President and Chairman of the Board at Kandi, and Defendants Wang and Mei successively served as Kandi's CFO.  The remaining three Defendants -- Chen, Lewin and Yu -- sat on Kandi's Board of Directors and served on its audit committee during the Class Period.

This case arises out of Kandi's restatement of certain of its financial statements.  On March 13, 2017, the last day of the Class Period, Kandi filed a Form 8-K disclosing that its financial statements for 2014, 2015 and the first three quarters of 2016 would need to be restated.  The 8-K reported that, while Kandi did not intend to restate its quarterly reports for 2014 and 2015, they should no longer be relied upon.  The 8-K stated that Kandi's restatements would include "corrections to the classification of notes receivable and notes payable in the Company's statements of cash flow, revisions . . . to separately identify certain related party accounts on the face of the Balance Sheets and the Consolidated Statements of Income (Loss) and Comprehensive Income (Loss)" and changes to its accounting for its equity investment in a certain joint venture company.  The 8-K also stated that the restatements "will have no effect on the net income of the Company as reported in the Previously Issued Financial Statements."  After the announcement of this news, Kandi's share price fell $0.30 per share, or approximately 6%, from its prior closing price.  On March 16, 2017, Kandi filed its Form 10-K for 2016, in which it restated its financial results as previously announced and admitted that there were material weaknesses in its internal controls.

Defendants deliberately or recklessly made false and misleading statements in Kandi's SEC filings during the period to be restated.  On August 10, 2015, Kandi filed its Q2 2015 Form

10-Q with the SEC.  The 10-Q was signed by Defendants Hu and Wang, who also attached Sarbanes-Oxley ("SOX") certifications attesting to the accuracy of the 10-Qs (1) appended quarterly financial statements, (2) disclosures of material changes to Kandi's internal controls over financial reporting and (3) disclosure of all fraud.  The 10-Q reported Kandi's related party transactions and stated that there were no changes in cashflow attributable to related-party transactions.  Kandi's 10-Q for the third quarter of 2015, and the first three quarters of 2016, as well as Kandi's Form 10-K for 2015 included the same misstatements, signatures and SOX certifications.  Kandi's Form 10-K for 2015 also stated that Kandi's "internal controls over financial reporting were effective as of December 31, 2015" and that the 10-K disclosed all related party transactions for 2014 and 2015.

On November 30, 2020, Hindenburg Research published a report titled "Kandi:  How This China-Based NASDAQ Listed Company Used Fake Sales, EV Hype to Nab $160 Million From U.S. Investors."  The report, among other things, opines that nearly 64% of Kandi's "last twelve months (LTM) sales have been to undisclosed related parties."  In response to the report, Defendant Hu released a letter that responded to some, but not all, of the report's opinions and assertions.

**II.     STANDARD**

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (internal quotation marks omitted).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d

842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F3d 183, 189 (2d Cir. 2020). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (first alteration in original); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021). To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

To state a claim under § 10(b) and Rule 10b-5, "a plaintiff must allege that each defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." *In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 167 (2d Cir. 2021).

"A complaint alleging securities fraud must also satisfy heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b) and the [PSLRA]." *Set Cap. LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 75 (2d Cir. 2021). The heightened pleading standard of Rule 9(b) requires: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

The PSLRA expanded on Rule 9(b)'s pleading standard, requiring that securities fraud complaints "specify" each misleading statement; that they set forth the facts "on which [a]

4

belief" that a statement is misleading was "formed" and that they "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(1), (2). "A complaint will survive 'only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.'" *Setzer v. Omega Healthcare Invs., Inc.*, 968 F.3d 204, 212 (2d Cir. 2020) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007)).

