

Ex Kano S. Sams II
esams@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
T: 310.201.9150

Plaintiff's application for leave to amend is GRANTED without prejudice to Defendants' filing a renewed motion to dismiss. The parties' two-page letters regarding Plaintiff's motion for leave to amend are insufficient to establish either that the proposed amendments are futile or that they state a claim. In briefing a motion to dismiss, if any, the parties are advised that the arguments they make should be based on the new complaint in its entirety, and may restate arguments previously made and not addressed in the prior opinion.

November 8, 2021

Dated: December 3, 2021

**VIA ECF**    New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

The Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Srinivasan Venkataraman v. Kandi Tech. Grp., Inc., et al.*;
       Civil Action No. 20 CIV 8082 (LGS)

Dear Judge Schofield:

We represent Lead Plaintiff Tom Brooks ("Plaintiff") in the above-referenced action. We write in response to the Court's Opinion and Order dated October 25, 2021. *Venkataraman v. Kandi Techs. Grp., Inc.*, No. 20 CIV. 8082 (LGS), 2021 WL 4952260 (S.D.N.Y. Oct. 25, 2021) ("Order"). Within its Order, the Court granted the motion to dismiss filed by Defendants Kandi Technologies Group, Inc. ("Kandi" or the "Company"), Chief Executive Officer ("CEO") Xiaoming Hu ("Hu"), Chief Financial Officer ("CFO") Cheng Wang, CFO Bing Mei, Audit Committee member Liming Chen, Audit Committee member Jerry Lewin, and Audit Committee member Henry Yu ("Defendants"). Pursuant to the Court's Order, Plaintiff seeks leave to amend. Plaintiff's [Proposed] Second Amended Complaint for Violation of the Federal Securities Laws ("AC") is attached as Exhibit 1, and a redlined version is attached as Exhibit 2.

Plaintiff has adequately alleged scienter under the Securities Exchange Act of 1934 ("Exchange Act").[1] Within the AC, Plaintiff has adequately alleged facts that demonstrate motive and opportunity to commit fraud as well as facts that constitute strong circumstantial evidence of conscious behavior or recklessness. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 314 (2007); *Novak v. Kasaks*, 216 F.3d 300, 307 (2d Cir. 2000). For instance, Plaintiff sufficiently alleges motive and opportunity through allegations that Defendants entered into a joint venture that sold the Company's finished electric vehicles to a service company (owned, in part, by CEO

---

[1]    Plaintiff has also sufficiently alleged facts supporting the other elements under the Exchange Act. Unless otherwise indicated, all emphasis is added, all internal citations and footnotes are omitted, and all paragraph ("¶") references are to the AC.

The Honorable Lorna G. Schofield
November 8, 2021
Page 2

Hu) which sold and leased the vehicles.  ¶¶34-37, 56, 60, 66, 70, 76.  Through their ownership of the joint venture, Defendants benefited from the subsidies provided to producers, and through their ownership of the service company, Defendants similarly benefited from the subsidies provided to purchasers.  *Id*.  As a result, Defendants violated Generally Accepted Accounting Principles and engaged in improper double-dipping with respect to subsidies provided by the Chinese government.  *Id*.  Plaintiff also adequately alleges facts that constitute strong circumstantial evidence of conscious behavior or recklessness.  "Circumstantial evidence can support an inference of scienter in a variety of ways, including where defendants (1) benefitted in a concrete and personal way from the purported fraud; (2) engaged in deliberately illegal behavior; (3) knew facts or had access to information suggesting that their public statements were not accurate; or (4) failed to check information they had a duty to monitor."  *Employees' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*, 794 F.3d 297, 306 (2d Cir. 2015).  Here, for instance, Plaintiff alleges that Defendants participated in the fraud and/or attended meetings during which they learned of facts or had access to information suggesting that their public statements were false and misleading.  ¶¶27-28, 30, 40-44, 55-56, 60-61, 65-67, 73.  Plaintiff further alleges that Defendants failed to check information they had a duty to monitor as Company officers or as members of the Company's Audit Committee.  ¶¶13-18, 41-43.[2]

        Finally, "[c]omplaints dismissed under Rule 9(b) are almost always dismissed with leave to amend."  *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).  Indeed, Plaintiff has "not yet had an opportunity to amend [his] complaint in response to a court order pointing out the deficiencies in [the] pleading . . . ."  *Ulbricht v. Ternium S.A.*, No. 18CV6801PKCRLM, 2020 WL 5517313, at *12 (E.D.N.Y. Sept. 14, 2020).  Thus, Plaintiff respectfully requests that the Court should permit amendment.

                                        Very truly yours,

                                        *s/Ex Kano S. Sams II*

                                        Ex Kano S. Sams II

---

[2]     In light of the new allegations, Plaintiff believes that certain parts of the Court's scienter analysis are no longer applicable.   For instance, the Court stated that "although Hu, Wang and Mei presumably knew the identity of Kandi's counterparties in significant transactions, they would not necessarily have known (as part of core operations of the business) the test for what constitutes a related party under the applicable accounting rules or what disclosure is required." *Venkataraman*, 2021 WL 4952260, at *4.  The AC adds allegations to address this point. *See, e.g.*, ¶¶13-15; *see also United States v. Ruehle*, 583 F.3d 600, 610 (9th Cir. 2009) ("As the head of finance, [the CFO] cannot now credibly claim ignorance of the general disclosure requirements imposed on a publicly traded company with respect to its outside auditors or the need to truthfully report corporate information to the SEC"); *Wallace v. IntraLinks*, No. 11 CV 8861 TPG, 2013 WL 1907685, at *9 (S.D.N.Y. May 8, 2013) (holding that the core operations doctrine was applicable because as "CEO and CFO [defendants] would likely remain informed about developments with a crucial part of [the company's] business").