UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SRINIVASAN VENKATARAMAN, Individually, and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>      -against-<br><br>KANDI TECHNOLOGIES GROUP, INC., XIAOMING HU, CHENG WANG, BING MEI, LIMING CHEN, JERRY LEWIN and HENRY YU,<br><br>               Defendants. | Case No. 1:20-cv-08082-LGS |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>**

**TARTER KRINSKY & DROGIN LLP**
Richard J.L. Lomuscio
Jonathan E. Temchin
1350 Broadway
New York, New York 10018
Tel.: (212) 216-8000
Facsimile: (212) 216-8001
Email: rlomuscio@tarterkrinsky.com
Email: jtemchin@tarterkrinsky.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................1

BACKGROUND ...............................................................................................................3

LEGAL STANDARD ........................................................................................................8

ARGUMENT...................................................................................................................11

I. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE
OF LIMITATIONS ................................................................................................12

II. THE SECOND AMENDEED COMPLAINT SHOULD BE DISMISSED
BECAUSE PLAINTIFF FAILS TO PLEAD SCIENTER .............................................15

    A. Plaintiff Does Not Plead Scienter Based on Motive and Opportunity............16

    B. Plaintiff Does Not Plead Scienter Based on Strong Circumstantial
    Evidence of Conscious Misbehavior or Recklessness ...................................18

        1. Conclusory Allegations Regarding Defendants' Positions at Kandi
        Does Not Plead Conscious Misbehavior or Recklessness.......................19

        2. Plaintiff's Allegations Regarding Financial Statements, Even in
        Light of the Short Report, Do Not Plead Conscious Misbehavior
        or Recklessness .....................................................................................20

        3. The Second Amended Complaint Does Not Contain Sufficient
        Allegations Concerning Knowledge of Control Issues When the
        Financial Statements Were Made.............................................................21

    C. Plaintiff Does Not Plead a "Strong" Inference of Scienter……………........22

III. THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED
BECAUSE PLAINTIFF FAILS TO PLEAD FALSITY ...............................................23

IV. PLAINTIFF'S SECTION 20(A) CLAIMS SHOULD BE DISMISSED........................24

CONCLUSION................................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aegon N.V. Sec. Litig.*,
   No. 03 Civ. 0603, 2004 WL 1415973 (S.D.N.Y. June 23, 2004) ................................... 18, 20

*Armstrong v. McAlpin*,
   699 F.2d 79 (2d Cir. 1983) .......................................................................................... 13

*Ashcroft v. Iqbal*,
   556 U.S. 687 (2009) ...................................................................................................... 8

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007) ............................................................................. 9, 10, 16, 25

*In re Bank of Am. AIG Disclosure Securities Litigation*,
   980 F. Supp. 2d (S.D.N.Y. 2013) ................................................................................. 11

*Bell Atl. Corp v. Twombly*,
   550 U.S. 557 (2007) ....................................................................................................... 8

*City of Pontiac Gen. Employees' Ret. Sys. V. MBIA, Inc.*,
   637 F.3d 169 (2d Cir. 2011) ........................................................................................ 8, 9

*Cohen v. Stevanovich*,
   722 F. Supp. 2d 416 (S.D.N.Y. 2010) .......................................................................... 25

*Denny v. Barber*,
   576 F.2d 465 (2d. Cir. 1978) ................................................................................... 15, 24

*Dodds v. Signa Sec., Inc.*,
   12 F.3d 346 (2d Cir. 1993) .......................................................................................... 12

*Donoghue v. Am. Skiing Co.*,
   155 F. Supp. 2d 70 (S.D.N.Y. 2001) ............................................................................ 12

*ECA v. JP Morgan Chase Co.*,
   553 F.3d 187 (2d Cir. 2009) ............................................................................. 10, 16, 17

*In re Express Scripts Holding Co. Sec. Litig.*,
   No. 16 CIV. 3338 (ER), 2017 WL 3278930 (S.D.N.Y. Aug. 1, 2017) ............... 11, 19, 22, 24

*FirstBank Puerto Rico, Inc. v. La Vida Merger Sub, Inc.*,
   638 F.3d 37 (1st Cir. 2011) .......................................................................................... 15

*Gavin/Solmonese LLC v. D'Arnaud-Taylor*,
639 F. App'x 664 (2d Cir. 2016) ..................................................................................15

*Gavin/Solmonese LLC v. D'Arnaud-Taylor*,
68 F. Supp. 3d 530 (S.D.N.Y. 2014) ............................................................................14

*Glaser v. The9, Ltd.*,
772 F. Supp. 2d 573 (S.D.N.Y 2011) ......................................................................20, 24

*Global Network Commc'ns, Inc. v. City of New York*,
458 F.3d 150 (2nd Cir. 2006)........................................................................................13

*Hopkinson v. Est. of Siegal*,
No. 10 CIV. 1743 LBS, 2011 WL 2935876 (S.D.N.Y. July 12, 2011) .........................14

*Hughes v. Xiaoming Hu*,
No. CV 2019-0012-JTL, 2020 WL 1987029 (Del. Ch. Apr. 27, 2020)......................8, 21

*Hutchinson Tech., Inc. Sec. Litig.*,
536 F.3d 952 (8th Cir. 2008) ........................................................................................24

*In re IBM Corp. Sec. Litig.*,
163 F.3d 102 (2d Cir. 1998).......................................................................................9, 24

*Kalnit v. Eichler*,
264 F.3d 131 (2d Cir. 2001) .........................................................................................10

*In re Kandi Technologies Group, Inc. Securities Litigation*,
No. 17 CIV. 1944 (ER), 2019 WL 4918649 (S.D.N.Y. Oct. 4, 2019)...........................*passim*

*Lentell v. Merrill Lynch & Co.*,
396 F.3d 161 (2d Cir.2005) .............................................................................................9

*Levitt v. J.P. Morgan Sec., Inc.*,
710 F.3d 454 (2d Cir. 2013) ..........................................................................................11

*In re Lions Gate Entm't Corp. Sec. Litig.*,
165 F. Supp. 3d 1 (S.D.N.Y. 2016) (June 7, 2016)..........................................................10

*In re Longtop Fin. Tech. Ltd. Sec. Litig.*,
910 F. Supp. 2d 561 (S.D.N.Y. 2012).............................................................................19

*In re Lululemon Sec. Litig.*,
14 F. Supp. 3d 553 (S.D.N.Y. 2014).........................................................................11, 23

*In re Magnum Hunter Res. Corp. Sec. Litig.*,
26 F. Supp. 3d 278 (S.D.N.Y. 2014)...............................................................................23

*In re MBIA, Inc. Sec. Litig.*,
   700 F. Supp. 2d 566 (S.D.N.Y. 2010) ..................................................................22

*Merck & Co., Inc. v. Reynolds*,
   559 U.S. 553 (2010) ............................................................................... 12, 14

*N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty.*
   *Ret. Ass'n v. MDC Partners, Inc.*,
   No. 15 CIV. 6034 (RJS), 2016 WL 5794774 (S.D.N.Y. Sept. 30, 2016) ..............................16

*In re Nokia Oyj (Nokia Corp.) Sec. Litig.*,
   423 F. Supp. 2d 364 (S.D.N.Y. 2006) .......................................................... 17, 20

