## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SRINIVASAN VENKATARAMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br><br>KANDI TECHNOLOGIES GROUP, INC., XIAOMING HU, CHENG WANG, BING MEI, LIMING CHEN, JERRY LEWIN, AND HENRY YU,<br><br>　　　　　　　Defendants. | Case No. 1:20-cv-08082-LGS |

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## I.    INTRODUCTION

Lead Plaintiff Tom Brooks ("Plaintiff") hereby seeks judicial notice of two documents submitted in connection with Plaintiff's Opposition to Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss.  These documents are attached as Exhibits 1 and 2 to the Declaration of Ex Kano S. Sams II in Support of Plaintiff's Opposition to Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss.

## II.    STANDARD FOR JUDICIAL NOTICE

Rule 201(b) of the Federal Rules of Evidence provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  In ruling upon a motion to dismiss, courts must "accept all factual allegations in the complaint as true" and "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).[1]

Both exhibits are proper subjects for judicial notice.  Exhibit 1, a copy of the Consolidated Amended Class Action Complaint in *In re Kandi Techs. Grp., Inc. Sec. Litig.*, No. 17-cv-03049-(ER), is a pleading in another action and therefore is an appropriate subject for judicial notice. *See Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 313 n.7 (S.D.N.Y. 2015) ("The Court may take judicial notice of pleadings filed in other cases in deciding a motion to

---

[1] Unless otherwise indicated, all emphasis is added and all internal citations and footnotes are omitted.

dismiss"). Exhibit 2, the Hindenburg Research Report entitled "Kandi: How This China-Based NASDAQ Listed Company Used Fake Sales, EV Hype to Nab $160 Million From U.S. Investors," is cited extensively within Plaintiff's Second Amended Complaint for Violation of the Federal Securities Laws and is incorporated by reference therein. Accordingly, it also is a proper subject for judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("on a motion to dismiss, a court may consider documents attached to the complaint as an exhibit or incorporated in it by reference").

## III.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's request.


DATED:  January 28, 2022                 **GLANCY PRONGAY & MURRAY LLP**

By:    *s/ Ex Kano S. Sams II*
-------------------------------------------
Robert V. Prongay (admitted *pro hac vice*)
Ex Kano S. Sams II (admitted *pro hac vice*)
Charles H. Linehan (admitted *pro hac vice*)
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: esams@glancylaw.com

*Counsel for Lead Plaintiff Tom Brooks and the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

2

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On January 28, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 28, 2022.

*s/ Ex Kano S. Sams II*
Ex Kano S. Sams II