UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SRINIVASAN VENKATARAMAN, Individually, and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>KANDI TECHNOLOGIES GROUP, INC., XIAOMING HU, CHENG WANG, BING MEI, LIMING CHEN, JERRY LEWIN, and HENRY YU,<br><br>Defendants. | Case No. 1:20-cv-08082-LGS |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS**

**TARTER KRINSKY & DROGIN LLP**
Richard J.L. Lomuscio
Jonathan E. Temchin
1350 Broadway
New York, New York 10018
Tel.: (212) 216-8000
Facsimile: (212) 216-8001
Email: rlomuscio@tarterkrinsky.com
Email: jtemchin@tarterkrinsky.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

ARGUMENT ...................................................................................................................... 1

I.    PLAINTIFF'S CLAIMS ARE BARRED BY
      THE STATUTE OF LIMITATIONS. ........................................................................... 2

II.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE
      PLAINTIFF FAILS TO PLEAD SCIENTER. ................................................................ 3

      A.  Plaintiff Does Not Plead Motive and Opportunity To Commit Fraud...................... 3

      B.  Plaintiff Does Not Plead Conscious Misbehavior or Recklessness. ......................... 4

III.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE
      PLAINTIFF FAILS TO PLEAD FALSITY. ................................................................... 9

IV.   PLAINTIFF'S SECTION 20(A) CLAIM SHOULD BE DISMISSED. ......................... 10

CONCLUSION.................................................................................................................... 10

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Arco Cap. Corp. v. Deutsche Bank AG*,
  986 F. Supp. 2d 296 (S.D.N.Y. 2013)......................................................................................3

*In re Bausch & Lomb, Inc. Sec. Litig.*,
  592 F. Supp. 2d 323 (W.D.N.Y. 2008) ....................................................................................7

*Cohen v. Stevanovich*,
  722 F. Supp. 2d 416 (S.D.N.Y. 2010)....................................................................................10

*Coronel v. Quanta Capital Holdings Ltd., No. 07*
  CIV. 1405 (RPP), 2009 WL 174656 (S.D.N.Y. Jan. 26, 2009).................................................5

*ECA, Local v. JP Morgan Chase Co.*,
  553 F.3d 187 (2d Cir. 2009)...........................................................................3, 6, 7, 8

*Gavin/Solomonese LLC v. D'Arnaud-Taylor*,
  68 F. Supp. 3d 530 (S.D.N.Y. 2014) ......................................................................................2

*Glaser v. The9, Ltd.*,
  772 F. Supp. 2d 573 (S.D.N.Y. 2011).................................................................................7, 8

*Gould v. Berk & Michaels, P.C.*,
  Fed.Sec.L.Rep. (CCH) ¶ 96 (S.D.N.Y. July 29, 1991) ..............................................................9

*Hopkinson v. Est. of Siegal*,
  No. 10 CIV. 1743 LBS, 2011 WL 2935876 (S.D.N.Y. July 12, 2011)......................................2

*Intesa Sanpaolo, S.p.A. v. Credit Agricole Corp. & Inv. Bank*,
  924 F. Supp. 2d 528 (S.D.N.Y. 2013)......................................................................................3

*Janus Cap. Grp. Inc. v. First Derivative Traders*,
  564 U.S. 135 (2011)...............................................................................................................10

*In re Kandi Techs. Grp., Inc. Sec. Litig.*,
  No. 17 CIV. 1944 (ER), 2019 WL 4918649 (S.D.N.Y. Oct. 4, 2019) ..................................4, 5

*In re Lululemon Sec. Litig.*,
  14 F.Supp.3d 553(S.D.N.Y. 2014) ...........................................................................................9

*In re Magnum Hunter Res. Corp. Sec. Litig.*,
  26 F. Supp. 3d 278 (S.D.N.Y. 2014)........................................................................................9

*Merck & Co. v. Reynolds*,
   559 U.S. 633 (2010).................................................................................................2, 3

*N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty.
   Ret. Ass'n v. MDC Partners, Inc.*,
   No. 15 CIV. 6034 (RJS), 2016 WL 5794774 (S.D.N.Y. Sept. 30, 2016)...................................4

*Novak v. Kasaks*,
   216 F.3d, 300, 309 ......................................................................................................8