"To establish scienter, a complaint may (1) allege facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness, or (2) allege facts to show that defendants had both motive and opportunity to commit fraud." *Set Cap. LLC*, 996 F.3d at 78 (internal quotation marks omitted). The sufficiency of a complaint's allegations of scienter are evaluated "'holistically' considering 'all of the facts alleged, taken collectively,' rather than 'any individual allegation, scrutinized in isolation.'" *Id.* (quoting *Tellabs, Inc.*, 551 U.S. at 323, 326). "For an inference of scienter to be strong, as required by the PSLRA, a reasonable person must deem it cogent and *at least as compelling* as any opposing inference one could draw from the facts alleged." *Id.* (internal quotation marks omitted). "In the securities fraud context, recklessness must be conduct that is highly unreasonable, representing an extreme departure from the standards of ordinary care, not merely a heightened form of negligence." *In re Advanced Battery Techs., Inc.*, 781 F.3d 638, 644 (2d Cir. 2015) (citations and internal quotation marks omitted); *accord Gray v. Alpha & Omega Semiconductor, Ltd.*, No. 20 Civ. 2414, 2021 WL 4429499, at *10 (S.D.N.Y. Sept. 27, 2021).

"Where a defendant is a corporation, this requires pleading facts that give rise to a strong inference that someone whose intent could be imputed to the corporation acted with the requisite scienter." *Jackson v. Abernathy*, 960 F.3d 94, 98 (2d Cir. 2020) (internal quotation marks

omitted).  "[M]ost courts look to the discrete roles played by the corporate actors who are connected to the alleged misrepresentation to determine which (if any) fall within the locus of a company's scienter." *Id.* "Under this approach, the most straightforward way to raise a strong inference of corporate scienter is to impute it from an individual defendant who made the challenged misstatement." *Id.* (internal quotation marks omitted).  But, "[i]n exceedingly rare instances, a statement may be so dramatic that collective corporate scienter may be inferred." *Id.* (internal quotation marks omitted).

"In a case involving multiple defendants, plaintiffs must plead circumstances providing a factual basis for scienter for each defendant; guilt by association is impermissible." *In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 695 (2d Cir. 2009); *accord In re Wells Fargo & Co. Secs. Litig.*, No. 20 Civ. 4494, 2021 WL 4482102, at *27 (S.D.N.Y. Sept. 30, 2021).  "This can consist of allegations as to who possessed . . . knowledge of the fraud, when and how they obtained [that] knowledge, or even why they should have known of the fraud." *In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d at 695 (alteration in original) (internal quotation marks omitted).

To state a claim under § 20(a), a plaintiff must allege "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 236 (2d Cir. 2014) (internal quotation marks omitted); *accord UA Local 13 Pension Fund v. Sealed Air Corp.*, No. 19 Civ. 10161, 2021 WL 2209921, at *8 (S.D.N.Y. June 1, 2021).

**III.     DISCUSSION**

The Complaint alleges four broad types of misstatements: (1) false reports of financial results, (2) false attestations to the accuracy of financial results, nature of internal controls and extent of fraud disclosure, (3) false reports of the absence of a change in cashflow attributable to related party transactions and (4) false misrepresentations of the efficacy of internal controls. The Complaint is dismissed because it fails to plead scienter on the part of any Defendant for any of the alleged misstatements.

**A.     Violation of § 10(b) and Rule 10b-5**

The securities fraud claim under § 10(b) and Rule 10b-5 fails because the Complaint does not allege facts that give rise to the requisite "strong inference of scienter." To plead scienter, a complaint may either "(1) allege facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness, or (2) allege facts to show that defendants had both motive and opportunity to commit fraud." *Set Cap. LLC*, 996 F.3d at 78. Plaintiff concedes that the Complaint does not allege motive and opportunity and argues that the Complaint alleges facts constituting strong circumstantial evidence of conscious behavior or recklessness. The Complaint's allegations of conscious behavior or recklessness are conclusory. Based on the dearth of alleged facts, the more compelling inference is that the errors in the financial statements were made unwittingly and without knowledge or reckless disregard that the applicable accounting rules required more or different financial disclosures.