*In re PetroChina Co. Ltd. Sec. Litig.*,
   120 F.Supp.3d 340 (S.D.N.Y. 2015) ................................................. 10, 17, 18, 20

*Plumbers and Pipefitters Local Union No. 719 Pension Trust Fund v. Conseco*
   *Inc.*,
   No. 09 Civ. 6966, 2011 WL 1198712 (S.D.N.Y. Mar. 30, 2011)....................................20, 21

*Podany v. Robertson Stephens, Inc.*,
   318 F. Supp. 2d 146 (S.D.N.Y. 2004) ........................................................... 15, 24

*Police & Fire Ret. Sys. v. SafeNet, Inc.*,
   645 F. Supp. 2d 210 (S.D.N.Y. 2009) ..................................................................22

*Riddle v. PepsiCo, Inc.*,
   440 F. Supp. 3d 358 (S.D.N.Y. 2020) ..................................................................13

*Rombach v. Chang*,
   355 F.3d 164 (2nd Cir. 2004)........................................................... 11, 22, 23

*Sante Fe Industries, Inc. v. Green*,
   430 U.S.462 (1977) .......................................................................................18

*Schiro v. Cemex, S.A.B de C.V.*,
   438 F. Supp. 3d 194 (S.D.N.Y. 2020) ................................................. 8, 9, 12, 14

*Shields v. Citytrust Bancorp, Inc.*,
   25 F. 3d 1124 (2d Cir. 1994) ...........................................................................9

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
   547, F.3d 406, 425 (2d Cir. 2008)....................................................................13

*Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*,
   531 F.3d 190 (2d Cir. 2008) ..................................................................... 16, 17

iv

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ............................................................................................ 9, 10, 21, 22

**Statutes**

15 U.S.C. § 78j..........................................................................................................*passim*

15 U.S.C § 78t-1 ...............................................................................................................1

15 U.S.C. §78u–4.....................................................................................................*passim*

28 U.S.C. § 1658.....................................................................................................2, 8, 12

**Other Authorities**

17 C.F.R § 240.10b-5 .......................................................................................................1

Fed. R. Civ. P. 9..................................................................................................... 9, 11, 23

Fed. R. Civ. P. 12...................................................................................................... 1, 5, 8

Defendants Kandi Technologies Group, Inc. ("Kandi" or the "Company"), Xiaoming Hu ("Hu"), Cheng Wang ("Wang"), Bing Mei ("Mei"), Liming Chen ("Chen"), Jerry Lewin ("Lewin"), and Henry Yu ("Yu") (collectively, the "Defendants", and, excluding Kandi, the "Individual Defendants"), by and through their attorneys, Tarter Krinsky & Drogin LLP, respectfully submit this memorandum of law in support of their motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u–4(b)(2), the Second Amended Class Action Complaint (the "Second Amended Complaint" or "SAC") filed by lead plaintiff Tom Brooks ( "Plaintiff") for failure to state a claim under Sections 10(b), 15 U.S.C. § 78j(b), and Section 20(a), 15 U.S.C § 78t-1(a), of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5, 17 C.F.R § 240.10b-5, promulgated thereunder.

## PRELIMINARY STATEMENT

The Second Amended Complaint suffers from the same incurable pleading deficiencies identified by this Court in dismissing Plaintiff's first amended complaint in its Opinion and Order, dated October 25, 2021 (the "Dismissal Order") (DKT. 49). Despite Plaintiff's attempted repackaging, the Second Amended Complaint remains a recasting of securities claims that were previously rejected by another Judge in this District. *See In re Kandi Technologies Group, Inc. Securities Litigation*, No. 17 CIV. 1944 (ER), 2019 WL 4918649, at *9 (S.D.N.Y. Oct. 4, 2019) (Ramos, J.) (the "Dismissed Action"). Plaintiff's allegations here, as in the Dismissed Action, continue to center on Kandi's restatement in its 2016 10-K filing (the "Restatement") of certain information contained in financial statements issued between 2015 and 2016 that did *not* affect Kandi's net income. (SAC ¶¶ 75, 76, 78.) Plaintiff provides no basis for resuscitating his claims.

First, Plaintiff's claims are time-barred by the relevant statute of limitations because the Second Amended Complaint was filed more than two years after a reasonable investor would have been put on notice of any alleged false statements or omissions. *See* 28 U.S.C. § 1658(b). The Restatement was announced in March 2017 and the Dismissed Action was filed that same month, more than *three years* before this action was initiated in June 2020. There are no allegations in the Second Amended Complaint that constitute new information sufficient to render Plaintiff's claims timely. Even the amendments to Plaintiff's pleading following the Dismissal Order concern allegations of conduct occurring between 2010 and 2016 – well outside the limitations period – that were known to the public before the Restatement. The only factual allegations in the Second Amended Complaint occurring within the limitations period derive from a "research report" released on November 30, 2020 by a third-party investor who would profit from declines in Kandi's share price (the "Short Report") (SAC ¶¶ 85-88). The Short Report does not provide any basis for excusing Plaintiff's delay in pursuing his claims – it was issued months after the decision in the Dismissed Action and years after the Restatement and contains no statements by any of the Defendants. The Short Report has no bearing on the challenged statements that were made as early as March 2015 (SAC ¶ 23) and was written by an investment firm that admittedly had "taken a short position in shares of Kandi technologies" (*See* Declaration of Richard J.L. Lomuscio ("Lomuscio Decl."), Ex. A). The Short Report simply reveals nothing "new" and is not sufficient to resurrect Plaintiff's belated claims.

Second, and as held in the Dismissed Action and by this Court in the Dismissal Order, the mere fact that Kandi restated certain of its financials fails to meet the heightened standard for pleading securities fraud. *See In re Kandi Techs.*, 2019 WL 4918649 at *6; Dismissal Order at 8. In particular, the Second Amended Complaint continues to fail to state with the requisite

particularly *any facts* demonstrating that Defendants acted with scienter and had knowledge of the falsity of the alleged misstatements or omissions as it pertained to Kandi's internal controls or reporting regarding related-party transactions that lead to the Restatement. *See In re Kandi Technologies Group, Inc. Securities Litigation*, 2019 WL 4918649, at *6 ("the Court finds that the fact that Kandi restated several periods of its financial statements due to GAAP violations does not establish scienter, especially given the lack of effect on reported corporate income for the relevant time periods"); Dismissal Order at 8-11. Plaintiff's supposedly "new" scienter allegations are nothing of the sort as they simply (i) add irrelevant detail regarding the Individual Defendants' backgrounds (SAC ¶¶ 14-18); (ii) describe routine corporate meetings (SAC ¶¶ 33-44, 73); and (iii) regurgitate statements from a previously referenced May 2016 administrative order issued by the Public Company Accounting Oversight Board ("PCAOB") sanctioning the Company's auditor AWC (CPA) Limited ("AWC"), and not any of the Defendants, for conduct relating to financials from 2010, 2011, and 2012 that were not even included in the Restatement (the "PCAOB Order")[1] (*compare* DKT. 35 ¶¶ 45, 50-51 & Ex. A *with* SAC ¶¶ 26-31, 64, 73). The Second Amended Complaint's belated inclusion of such unactionable facts does not satisfy Plaintiff's heavy scienter pleading burden. Plaintiff's claims should be dismissed with prejudice.