*O'Brien v. Price Waterhouse*,
   740 F. Supp. 276 (S.D.N.Y. 1990) ........................................................................................8

*In re PetroChina Co. Ltd. Sec. Litig.*,
   120 F.Supp.3d 340 (S.D.N.Y. 2015)..................................................................................5, 6

*Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of
   Commerce*,
   694 F. Supp. 2d 287 (S.D.N.Y. 2010)...................................................................................8

*In re PXRE Grp., Ltd., Sec. Litig.*,
   600 F. Supp. 2d 510 (S.D.N.Y. 2009)....................................................................................5

*In re SAIC Inc. Derivative Litig.*,
   948 F. Supp. 2d 366 (S.D.N.Y. 2013)....................................................................................8

*Schiro v. Cemex, S.A.B. de C.V.*,
   438 F. Supp. 3d 194 (S.D.N.Y. 2020).....................................................................................2

*Shochat v. Weisz*,
   797 F. Supp. 1097 (E.D.N.Y. 1992) ......................................................................................9

*Tabor v. Bodisen Biotech, Inc.*,
   579 F. Supp. 2d 438 (S.D.N.Y. 2008).....................................................................................4

*Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*,
   531 F.3d 190 (2d Cir. 2008).................................................................................................4

*Tellabs, Inc,. v. Makor Issues & Rights, Ltd.*,
   551 U.S. (2007)...................................................................................................................7

*Thomas v. Shiloh Indus., Inc.*,
   No. 15-CV- 7449 (KMW), 2017 WL 1102664 (S.D.N.Y. Mar. 23, 2017) .............................1

*Zucker v. Sasaki*,
   963 F. Supp. 301 (S.D.N.Y. 1997) ........................................................................................7

**Statutes and Other Authorities**

15 U.S.C. § 78j...................................................................................................................1

15 U.S.C. § 78t...................................................................................................................1

Fed. R. Civ. P. 9............................................................................................................8, 9

## ARGUMENT

Nothing in Plaintiff's Opposition salvages the SAC's failure to plead violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.[1] The Opposition underscores the SAC's incurable pleading deficiencies already dismissed by this Court (DKT. 49). Nor can Plaintiff resurrect his untimely claims by mischaracterizing Defendants' statute of limitations argument. Plaintiff has been aware of the relevant facts that form the basis of this lawsuit at the time the Dismissed Action was filed on March 16, 2017. And, even if the claims were somehow timely, Plaintiff cannot obscure that his allegations lack the particularity necessary to avoid dismissal.

Plaintiff's Opposition fails to prove motive or opportunity needed to allege scienter. (Opp. at 10-12.) Nor does Plaintiff prove scienter by conscious misbehavior or recklessness (Opp. at 15-20.) The allegations of recklessness are insufficient standing alone and do not add up to a compelling inference of scienter. *Thomas v. Shiloh Indus., Inc.,* No. 15-CV- 7449 (KMW), 2017 WL 1102664, at *6 (S.D.N.Y. Mar. 23, 2017). Moreover, Plaintiff does not dispute that the Short Report published by non-party Hindenburg Research reveals any information that was not available at the time of the Restatement or the filing of the Dismissed Action, nor can they argue that it would be impossible for Defendants to have relied on events in 2020 in making statements that occurred as early as March 2015. (Opp. at 15.) Tellingly, Plaintiff removed any reference to Chancery Court's decision in the Delaware Action which acknowledged that since the Restatement had no effect on the Company's net income it will "undercut the inference of fraud." *See Hughes v. Xiaoming Hu*, et al., No. CV 2019-0012-JTL, 2020 WL 1987029, at *17 (Del. Ch. Apr. 27, 2020).

---

[1] Unless otherwise indicated, this brief uses the same abbreviations used in Defendants' Opening Brief ("Def. Br.") (DKT. 58).

Accordingly, as Plaintiff's claims are untimely and legally deficient, this action should be dismissed with prejudice.