The Complaint recites that "Defendants disseminated or approved . . . false and misleading statements, which they knew, or were deliberately reckless in not knowing, were misleading." The Complaint contains only two factual allegations to support this conclusion. They are boilerplate, lacking any specific factual content and untethered to the actual Defendants

7

or specific misconduct in this case.  The first asserts that, "[b]ecause of their positions within the Company, the Individual Defendants had access to non-public information about the Company's business, finances [etc. and therefore . . .] knew, or were deliberately reckless in not knowing, that the adverse facts specified herein had not been disclosed . . . ."  The second allegation is that, because "[t]he Individual Defendants were provided with copies of the Company's reports and press releases alleged to be misleading herein [even though there are no such alleged press releases] . . . and had the ability or opportunity to prevent their issuance or cause them to be corrected[, . . .] the Individual Defendants had the opportunity to commit the fraudulent facts alleged herein."  The Complaint contains no allegations at all concerning the corporate Defendant's scienter and contains no allegations specific to any Individual Defendant.  For these reasons, viewing the Complaint holistically and drawing all reasonable inferences in favor of Plaintiff, the Complaint nevertheless fails to plead scienter.

Plaintiff's arguments to the contrary are unpersuasive.  First, Plaintiff argues that internal control deficiencies, as evidenced by Kandi's restated financial statements, support an inference of scienter.  However, the restatement alone does not support an inference of scienter because, the fact that there were errors in the financial reports does not mean that the errors were made intentionally or recklessly.  *See Aegean Marine Petrol. Network, Inc.*, No. 18 Civ. 4993, 2021 WL 1178216, at *44 (S.D.N.Y. Mar. 29, 2021) ("[R]estated financials are not, on their own, sufficient to allege scienter."); *In re Magnum Hunter Res. Corp. Sec. Litig.*, 26 F. Supp. 3d 278, 298 (S.D.N.Y. 2014) ("[T]he publication of inaccurate financial results in February and May 2012 that were restated in November 2012 cannot support a strong inference of scienter sufficient to maintain a claim."), *aff'd*, 616 F. App'x 442 (2d Cir. 2015).

Second, Plaintiff argues that scienter can be inferred based on the "core operations doctrine" because the allegations in the Complaint relate to the core operations of Kandi. "Under the core operations doctrine, a court may infer that a company and its senior executives have knowledge of information concerning the core operations of a business, such as events affecting a significant source of income." *Haw. Structural Ironworkers Pension Tr. Fund v. AMC Ent. Holdings*, 422 F. Supp. 3d 821, 852 (S.D.N.Y. 2019) (internal quotation marks omitted).  It is not apparent that the core operations doctrine applies here because the allegations in the Complaint predominantly turn on issues related to accounting and internal controls as opposed to "events affecting a significant source of income."  In any event, "while allegations regarding core operations may factor into a court's holistic assessment of scienter allegations, they are not independently sufficient to raise a strong inference of scienter." *In re Ferrellgas Partners, L.P., Sec. Litig.*, No. 16 Civ. 7840, 2018 WL 2081859, at *19 (S.D.N.Y. Mar. 30, 2018) (internal quotation marks omitted)), *aff'd*, 764 F. App'x 127 (2d Cir. 2019).  For example, although Hu, Wang and Mei presumably knew the identity of Kandi's counterparties in significant transactions, they would not necessarily have known (as part of core operations of the business) the test for what constitutes a related party under the applicable accounting rules or what disclosure is required.

Third, Plaintiff contends that the letter issued by Defendant Hu in response to the report by Hindenburg Research supports a strong inference of scienter.  This argument is unpersuasive because the alleged admissions in the letter relate to Kandi's customers and revenues in 2018 and 2019, rather than the alleged misstatements in 2014, 2015 and 2016.  The allegations in the Complaint fail to connect the Hindenburg Research report's analysis of Kandi's revenues in 2018, 2019 and 2020 to any of the alleged misstatements.