## BACKGROUND

*__Kandi's Business.__* Kandi designs and manufactures electric vehicles ("EV") and EV parts. (SAC ¶ 2.)[2] Kandi sold EV parts that it manufactured to a joint venture company (the "JV Company") in which Kandi held 50% interest. (SAC ¶ 34.) Kandi also took part in related-party

---

[1] The PCAOB Order is available at https://pcaobus.org/Enforcement/Decisions/Documents/105-2016-016-AWC-CPA.pdf.

[2] Defendants dispute all the allegations made in the Second Amended Complaint and reference them here only because they are relevant to this motion.

transactions with a company called Zhejiang ZhoZhongYou Electric Vehicles Services Co., Ltd. (the "Service Company") "in which the Company has a 9.5% ownership, resulting in additional receivables due from the service company." (SAC ¶ 35.) In selling parts to the JV Company, Kandi sought to benefit from EV subsidies provided by the Chinese government.  (SAC ¶ 37.)

        ***The Restatement.*** In March 2017, Kandi restated certain financial information – by way of its 2016 10-K –contained in its Proxy statements, 10-Q forms and 10-K forms released by Kandi between March 2014 and November 2016.[3]  (SAC ¶¶ 38-72.) The Restatement included: (1) "corrections to the classification of notes receivable and notes payable in the Company's statements of cash flow"; (2) "revisions in the Company's financial statement presentation to separately identify certain related party accounts on the face of the Balance Sheets and the Consolidated Statements of Income (Loss) and Comprehensive Income (Loss)"; (3) "certain amendments to Note 20 – Taxes of the Notes to the Company's Consolidated Financial Statements"; (4) "the adjustment of previously recorded construction-in-progress back to prepayment in Note 16 - Construction-in-Progress of the Notes to the Company's Consolidated Financial Statements"; (5) "expansions of two tables of sales to and purchases from the JV Company in Note 24 - Summarized Information of Investment in the JV Company of the Notes to the Company's Consolidated Financial Statements from two years to three years"; (6) "the removal of "unaudited" labels from certain tables in Note 20 - Taxes of the Notes to the Company's Consolidated Financial Statements"; and (7) "separate audited financial statements for the Company's equity investment in the JV Company." (SAC ¶ 78) (quoting Kandi's Form

---

[3] Specifically, the Second Amended Complaint identifies the 10-K forms dated March 17, 2014 (the "2013 10-K"), March 16, 2015 (the "2014 10-K") and March 14, 2016 (the "2015 10-K") and in its 10-Q disclosure forms dated August 10, 2015 ("the 2Q 2015 10-Q"), November 9, 2015 (the "3Q 2015 10-Q"), May 10, 2016 (the "1Q 2016 10-Q"), August 9, 2016 (the "2Q 2016 10-Q"), and November 9, 2016 (the "3Q 2016 10-Q") (together the 10-K and 10-Q disclosures mentioned are referred to as the "Financial Statements").

8-K, filed on March 13, 2017).  The Restatement had no effect on Kandi's net income as reported in the Financial Statements. (SAC ¶ 78.)

*__The Dismissed Action.__*   On March 16, 2017, the first of three putative class action complaints was filed on behalf of Kandi shareholders in the United States District Court for the Southern District of New York – 3 of the 4 Individual Defendants named in the Dismissed Action have also been named in this action.[4] These actions were consolidated and a Consolidated Amended Class Action Complaint ("CAC") was filed on August 31, 2018. *See In re Kandi Techs.*, 2019 WL 4918649, at *1; Lomuscio Decl. Ex. E. The initial complaints and the later CAC, as Plaintiff's prior pleading and the Second Amended Complaint do in this action, asserted claims for violations of Section 10(b), Rule 10b-5, and 20(a) of the Exchange Act based on the Restatement. *See In re Kandi Techs.*, 2019 WL 4918649, at *1, *6, *8; (Lomuscio Decl. Exs. B ¶ 1, C ¶ 1, D ¶ 1, E ¶ 1.) Among other things, the plaintiffs in the Dismissed Action alleged that Defendants made false and misleading representations in the Financial Statements regarding the adequacy of internal controls and related-party transactions prior to the Restatement. *See In re Kandi Techs.*, 2019 WL 4918649, at *2.  These are the same allegations being made here. (SAC ¶¶ 5, 73-74.)

On October 4, 2019, Judge Ramos granted Kandi's motion to dismiss and dismissed the CAC pursuant to Fed. R. Civ. P. 12(b)(6), 9(b) and 15 U.S.C. §78u–4(b)(2). *See In re Kandi Techs.*, 2019 WL 4918649, at *9.  In particular, the Court found that "[a]ccepting Plaintiffs' pleadings as true, they nevertheless fail to point to any specific fact that the Individual Defendants either 'knew or should have known' of the errors and omissions." *Id. at* *6. The Court found that no factual allegation had been made as to the "awareness of red flags regarding the

---

[4] The first complaint was filed on March 16, 2017, the second on April 21, 2017, and the third on April 26, 2017. (Lomuscio Decl., Exs. B, C, D.)

misclassification in Kandi's financial reporting" by any specific defendant. *Id.* The Court also held that, as it pertained to internal control and related party disclosures, "plaintiffs' argument that Defendants' awareness of some weak aspects of their internal controls, without more, necessarily suggest their awareness of other internal control problems and their impact on Kandi's financial statement is unpersuasive." *Id.* at *7. Additionally, the Court rejected the argument that "Kandi's restatements constitute an admission of falsity," noting that "the fact that Kandi's restatements had no impact on Kandi's corporate income severely undercuts an inference of fraud." *Id.* at *8. "As such, Plaintiffs' factual allegations have not specifically shown that Defendants were aware of any facts contradicting the statements regarding internal controls when made. As such, the Court "[found] that Plaintiffs have failed to plausibly allege that Defendants' statements regarding internal controls were false when made." *Id.* at *9. The CAC's claims regarding Section 20(a) were also dismissed, as "it is axiomatic that a Section 20(a) violation is derivative of liability for a Section 10(b) violation. *Id.*

***The Dismissal Order.***  Plaintiff commenced this action in June 2020 and in each of its pleadings has largely mimicked the Dismissed Action's allegations regarding the Restatement, supposedly false statements, and Defendants' knowledge. This Court found in the Dismissal Order that these allegations were insufficient to plead scienter. (Dismissal Order at 8.) After noting that "Plaintiff concedes that the Complaint does not allege motive and opportunity," the Court found that the  complaint failed to plead scienter because "the Complaint's allegations of conscious behavior or recklessness are conclusory" and "[b]ased on the dearth of alleged facts, the more compelling inference is that the errors in the financial statements were made unwittingly and without knowledge or reckless disregard that the applicable accounting rules required more or different financial disclosures."  (Dismissal Order at 7.) Specifically, the Court held that: the

6

internal control deficiencies acknowledged in the Restatement alone could not support an inference of scienter because the complaint lacked any allegations that "the errors were made [by Defendants] intentionally or recklessly" (Dismissal Order at 8); the "core operations doctrine" could not raise a strong inference of scienter because there were no allegations that Defendants knew "the test for what constitutes a related party under the applicable accounting rules or what disclosure required" (Dismissal Order at 9); the letter issued by Hu in response to the Short Report did not support a strong inference of scienter because "the alleged admissions in the letter relate to Kandi's customers and revenues in 2018 and 2019, rather than the alleged misstatements in 2014, 2015 and 2016" (Dismissal Order at 9); there were no allegations that Defendant knew that the SOX certifications contained misstatements or were false (Dismissal Order at 10); and there were no allegations connecting Wang's resignation as Kandi's CFO in November 2016 to a culpable state of mind (Dismissal Order at 10). This Court dismissed Plaintiff's complaint because Plaintiff failed to plead scienter and subsequently granted Plaintiff leave to file and serve the Second Amended Complaint without prejudice to Defendants filing a renewed motion to dismiss. (Dismissal Order at 8-11; DKT. 53.)