## I.    PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

Contrary to Plaintiff's assertion (Opp. at 22), Defendants do not contend that the statute of limitations was triggered solely because Plaintiff was put on "inquiry notice." In fact, Defendants agree with Plaintiff on the standard that applies in this case (*compare* Def. Br. at 14 *with* Opp. at 22) – "the limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered 'the facts constituting the violation,' including scienter – irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010). Corporate disclosures such as the Restatement constitute "sufficient information regarding Defendants' alleged misconduct to file a complaint ... and trigger the statute of limitations." *See Schiro v. Cemex, S.A.B. de C.V.*, 438 F. Supp. 3d 194, 202 (S.D.N.Y. 2020). Plaintiff's claims are time-barred because he actually discovered (or should have discovered had he been reasonably diligent) these facts when the Restatement was announced and the Dismissed Action was filed – which both predate the initial Complaint by more than ***three years***. (Def. Br. at 2.) Even Plaintiff acknowledges that "[o]n March 13, 2017, Kandi announced that its financial statements for 2014, 2015, and the first three quarters of 2016 would need to be restated." (Opp. at 10; SAC ¶ 78.)

Previously filed lawsuits such as the Dismissed Action similarly start the limitations period. *See Hopkinson v. Est. of Siegal,* No. 10 CIV. 1743 LBS, 2011 WL 2935876, at *1 (S.D.N.Y. July 12, 2011); *Gavin/Solomonese LLC v. D'Arnaud-Taylor,* 68 F. Supp. 3d 530, 535-36 (S.D.N.Y. 2014). The existence of nearly identical complaints wholly distinguishes this case from the authority relied on by Plaintiff where the publicly available documents were too general to trigger limitations notice. (Opp. at 21-22.)

2

Plaintiff also incorrectly suggests that Defendants cannot argue that the claims are time-barred because Defendants contest the adequacy of the pleadings. (Opp. at 21-22.) Courts in this District routinely dismiss complaints as being time-barred while also analyzing whether they satisfy securities law pleading standards. *See, e.g. Arco Cap. Corp. v. Deutsche Bank AG*, 986 F. Supp. 2d 296, 303-304 (S.D.N.Y. 2013). Adopting Plaintiff's position would mean that the limitations period could be extended indefinitely simply by filing deficient complaints. *See Pontiac* 637 F.3d. at 175. As such, The SAC should be dismissed because Plaintiff's claims are time-barred.[2]

## II.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD SCIENTER.

### A.    Plaintiff Does Not Plead Motive and Opportunity To Commit Fraud.

Plaintiff's attempt to prove scienter through motive and opportunity reinforces that all he has done is repeat redundant and deficient conclusory allegations that attempt to transform a properly disclosed restatement that had no impact on net income into securities fraud (Opp. at 13-14). Plaintiff has not shown motive and opportunity because he fails to demonstrate that Defendants benefitted in some concrete and personal way from the purported fraud. *ECA, Local v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009). Plaintiff, in generalized fashion, asserts that the supposed acts and omissions complained of enabled Kandi to obtain additional capital at favorable prices, create a public market for its common stock, and gain access to the public equity markets," as well as "artificially inflated" Kandi's common stock prices. (Opp. at

---

[2] Despite Plaintiff's assertion that the statute of repose does not bar his claims, it is indisputable that "a private right of action that involved a claim of fraud, deceit, manipulation, or contrivance in contravention of regulatory requirement concerning the securities laws . . . may be brought not later than **the earlier of**: (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." *Intesa Sanpaolo, S.p.A. v. Credit Agricole Corp. & Inv. Bank*, 924 F. Supp. 2d 528, 534 (S.D.N.Y. 2013) (emphasis added). Plaintiff's contention is similarly undercut by the fact that Congress in drafting 28 U.S.C. **§** 1658(b) intended to eliminate the possibility that defendants will be subjected to liability for acts taken long ago. *See Merck*, 559 U.S. at 635.

11; SAC ¶ 24.) But these are motives possessed by virtually all corporate insiders that do not establish scienter. *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 196-97 (2d Cir. 2008). And allegations of scienter that are based on motives possessed by virtually all corporate insiders are similarly insufficient. *N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty. Ret. Ass'n v. MDC Partners, Inc.,* No. 15 CIV. 6034 (RJS), 2016 WL 5794774, at *20 (S.D.N.Y. Sept. 30, 2016).