9

Fourth, Plaintiff argues that the SOX certifications attached to Kandi's financial statements support a strong inference of scienter. While a SOX certification may be incorrect, nothing about it ordinarily sheds light on the state of mind of the person executing it. Accordingly, "courts in this circuit regularly hold that the signing of a SOX certification, without more, is insufficient to plead scienter." *Zheng v. Pingtan Marine Enter.*, 379 F. Supp. 3d 164, 181 (E.D.N.Y. 2019) (collecting cases).

Fifth, Plaintiff contends the resignation of Defendant Wang, who was Kandi's CFO in November 2016, bolsters a strong inference of scienter. But neither the Complaint nor Plaintiff's memorandum of law explains how the resignation suggested that Wang or anyone else acted knowingly or recklessly. "A resignation can establish scienter only if the plaintiff alleges independent evidence corroborating that the employee who resigned held a culpable state of mind." *Schiro v. Cemex*, 396 F. Supp. 3d 283, 303 (S.D.N.Y. 2019) (citing *Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 598 (S.D.N.Y. 2011) (collecting cases)). Here, Plaintiff points only to the timing of the resignation (November 2016) in relation to the timing of the restatement (March 2017). Absent other allegations regarding Defendant Wang's or any other Defendant's culpable state of mind, Wang's resignation does not support an inference of scienter, and the allegations do not support an inference of scienter "at least as compelling" as any opposing inference, such as, that the resignation was unrelated to the error or, even if it was related, that the error was knowingly or recklessly false at the time it was made. *See Setzer*, 968 F.3d at 212 ("A complaint will survive 'only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.'" (quoting *Tellabs, Inc.*, 551 U.S. at 324)).

Viewing all the facts alleged in the Complaint collectively, the Complaint fails to give rise to a strong inference of scienter for the same reason as the facts alleged in *In re Kandi Technologies Group, Inc. Securities Litigation*, No. 17 Civ. 1944, 2019 WL 4918649 (S.D.N.Y. Oct. 4, 2019). That case involved the same legal claims regarding substantially the same alleged misstatements against Kandi and three of the same individual Defendants. *Id*. at *1-2. There, the Court found "that the fact that Kandi restated several periods of its financial statements due to GAAP violations does not establish scienter, especially given the lack of effect on reported corporate income for the relevant time periods." *Id.* at *6. The Complaint in this case alleges no additional facts to warrant any other finding.

For the foregoing reasons, Plaintiff's § 10(b) and Rule 10b-5 claim is dismissed.

**B.     Violation of § 20(a)**

Plaintiff's § 20(a) claim is dismissed because the Complaint fails to allege a predicate violation of the Exchange Act, as the statute requires. *Kleinman v. Elan Corp.*, 706 F.3d 145, 156 n.14 (2d Cir. 2013) (holding dismissal of a plaintiff's § 20(a) claim is appropriate when there is no underlying predicate violation of the Exchange Act); *accord In re Fed Ex Corp. Sec. Litig.*, No. 19 Civ. 5990, 2021 WL 396423, at *16 (S.D.N.Y. Feb. 4, 2021). Because the Complaint does not state a claim for a violation under § 10(b), it does not sufficiently plead that the Individual Defendants violated § 20(a).

**IV.     LEAVE TO AMEND**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Olson v. Major*

*League Baseball*, 447 F. Supp. 3d 174, 177 (S.D.N.Y. 2020).  If Plaintiff has additional facts that Plaintiff believes would cure the deficiencies identified in this Opinion, Plaintiff shall file a letter to the Court seeking leave to replead and explaining how the deficiencies are cured with respect to each Defendant and shall file a proposed amended complaint marked to show changes from the current Complaint, no later than November 8, 2021.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

The Clerk of Court is respectfully directed to close the motion at Docket Number 42.

Dated: October 25, 2021
New York, NY

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**