***The Second Amended Complaint.***   The Second Amended Complaint largely repeats the same exact allegations against Defendants that were previously rejected by this Court in the Dismissal Order. In fact, the "new" allegations contained in the Second Amended Complaint are limited to descriptions of: (i) irrelevant detail regarding the Defendants' backgrounds borrowed from the CAC in the Dismissed Action (*compare* CAC ¶¶ 30-33 *with* SAC ¶¶ 14-16); (ii) routine corporate meetings (SAC ¶¶ 33-44, 73) identified in the Delaware Chancery Court motion to dismiss decision issued on April 27, 2020 (the "Delaware Decision") which was quoted extensively in Plaintiff's prior pleading (DKT. 35 ¶¶ 53-54) and attached as Exhibit A to the initial

7

complaint in this action  (DKT. 1 Ex. A at 8-13);[5] and (iii) immaterial statements from the PCAOB

Order, referenced in Plaintiff's prior pleading, sanctioning the Company's auditor AWC, and none

of the Defendants, for conduct relating to financials from 2010, 2011, and 2012 that were not even

included in the Restatement (*compare* DKT. 35 ¶¶ 45, 50-51 & Ex. A *with* SAC ¶¶ 26-31, 64, 73).

None of these allegations, however, describe how any of the Defendants acted with scienter as to

the Restatement.

## LEGAL STANDARD

A claim alleging a violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5

promulgated thereunder must be dismissed under Rule 12(b)(6) if it is time-barred. *See Schiro v.*

*Cemex, S.A.B de C.V.*, 438 F. Supp. 3d 194, 200 (S.D.N.Y. 2020). Additionally, Rule 12(b)(6)

requires the dismissal of an action where the pleading fails to state a claim. *See Bell Atl. Corp v.*

*Twombly*, 550 U.S. 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 687 (2009).

*__Statute of Limitations.__* Claims for violations of Sections 10(b) and 20(a) of the Exchange

Act are time-barred unless they are filed within two years "after the discovery of the facts

constituting the violation[.]" 28 U.S.C. §1658(b). The "statute of limitations is intended to prevent

[plaintiff] from unfairly surprising defendants by resurrecting stale claims," and "prevents such

surprises by extinguishing a plaintiff's remedy after he has slept on his claim for a prolonged

period of time." *City of Pontiac Gen. Employees' Ret. Sys. V. MBIA, Inc.*, 637 F.3d 169, 175 (2d

Cir. 2011) (internal citations omitted). The two-year statute of limitations begins to run when "a

reasonable investor of ordinary intelligence would have discovered the existence of the fraud[.]"

---

[5] Notably, Plaintiff removed any specific reference to the Delaware Decision from the Second Amended Complaint, presumably because the Chancery Court itself acknowledged that the Restatement had no effect on the Company's net income and that "this argument carried significant weight in the federal securities action where it undercut the inference of fraud." *Hughes v. Xiaoming Hu*, No. CV 2019-0012-JTL, 2020 WL 1987029, at *17 (Del. Ch. Apr. 27, 2020).

*Schiro*, 438 F. Supp. 3d at 200. This occurs when "a reasonably diligent plaintiff would have sufficient information about [the facts] to adequately plead [them] in a complaint." *City of Pontiac*, 637 F.3d at 175.

*__Pleading Securities Fraud Claims.__* To state a claim for violations of Sections 10(b) and 20(a) of the Exchange Act of 1934 and Rule 10b-5, a plaintiff must allege Defendants: "(1) made misstatements or omissions of material fact; (2) with scienter; (3) in connection with the purchase or sale of securities; (4) upon which plaintiffs relied; and (5) that plaintiffs' reliance was the proximate cause of their injury." *Lentell v. Merrill Lynch & Co.,* 396 F.3d 161, 172 (2d Cir.2005) (quoting *In re IBM Corp. Sec. Litig.,* 163 F.3d 102, 106 (2d Cir. 1998) (internal quotation marks omitted). These allegations must satisfy Rule 9(b) and the PSLRA. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). Rule 9(b) requires that the circumstances constituting fraud be stated with particularity, which means that the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F. 3d 1124 (2d Cir. 1994) (citation and quotation omitted). The PSLRA, 15 U.S.C. §78u–4(b)(1), similarly requires:

> the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

Claims under both Section 10(b) and Rule 10b-5 require scienter – an intent to deceive, manipulate or defraud, to be proven. *Lentell,* 396 F.3d at 172; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 319 (2007). To plead scienter, the PSLRA requires that the Complaint must "state with particularity facts giving rise to a *strong* inference that the defendant acted with" scienter at the time they made the alleged misrepresentations or omissions. 15 U.S.C.

9

§78u–4(b)(2) (emphasis added.) "To qualify as 'strong' . . . an inference of scienter must be more than merely plausible or reasonable –it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc.,* 551 U.S. at 314. Plaintiff must allege facts "(1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Commc'ns, Inc.*, 493 F.3d at 99. Such facts must be alleged "with respect to each defendant." *In re Lions Gate Entm't Corp. Sec. Litig.*, 165 F. Supp. 3d 1, 22 (S.D.N.Y. 2016) (June 7, 2016).

In order to plead scienter based on motive and opportunity, Plaintiff must "allege that [Defendants] benefitted in some concrete and personal way from the purported fraud." *ECA v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) (citation and quotation omitted). Plaintiff must plead particularized facts that demonstrate a "unique connection between the fraud and the [personal benefits]." *Id.* at 201 n. 6. Plaintiff must also plead specific facts showing that the benefits "could be realized by one or more of the false statements and wrongful nondisclosures alleged." *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001) (citation quotation omitted).

When a plaintiff fails to allege motive, "the strength of [their] circumstantial allegations" of conscious misbehavior or recklessness generally must be "correspondingly greater." *ECA*, 553 F.3d 187, 198-99. To plead scienter based on conscious misbehavior, Plaintiff must allege "conduct. . . that is at the least highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known . . . or so obvious that [Defendants] must have been aware of it." *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F.Supp.3d 340, 365-66 (S.D.N.Y. 2015), *aff'd* (Mar. 21, 2016). To plead scienter based on recklessness Plaintiff must "specifically allege defendants' knowledge of facts or access to

10

information contradicting defendants' public statements, or allege that defendants failed to check information that they had a duty to monitor." *In re Express Scripts Holding Co. Sec. Litig.*, No. 16 CIV. 3338 (ER), 2017 WL 3278930, at *16 (S.D.N.Y. Aug. 1, 2017). "To the extent that [P]laintiffs assert that defendants had access to contrary facts, the complaint must specifically identify the reports or statements containing this information." *Id.* To allege that an omission was the result of conscious misbehavior or recklessness, the complaint must "sufficiently allege that the defendants acted with reckless disregard for a known or obvious duty." *In re Bank of Am. AIG Disclosure Securities Litigation,* 980 F. Supp. 2d, 564, 586 (S.D.N.Y. 2013).