Plaintiff's conclusory assertions that the Company's internal control deficiencies support an inference of scienter neglects that the Restatement did not affect Kandi's reported income. (Opp. at 8, 10-11.) "Courts have only found evidence of recklessness when the restatements had some impact on income." *In re Kandi Techs. Grp., Inc. Sec. Litig.*, No. 17 CIV. 1944 (ER), 2019 WL 4918649, at *6 (S.D.N.Y. Oct. 4, 2019). Unlike here, in all of the cases cited by Plaintiff where restatements supported a pleading stage inference of conscious misbehavior or recklessness, the restatement had an impact on net corporate income. (Opp. at 11.)

Moreover, as this Court previously stated, "although (Defendants) presumably knew the identity of Kandi's counterparties in significant transactions, they would not necessarily have known . . . the test for what constitutes a related party under the applicable accounting rules or what disclosure is required." (Dismissal Order at 9.) "Because plaintiffs did not allege ownership, management, control, or significant influence, there was no duty for the defendant to disclose its relationships or transactions." *Tabor v. Bodisen Biotech, Inc.*, 579 F. Supp. 2d 438, 450–51 (S.D.N.Y. 2008). Plaintiff fails to sufficiently plead scienter through misbehavior or fraud and this claim must be dismissed.

**B.      Plaintiff Does Not Plead Conscious Misbehavior or Recklessness.**

*Plaintiff Does Not Sufficiently Allege Defendants Made False and Misleading Representations Amounting To Fraud.* Plaintiff's allegations do not show that Defendants were

4

aware of any facts contradicting the statements regarding internal controls when made, nor does he sufficiently allege how and why Defendants "actually knew, or were reckless in not knowing, that the statements were false at the time made." (Opp. at 15-17.) *Coronel v. Quanta Capital Holdings Ltd., No. 07* CIV. 1405 (RPP), 2009 WL 174656, at *30 (S.D.N.Y. Jan. 26, 2009). Nor has Plaintiff demonstrated that specific contradictory information was available to the defendants at the same time they made misleading statements. *In re PXRE Grp., Ltd., Sec. Litig.*, 600 F. Supp. 2d 510, 536 (S.D.N.Y. 2009).

To establish an inference of scienter, "Plaintiffs must do more than allege that [Defendants] had or should have had knowledge of certain facts contrary to their public statements simply by virtue of their high-level positions." *In re PetroChina Co. Ltd. Sec. Litig.,* 120 F.Supp.3d 340, 66 (S.D.N.Y. 2015) As was held in the Dismissed Action: "[a]ccepting Plaintiffs' pleadings as true, they nevertheless fail to point to any specific fact that the Individual Defendants either 'knew or should have known' of the errors and omissions" and"plaintiffs' argument that Defendants' awareness of some weak aspects of their internal controls, without more, necessarily suggest their awareness of other internal control problems and their impact on Kandi's financial statement is unpersuasive." (*In re Kandi* at * 6-7.)

As previously addressed by this Court in the Dismissal Order, Plaintiff's allegations in this case regarding alleged false statements are conclusory and insufficient to plead scienter. (*Compare*, SAC ¶ 17 *with* Dismissal Order at 6-7) "[b]ased on the dearth of alleged facts, the more compelling inference is that the errors in the financial statements were made unwittingly and without knowledge or reckless disregard that the applicable accounting rules required more or different financial disclosures." (Dismissal Order at 7.) The Court held that the internal control deficiencies acknowledged in the Restatement alone could not support an inference of scienter

because the complaint lacked any allegations that "the errors were made [by Defendants] intentionally or recklessly" (Dismissal Order at 8). As such, Plaintiff's regurgitated claims that Defendants participated in the fraud because they made false and misleading representations should likewise be dismissed.

*Defendants' Alleged Failure to Check Information They Had a Duty to Monitor Does Not Contribute to the Strong Inference of Scienter.* Plaintiff's conclusory allegations regarding Defendants' purported knowledge or access to information do not support a strong inference of scienter by recklessness or misbehavior. (Opp. at 17-18.) When a plaintiff fails to allege motive, "the strength of [his] circumstantial allegations" of conscious misbehavior or recklessness generally must be "correspondingly greater." *ECA, Local*, 553 F.3d at 198-99. To plead scienter based on conscious misbehavior, Plaintiff must allege "conduct . . . that is at the least highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known . . . or so obvious that [Defendants] must have been aware of it." *In re PetroChina,* 120 F.Supp.3d at 365-66.