With respect to falsity, "[a] violation of Section 10(b) and Rule 10b-5 premised on misstatements cannot occur unless an alleged material misstatement was false *at the time it was made.*" *In re Lululemon Sec. Litig.,* 14 F. Supp. 3d 553, 571 (S.D.N.Y. 2014), *aff'd,* 604 Fed. App'x. 62 (2d Cir. 2015) (emphasis in original). A statement by Defendants "believed to be true when made, but later shown to be false, is insufficient." *Id.* Under Rule 9(b) and the PSLRA, Plaintiff must "state with particularity. . . specific facts in support of [their] belief that [statements] were false when made." *Rombach v. Chang*, 355 F.3d at 172 (2nd Cir. 2004). An omission can only be considered actionable as "false" if Defendants were under a duty to disclose and failed to do so. *See Levitt v. J.P. Morgan Sec., Inc.*, 710 F.3d 454, 465 (2d Cir. 2013).

## **ARGUMENT**

The Second Amended Complaint should be dismissed because Plaintiff's claims are barred by the applicable statute of limitations and, alternatively, because Plaintiff fails to state with particularly *any facts* which demonstrate that Defendants acted with the requisite scienter and had knowledge of the falsity of the alleged misstatements or omissions contained in any of the Financial Statements.

## I.    PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

The initial complaint in this action was filed on June 10, 2020 – more than *three years* after the Plaintiff and all other reasonable investors were put on notice of the claims asserted in the Second Amended Complaint by the issuance of the Restatement on March 16, 2017 and the filing of the Dismissed Action on that same day. This places the conduct challenged in the Second Amended Complaint well outside the *two-year* statute of limitations that was triggered by the Restatement and is applicable to the securities fraud claims asserted here. *See* 28 U.S.C. §1658(b).[6] In fact, and even assuming the Second Amended Complaint's claims are satisfactorily pled (they are not), the announcement of the Restatement in March 2017 put Plaintiff on notice of the alleged internal control issues and supposed misstatements in the Financial Statements. *See Schiro*, 438 F. Supp. 3d 194, 200, 202 (S.D.N.Y. 2020) (holding that the filing of a Form 20-F which disclosed "a material weakness in our internal control over financial reporting" was held to provide "sufficient information regarding Defendants' alleged misconduct to file a complaint . . . and trigger the statute of limitations" because "the date by which Plaintiffs believe 'the truth [began] to emerge'" should be dispositive in the court's determination of when a reasonable investor would have "discovered" any fraud.); *Donoghue v. Am. Skiing Co.*, 155 F. Supp. 2d 70, 75-76 (S.D.N.Y. 2001) (holding that the filing of Form 4 which allowed Plaintiff to "easily and quickly determine the nature" of allegedly fraudulent transactions started statute); *Dodds v. Signa Sec., Inc.*, 12 F.3d 346, 351 (2d Cir. 1993) (collecting cases in which "investors were held to be

---

[6] In addition to being barred by the statute of limitations, a number of the claims contained in the Second Amended Complaint are also barred by the statute of repose applicable to securities fraud claims because more than five years have passed from the making of the challenged statements and the filing of the Complaint. *See* 28 U.S.C. § 1658(b); *Merck & Co., Inc. v. Reynolds*, 559 U.S. 553, 650 (2010) (holding that the statute of repose is an "unqualified bar on actions instituted '5 years after such violation'").

12

on constructive notice of fraud after they received numerous account statements and quarterly financial reports that disclosed the adverse information of which they later complained").

The filing of the Dismissed Action on the very same day of the Restatement – March 16, 2017 – also demonstrates that similarly situated investors had sufficient notice to pursue the very same claims based on the facts alleged therein, the same claims that Plaintiff refrained from pursuing until after the limitations period had run. (Lomuscio Decl. Exs. B, C, D.)[7] Accordingly, the Dismissed Action, "which preceded the instant suit by more than two years [and sets] forth in considerable detail many of the wrongs for which [Plaintiffs] now seek recovery" is sufficient to put Plaintiff on notice of the "financial shenanigans" alleged therein. *Armstrong v. McAlpin*, 699 F.2d 79, 88 (2d Cir. 1983). It is wholly disingenuous for Plaintiff to claim otherwise, especially when it is indisputable that the allegations here are nearly identical to those pursued in the Dismissed Action. (*Compare* CAC ¶¶ 11, 20, 264 *with* SAC ¶¶ 24, 73.)[8]  There is simply no justifiable excuse for Plaintiff's delay in pursuing his claims given the notice provided here.

Moreover, this is not a matter of inquiry notice – Plaintiff's claims are time-barred because he actually discovered (or should have discovered had he been reasonably diligent) these facts

---

[7] The Dismissed Action was also the subject of multiple press releases issued by counsel in March and April 2017. *See, e.g.,* Press Release, Gainey McKenna & Egleston, *Gainey McKenna & Egleston Announces A Class Action Lawsuit Has Been Filed Against Kandi Technologies Group, Inc.* (March 17, 2017), https://www.globenewswire.com/news-release/2017/03/17/940448/0/en/Gainey-McKenna-Egleston-Announces-A-Class-Action-Lawsuit-Has-Been-Filed-Against-Kandi-Technologies-Group-Inc-KNDI.html; *Press Release, Pomerantz LLP, SHAREHOLDER ALERT: Pomerantz Law Firm Announces the Filing of a Class Action against Kandi Technologies Group, Inc. and Certain Officers* (Apr. 27, 2017), https://www.globenewswire.com/news-release/2017/04/27/973806/0/en/SHAREHOLDER-ALERT-Pomerantz-Law-Firm-Announces-the-Filing-of-a-Class-Action-against-Kandi-Technologies-Group-Inc-and-Certain-Officers-KNDI.html.

[8] On a motion to dismiss, the Court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." *See, e.g.*, *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547, F.3d 406, 425 (2d Cir 2008) (holding that judicial notice of prior litigation appropriate to determine whether a prior litigation put an investor on notice of fraud); *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2nd Cir. 2006); *Riddle v. PepsiCo, Inc.*, 440 F. Supp. 3d 358, 362 (S.D.N.Y. 2020).