Plaintiff has likewise failed to sufficiently plead that Defendants engaged in "highly unreasonable" conduct that represents an extreme departure for the standards of ordinary care. *ECA, Local*, 553 F.3d at 202-03. As such, Plaintiff has failed to demonstrate scienter as Defendants' alleged failure to check information they had a duty to monitor does not amount to conscious misbehavior or recklessness.

*The Termination of AWC as the Company's Auditor Does Not Contribute to the Strong Inference of Scienter.* The fact that independent auditor AWC was terminated does not equate to a strong inference of scienter (Opp. 18-19). Where, as here, the plaintiff "does not allege any motive for the [a]uditor ... to defraud and premises his claim entirely on a theory of recklessness, the

strength of the circumstantial allegations [of recklessness] must be correspondingly greater." *ECA, Local* 553 F.3d at 198-99. The mere misapplication of accounting principles by an independent auditor does not establish scienter. *Zucker v. Sasaki*, 963 F. Supp. 301, 307 (S.D.N.Y. 1997). Defendants' accounting was reviewed and approved by an independent auditor, AWC, which further undermines any inference of scienter. *See, e.g., In re Bausch & Lomb, Inc. Sec. Litig.*, 592 F. Supp. 2d 323, 341 (W.D.N.Y. 2008). For a strong inference of scienter  in accordance with § 78u–4(b)(2)(A), it must be "more than merely 'reasonable' or 'permissible'—it must be cogent and ... at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc,. v. Makor Issues & Rights, Ltd.,* 551 U.S., 308, 324 (2007). There is no allegation in the SAC that proves that the termination of AWC had anything to do with, or provided any knowledge to the Defendants of, issues that led to the Restatements or that Defendant's had any knowledge that AWC was improperly performing accounting tasks related to the GAAP errors. As such, this claim should also be dismissed.

*Defendant Wang's Resignation Does Not Allege Scienter.* Plaintiff fails to plead a strong inference of scienter with regards to Wang's resignation. (Opp. at 19.) Nor does he allege a connection between Wang's resignation to a culpable state of mind. (Dismissal Order at 10.) "Resignations, without some indicia of highly unusual or suspicious circumstances, are insufficient." *Glaser v. The9, Ltd*., 772 F. Supp. 2d 573, 598 (S.D.N.Y. 2011). Although the timing and circumstances surrounding resignations may infer scienter, the burden remains on Plaintiff to allege facts supporting a strong inference of scienter. *comScore,* 268 F. Supp. 3d 526 at 551, 553 (S.D.N.Y. 2017). Wang's resignation in and of itself cannot serve as the basis for pleading scienter absent "independent facts indicat[ing] that the resignation was somehow tied to the fraud alleged," and Plaintiff fails to assert any such facts here. (*Glaser,* 772 F. Supp at 598.)

*Defendants' GAAP Violations Do Not Demonstrate Scienter.*   Plaintiff's assertion that GAAP violations is sufficient evidence of scienter has already been rejected. (Dismissal Order at 11.) Even if there was a GAAP violation, Plaintiffs do not sufficiently explain how the Defendants' conduct amounted to a GAAP violation. (Opp. at 20). "[A]llegations of GAAP violations or accounting irregularities, standing alone, are insufficient to state a securities fraud claim. Only where such allegations are coupled with evidence of corresponding fraudulent intent might they be sufficient." *Novak v. Kasaks*, 216 F.3d, 300, 309; *ECA, Local*, 553 F.3d at 187.  Courts routinely reject the argument that "knowledge of wrongdoing in other transactions" illustrates a "red flag" that should have put Defendants on "a heightened state of alert" that prevented different problems in subsequent transactions. *In re SAIC Inc. Derivative Litig.,* 948 F. Supp. 2d 366, 387 (S.D.N.Y. 2013). "Absent facts indicating that [D]efendants knew of the falsity of their statements, that an eventual [restatement of the Financial Statements] was large does not support the required strong inference of misbehavior." *ECA, Local*, 553 F.3d at 187; *Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F. Supp. 2d 287, 302 (S.D.N.Y. 2010).  The SAC acknowledges that Kandi's restatement did not alter its net income which undercuts any claim that the restatement was of great magnitude. (SAC ¶ 30). Even if the SAC had identified the problem that caused the GAAP errors, the SAC fails to establish that the conduct cited by Plaintiff had anything to do with them and should be dismissed.