13

when the Restatement was announced and the Dismissed Action was filed – both of which predate the original complaint by more than two years. And Plaintiff cannot seriously argue that Defendants have not identified how and when Plaintiff discovered or should have discovered the facts triggering the start of the limitations period (i.e., the announcement of the Restatement and the filing of the Dismissed Action). Courts in this District have held that corporate disclosures such as the Restatement constitute "sufficient information regarding Defendants' alleged misconduct to file a complaint . . . and trigger the statute of limitations." *Schiro*, 438 F. Supp. 3d at 202. And, even Plaintiff acknowledges that "the truth beg[an] to emerge" when the Company announced the Restatement. (SAC ¶¶ 78-81.) Previously filed lawsuits, such as the Dismissed Action, similarly start the limitations period. *See Hopkinson v. Est. of Siegal*, No. 10 CIV. 1743 LBS, 2011 WL 2935876, at *1 (S.D.N.Y. July 12, 2011) (holding that a complaint filed in another action was "sufficient to put Plaintiff on notice of the fraud" for statute of limitations purposes); *Gavin/Solomonese LLC v. D'Arnaud-Taylor*, 68 F. Supp. 3d 530, 535-36 (S.D.N.Y. 2014) (holding that "in a statute of limitations analysis governed by *Merck* . . . the filing of related lawsuits, news articles and analyst's reports, and prospectuses, quarterly reports, and other information related to [plaintiff's] investments" provide actual notice).

In fact, the only significant difference between the CAC and the Second Amended Complaint is the addition of the Short Report published by investment firm Hindenburg Research in November 2020. (SAC ¶¶ 85-88.) The Second Amended Complaint, however, lacks any allegations that the Short Report reveals any information that was not available at the time of the Restatement or the filing of the Dismissed Action. The absence of such allegations and the fact that the Short Report post-dates the Restatement and the Dismissed Action by more than three years demonstrate that Plaintiff cannot cure his failure to file a claim within the applicable two-

14

year statute of limitations. *See, e.g.*, *Gavin/Solmonese LLC v. D'Arnaud-Taylor*, 639 F. App'x 664, 667 (2d Cir. 2016) (summary order) (statute of limitations begins to run when "a substantial portion of the information alleged in the complaint and integral documents was either known or freely available to investors"); *FirstBank Puerto Rico, Inc. v. La Vida Merger Sub, Inc.*, 638 F.3d 37, 39 (1st Cir. 2011) (argument that Plaintiff was not barred by statute of limitations because of later documents showing evidence of fraud "would not be germane [when] it is clear" that Plaintiff previously had actual notice of the "events that it thought were fraudulent," and later documents did not disclose any materially new information). Plaintiff also cannot ignore that it would be temporally impossible for Defendants to have relied on events in 2020 (the Short Report) in making statements that occurred as early as March 2015. *See Denny v. Barber*, 576 F.2d 465, 470 (2d. Cir. 1978) ("In sum, the complaint is an example of alleging fraud by hindsight. For the most part, plaintiff has simply seized upon disclosures made in later annual reports and alleged that they should have been made in earlier ones. . . failure to make such perceptions does not constitute fraud."); *Podany v. Robertson Stephens, Inc.*, 318 F. Supp. 2d 146, 156 (S.D.N.Y. 2004) ("The Second Circuit has firmly rejected this 'fraud by hindsight' approach.").

## II.   THE SECOND AMENDEED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD SCIENTER.

This Court dismissed Plaintiff's prior complaint because Plaintiff's "allegations of conscious behavior or recklessness are conclusory" at best and the suffered from a "dearth" of facts.  (Dismissal Order at 7). Plaintiff's Second Amended Complaint, like his previously dismissed pleading, suffers from the same fatal defects and fails to "state with particularity facts giving rise to a strong inference that the Defendants acted with" scienter.  15 U.S.C. §78u–4(b)(2). The Second Amended Complaint does not particularize any fact showing that Defendants had "both motive and opportunity to commit fraud" or such conditions constituting

"strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Commc'ns, Inc.*, 493 F.3d at 99. Simply put, the Second Amended Complaint suffers from the same scienter deficiencies that doomed Plaintiff's first amended pleading and should be dismissed. (Dismissal Order at 8) ("The Complaint contains no allegations at all concerning the corporate Defendant's scienter and contains no allegations specific to any Individual Defendant".)

### A.    Plaintiff Does Not Plead Scienter Based on Motive and Opportunity.

In the Dismissal Order, the Court recognized that Plaintiff's prior complaint did not allege motive and opportunity, a point that Plaintiff conceded. (Dismissal Order at 7.) The Second Amended Complaint fares no better because it parrots the same stale allegations. Plaintiff does not plead scienter based on motive and opportunity as he does not "allege that [Defendants] benefitted in some concrete and personal way from the purported fraud." *ECA*, 553 F.3d at 198 (quotation omitted). It must be noted that Plaintiff makes no real claim as to how the Individual Defendants would have "personally" or "concretely" benefitted by any of the alleged acts or omissions detailed in the Second Amended Complaint, only alleging that they "enabled the Company to obtain additional capital at favorable prices, create a public market for its common stock, and gain access to the public equity markets," as well as "artificially inflated" the Company's common stock prices. (SAC ¶ 24.) This last motive has been "consistently rejected as insufficient in securities fraud pleading." *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 196–97 (2d Cir. 2008). And allegations of scienter that are "based on motives possessed by virtually all corporate insiders, including . . . the desire to . . . sustain the appearance of corporate profitability, or of the success of an investment" are similarly insufficient. *Id.* (quotation and citation omitted.); *see also N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty. Ret. Ass'n v. MDC Partners, Inc.*, No. 15 CIV. 6034 (RJS), 2016 WL 5794774, at *20 (S.D.N.Y. Sept. 30, 2016), *appeal dismissed sub nom. N.*

16

*Collier Fire Control v. MDC Partners Inc.*, No. 16-3727, 2017 WL 5201904 (2d Cir. Feb. 22, 2017) (plaintiff cannot plead motive to defraud by alleging goals possessed by virtually corporate insiders); *ECA*, 553 F.3d at 198.

The "kitchen sink" approach that Plaintiff takes by incorporating the entire Short Report into his Second Amended Complaint does nothing to remedy these substantive deficiencies, as, notwithstanding the fact that the Short Report is decidedly *not* a statement by the Company, the ultimate motives ascribed to Kandi therein are "rais[ing money] from U.S. investors," and "hyping its story to U.S. investors, in order to take advantage of regulatory gaps enabling China-based companies to siphon cash from U.S. capital markets." (SAC ¶ 57.) These allegations are functionally equivalent to the motives rejected in *ECA*, *Teamsters Local*, and related Second Circuit caselaw – those that could be ascribed to "virtually all corporate insiders" and do not meet the criteria of making a particularized showing of specific facts to prove in order to avoid dismissal at the pleading stage. *ECA*, 553 F.3d at 201 n. 6; *Teamsters Local*, 531 F.3d at 196–97.