*Defendants' Accounting Experience Does Not Support An Inference of Scienter.* There is no basis for the assertion that the Defendants possessed scienter simply because they are accountants. (Opp. at 20; SAC ¶ 15).  *See, e.g., O'Brien v. Price Waterhouse,* 740 F. Supp. 276, 282 (S.D.N.Y. 1990) ("Conclusory allegations of a firm's tax expertise do not satisfy the requirements of Rule 9(b) unless specifically shown how or why the expert should have believed

8

the projections to be inaccurate.) *See, Shochat v. Weisz*, 797 F. Supp. 1097, 1112 (E.D.N.Y. 1992) (intent and knowledge of fraud or recklessness of accountant mut be shown to recover on a fraud claim.) To recover based upon an accountant's alleged material omission, the information omitted must be of the type that would have been significant to a reasonable investor's decision had it been disclosed. (*Gould v. Berk & Michaels, P.C.,* Fed.Sec.L.Rep. (CCH) ¶ 96, 150 (S.D.N.Y. July 29, 1991). As such, the assertion that Defendants' accounting experience creates an inference of scienter must be dismissed.

## III.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FALSITY.

Further, Plaintiff does not identify any paragraph in the SAC that adequately pleads falsity as to alleged misrepresentations and omissions regarding internal controls or related-party transactions by alleging facts that Defendants knew that these statements were false "at the time [they were] made." *In re Lululemon Sec. Litig.,* 14 F.Supp.3d 553, 571(S.D.N.Y. 2014). Plaintiff "fails the tests of Rule 9(b) and the PSLRA" because they do not "state with particularity . . . specific facts in support of [their] belief that [statements regarding internal controls] were false when made." *Rombach*, 355 F.3d at 172.  Allegations that merely list the alleged GAAP errors and control issues identified in the Financial Statements meet this burden as they do not contain specific facts pleading that Defendants knew of the errors and control issues when the Financial Statements were issued.

Moreover, Plaintiff's insinuation that Kandi's issuance of the Restatement somehow constitutes an admission of falsity is inapposite (SAC ¶ 73), especially given that, as previously mentioned, the Restatement had no impact on Kandi's net income. S*ee In re Magnum Hunter Res. Corp. Sec. Litig*., 26 F. Supp. 3d 278, 285 (S.D.N.Y. 2014) (falsity not established simply by restatement of "modest size"). Furthermore, Plaintiff's incorporation of the Short Report (SAC ¶

89), which is not a statement by the Company and only concerned the sales in 2019 and 2020, does not bear on the falsity of statements made by in 2015 and 2016. *See Janus Cap. Grp. Inc. v. First Derivative Traders,* 564 U.S. 135, 146-147 (2011); Dismissal Order at 9.

## IV.    PLAINTIFF'S SECTION 20(A) CLAIM SHOULD BE DISMISSED.

Plaintiff concedes that his Section 20(a) claim hinges on pleading "(1) a primary violation by a controlled person; and (2) direct or indirect control of the primary violator by the defendant." (Opp. at 25.) Because Plaintiff has failed to show a primary violation by the Defendants for the reasons discussed above, the SAC also fails to allege that any individual Defendant was a "culpable participant" in the alleged fraud, as it does not adequately plead scienter with particularity. *See Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 435 (S.D.N.Y. 2010). As such, Plaintiff has failed to state a 20(a) claim.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an order granting its motion and dismissing the SAC in its entirety.

Dated: February 9, 2022
New York, New York

**TARTER KRINSKY & DROGIN LLP**

By: _____

Richard J.L. Lomuscio
Jonathan E. Temchin
1350 Broadway
New York, New York 10018
Telephone: (212) 216-8000
Facsimile: (212) 216-8001
Email: rlomuscio@tarterkrinsky.com
Email: jtemchin@tarterkrinsky.com

*Attorneys for Defendants*

10