Plaintiff's "new" allegations similarly do not allege that Defendants benefitted in some concrete way and personal way from the purported fraud. First, the additional detail regarding the Defendants' professional backgrounds, (SAC ¶¶ 14-18), provides no indication that they had motive or opportunity to commit fraud. *See In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d at 366 ("to establish scienter, Plaintiffs must do more than allege that [Defendants] had or should have had knowledge of certain facts contrary to their public statements simply by virtue of their high-level positions"); *see also In re Nokia Oyj (Nokia Corp.) Sec. Litig.*, 423 F. Supp. 2d 364, 406 (S.D.N.Y. 2006) (allegations that defendants knew or should have known they made misrepresentation based on their senior positions were insufficient to establish scienter); *In re Aegon N.V. Sec. Litig.*, No. 03 Civ. 0603, 2004 WL 1415973, at *17 (S.D.N.Y. June 23, 2004)

17

(same). Second, the allegations regarding meetings at which accounting issues were discussed (SAC ¶¶ SAC ¶¶ 33-44, 73) demonstrate that the Defendants were actively engaged in fulfilling their corporate fiduciary responsibilities, but even if it is assumed that the Defendants breached these duties, this does not allege securities fraud. *See Sante Fe Industries, Inc. v. Green*, 430 U.S.462, 466 (1977) (holding that pleading a breach of fiduciary duty is insufficient to state a Section 10(b) claim). Finally, the PCAOB Order (SAC ¶¶ 26-31, 64, 73) by its terms identifies no misconduct by any of the Defendants and, in any event, involves financial statements that are indisputably *not included* in the challenged Restatement. Moreover, none of these "new" allegations overcome the hurdle that, as this Court previously stated, "although Hu, Wang and Mei presumably knew the identity of Kandi's counterparties in significant transactions, they would not necessarily have known . . . the test for what constitutes a related party under the applicable accounting rules or what disclosure is required." (Dismissal Order at 9.)

      **B.**      **Plaintiff Does Not Plead Scienter Based on Strong Circumstantial Evidence of Conscious Misbehavior or Recklessness.**

Plaintiff's new allegations of scienter in the Second Amended Complaint do not cure the fatal deficiencies identified in the Dismissal Order because he still fails to allege "conduct . . . that is at the least highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known . . . or so obvious that [Defendants] must have been aware of it." *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F.Supp.3d at 365-66 (citation and quotation omitted). Nor does Plaintiff allege scienter based on recklessness, as he does not "specifically allege defendants' knowledge of facts or access to information contradicting defendants' public statements, or allege that defendants failed to check information [that] they had a duty to monitor." *In re Longtop Fin. Tech. Ltd. Sec. Litig.*, 910 F. Supp. 2d 561, 574 (S.D.N.Y. 2012); *In re Express Scripts Holding Co. Sec. Litig.*, 2017 WL 3278930, at *16.

18

The allegations derived from the PCAOB Order similarly do not support recklessness because it does not even address the relevant Financial Statements or any conduct by Defendants.

To the extent that "[P]laintiffs contend defendants had access to contrary facts, [the Second Amended Complaint] must specifically identify the reports or statements containing this information." *Id.* Plaintiff's only material reference to this standard is that "the Individual Defendants had access to non-public information about the Company's business . . . . Because of their possession of such information, the Individual Defendants knew, or were deliberately reckless in not knowing, that the adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public," (SAC ¶ 20), and Plaintiff's rote reference to a series of meetings and otherwise routine corporate conduct (SAC ¶¶ 33-44, 55-56, 60-61, 64-67, 73). It is well established, however, that "[t]o the extent that [P]laintiffs assert that defendants had access to contrary facts, the complaint must specifically identify the reports or statements containing this information." *Longtop*, 910 F. Supp. 2d at 574– 575; *In re Express Scripts Holding Co. Sec. Litig.*, 2017 WL 3278930, at \*16. Conclusory statements that do not "specifically allege" such knowledge or information within the control of Defendants fails to accomplish this task. *Id.*

1. **Conclusory Allegations Regarding Defendants' Positions at Kandi Does Not Plead Conscious Misbehavior or Recklessness.**

As alluded to previously, Plaintiff alleges that Defendants had knowledge of its purported misrepresentations "because of their positions within the Company," rendering them "privy to" unspecified "confidential and proprietary information concerning the Company." (SAC ¶ 17.) In order to establish an inference of scienter, however, "Plaintiffs must do more than allege that [Defendants] had or should have had knowledge of certain facts contrary to their public statements simply by virtue of their high-level positions." *PetroChina*, 120 F. Supp. 3d at 366; *see also In re Nokia Oyj (Nokia Corp.) Sec. Litig.*, 423 F. Supp. 2d 364, 406 (S.D.N.Y. 2006)

19

(same); *In re Aegon N.V. Sec. Litig.,* No. 03 Civ. 0603, 2004 WL 1415973, at \*17 (S.D.N.Y. June 23, 2004) (same). Plaintiff has failed to do so here.

> ### 2.   Plaintiff's Allegations Regarding Financial Statements, Even in Light of the Short Report, Do Not Plead Conscious Misbehavior or Recklessness.

Plaintiff's allegations concerning Defendants' alleged failure to disclose information in the Financial Statements regarding related-party transactions that was addressed the Restatement do not plead conscious misbehavior or recklessness because it is well established that the mere "fact that [a corporation] was required . . . to restate several periods' financial results . . . [does not] indicate that the [D]efendants had previously made false statements with scienter." *Plumbers and Pipefitters Local Union No. 719 Pension Trust Fund v. Conseco Inc.*, No. 09 Civ. 6966, 2011 WL 1198712, at \*22 (S.D.N.Y. Mar. 30, 2011). The size or scope of Kandi's restatement (which did not alter its reported net income) in no way alters this conclusion. *See Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 596-97 (S.D.N.Y 2011) (alleged accounting errors requiring 72% reduction in net income did not raise inference of scienter). Moreover, the Second Amended Complaint contains no particularized allegation that demonstrates that Defendants had knowledge that information in the Financial Statements regarding related-party transaction was incorrect at the time they were issued. Nor does the Second Amended Complaint contain a specific allegation demonstrating that Defendants knew of any issues with the Financial Statements prior to the Restatement.

The fact that the Restatement had no noted effect on the Company's net income severely undercuts an inference of fraud as the Court in the Dismissed Action stated in its opinion. *In re Kandi Techs*, 2019 WL 4918649, at \*8 ("[T]he fact that Kandi's restatements had no impact on Kandi's corporate *income severely undercuts an inference of fraud.*") (emphasis added). Indeed, courts have generally only found evidence of recklessness when a restatement has a material impact on income. *See, e.g.*, *Plumbers & Pipefitters*, 2011 WL 1198712, at \*22 (restatement that

20

had only a modest impact on corporate income not sufficient to establish scienter). Additionally, whereas the court in the Delaware Action's overall inquiry was to determine whether there was a "*reasonable* doubt" as to a majority of Kandi directors that the "Demand Board could [not] have validly considered a litigation demand," here, the burden is squarely on Plaintiff to allege particular facts such to create a "strong" inference of scienter that is "*more* than merely plausible or *reasonable*" and "cogent and at least as compelling as any inference of nonfraudulent intent." *Tellabs, Inc.*, 551 U.S. at 314 (emphasis added); *see also Hughes*, 2020 WL 1987029, at \*12–13.

Plaintiff's citation to the Short Report is similarly unavailing.  The Short Report consists solely of speculation from a third-party investor and incorporates only previously available public statements by the company. (SAC ¶ 85.) Nor is the Report a statement from the Company with any hand in authorship from any of the Individual defendants. (SAC ¶ 85.) Notably, Plaintiff also does not allege that the Chairman's letter that was published in response to the Report contains any materially misleading statements. (SAC ¶ 89.) Lastly, the Short Report was published on November 30, 2020, and Chairman Hu's response to the Report was published on December 7, 2020, more than two and a half years after Kandi restated its financials. (SAC ¶¶ 84, 85, 89.) Therefore, the Short Report adduces no additional facts correcting this deficiency in pleading as it relates to evidence of conscious misbehavior or recklessness.

> **3.    The Second Amended Complaint Does Not Contain Sufficient Allegations Concerning Knowledge of Control Issues When the Financial Statements Were Made.**

Plaintiff additionally bears the burden to "specifically allege . . . knowledge of facts or access to information" that would have put Defendants on notice of any issues with respect to Kandi's internal controls relating to the alleged misstatements and omissions *at the time* the Financial Statements were issued. *See In re Express Scripts Holding Co. Sec. Litig.*, 2017 WL

21

3278940, at *16. Plaintiff's conclusory allegations that "[b]ecause of their positions within the company, the Individual Defendants . . . knew or were deliberately reckless in not knowing, that [certain] adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public" do not meet this particularized requirement (SAC ¶ 20). *See Rombach*, 355 F.3d at 174 (holding that conclusory allegations of falsity are not sufficient because a party "must demonstrate with specificity why and how that is so"). Moreover, the Second Amended Complaint's description of meetings where accounting for related-party transactions was addressed fails to allege that the existence of "red flags" alerting the Defendants to the alleged fraud. *See In re MBIA, Inc. Sec. Litig.*, 700 F. Supp. 2d 566, 588 (S.D.N.Y. 2010) ("generalized allegation[s]of [company's then-Chairman and CEO and other officers'] membership on various corporate committees is insufficient to show that they were personally aware of the [alleged fraud]"); *Police & Fire Ret. Sys. v. SafeNet, Inc.*, 645 F. Supp. 2d 210, 234 (S.D.N.Y. 2009).

## C.    Plaintiff Does Not Plead a "Strong" Inference of Scienter.

Even if Plaintiff did allege facts with particularity that demonstrate scienter (which he does not), he still fails to state a claim because he has not demonstrated that any such inference is "strong" 15 U.S.C. §78u–4(b)(2). An inference of fraud must be "more than merely plausible or reasonable" and must also be "cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc.*, 551 U.S. at 314. Whereas the allegations supporting an inference of scienter contained in the Second Amended Complaint are speculative at best, the Second Amended Complaint outlines a number of particulars that demonstrate that Defendants did not act with fraudulent intent. Among these are: (i) Kandi's net income did not change as a result of the Restatement (SAC ¶ 80); (ii) Kandi's clarification of its related transactions (which were carried out at arm's-length) in 2016 (SAC ¶¶ 75-76); and (iii) Kandi's disclosure of

22

problems with internal controls, as well as the plans it outlined to fix them (SAC ¶¶ 78, 82). If these facts give rise to any presumption, it is that Defendants did *not* intend to defraud. As such, Plaintiff has failed to plead scienter and the Second Amended Complaint should be dismissed.

### III.    THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FALSITY

The Second Amended Complaint should also be dismissed because Plaintiff does not adequately plead falsity as to Defendants' alleged misrepresentations and omissions regarding internal controls nor regarding related-party transactions by alleging facts that Defendants knew that these statements were false "at the time [they were] made." *In re Lululemon Sec. Litig.,* 14 F.Supp.3d at 571. Plaintiff "fails the tests of Rule 9(b) and the PSLRA" because they do not "state with particularity . . . specific facts in support of [their] belief that [statements regarding internal controls] were false when made." *Rombach*, 355 F.3d at 172.

Plaintiff's insinuation that Kandi's issuance of the Restatement somehow constitutes an admission of falsity is inapposite (SAC ¶ 73), especially given that, as previously mentioned, the Restatement had no impact on Kandi's net income. *See In re Magnum Hunter Res. Corp. Sec. Litig.*, 26 F. Supp. 3d 278, 285 (S.D.N.Y. 2014) (holding that falsity not established simply by restatement of "modest size"). This rationale also applies to Plaintiff's tacked-on inclusion of Kandi's 2017 10-K as part of the Second Amended Complaint; the fact that "certain control deficiencies" may have existed at Kandi is completely separate and apart from his requirement to plead with particularity that the Defendants had knowledge to or access to documents relating to any misstatements or omissions at the time those documents were made. *See In re Express Scripts*, 2017 WL 3278940, at \*16. In fact, this should give rise to the assumption that the conclusions regarding controls were made in view of information obtained by Kandi *after* the statements were made. *See Denny v. Barber*, 576 F.2d 465, 470 (2d Cir. 1978) (holding that later

23

disclosure was not sufficient evidence of misstatements in original disclosures sufficient to survive a motion to dismiss, as "fraud by hindsight" is not a basis on which to plead securities fraud). Nor does the Second Amended Complaint specifically allege facts showing that Defendants had any duty to disclose or correct these things before the 2016 10-K was issued.  In fact, no duty to correct arose until Defendants learned that any prior statement was "misleading when made."  *In re Int'l Bus.  Machines Corp. Sec. Litig.*, 163 F.3d 102, 109 (2d Cir. 1998).

Plaintiff's additional references to the Short Report offer no "new" or revelatory information or otherwise demonstrate that Defendants were aware of anything false in the Financial Statements. The Short Report was not a financial statement from Kandi, and Plaintiff does not allege that the Short Report, nor the Company's response, contains any knowingly or recklessly false statements. (SAC ¶¶ 85, 89.) Additionally, the report simply consists of a repackaging of previously known facts about the Company, (SAC ¶ 86), with some additional speculation based on phone books and office proximity (SAC ¶¶ 87-88). Nothing contained therein is sufficient to show that any of the Financial Statements which form the basis of Plaintiff's claims were made or endorsed by the Individual Defendants with knowledge or access to knowledge concerning their falsity. *See, e.g., Hutchinson Tech., Inc. Sec. Litig.*, 536 F.3d 952, 962 (8th Cir. 2008) ("The mere existence of an SEC investigation does not . . . add an inference of scienter."); *Glaser v. The9, Ltd.*, 772 F. Supp. 2d at 598 ("resignations, without some indicia of highly unusual or suspicious circumstances, are insufficient."); *Podany v. Robertson Stephens, Inc.*, 318 F. Supp. 2d 146, 158 (S.D.N.Y. 2004) ("allegations concerning similar schemes do not allege fraud in a given case with the requisite particularity"). Plaintiff has failed to plead falsity.

## IV.   PLAINTIFF'S SECTION 20(A) CLAIMS SHOULD BE DISMISSED.

The Section 20(a) claims for control person liability against the Individual Defendants should also be dismissed for failure to state a clam. A claim for control person liability must

24

allege "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *ATSI Commc'ns, Inc.,* 493 F.3d 87 at 108. As set forth above, the Second Amended Complaint fails to show a primary violation by the Defendants for the reasons discussed above. The Second Amended Complaint also fails to allege that any Individual Defendant was a "culpable participant" in the alleged fraud, as it does not adequately plead scienter with particularity. *See, e.g., Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 435 (S.D.N.Y. 2010). Consequently, Plaintiff has failed to state a Section 20(a) claim.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Second Amended Complaint in its entirety and with prejudice.

Dated:      January 7, 2022         **TARTER KRINSKY & DROGIN LLP**
            New York, New York

By:    _____
             Richard J.L. Lomuscio
             Jonathan E. Temchin
        1350 Broadway
        New York, New York 10018

*Attorneys for Defendants*

25