# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Srinivasan Venkataraman, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Kandi Technologies Group, Inc., Xiaoming Hu, Cheng Wang, Bing Mei, Liming Chen, Jerry Lewin, and Henry Yu,<br><br>    Defendants. | Civil Action No. 20 CIV. 8082 (LGS)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, Rule I.D.4 of the Court's Individual Rules and Procedures for Civil Cases, and the Court's September 28, 2022 Civil Case Management Plan and Scheduling Order, by and among the parties through their undersigned counsel, that this Stipulation and Protective Order ("Stipulation and Order") govern the disclosure and use by the parties of all documents, testimony, deposition transcripts, exhibits, interrogatory answers, responses to requests to admit, electronically stored information ("ESI"), and any other materials and information produced or provided in the above-referenced Action ("Discovery Materials").

1. A party, person, or entity that produces or discloses Discovery Materials in connection with this Action is referred to herein as the "Disclosing Party."

2. A party, person, or entity that receives Discovery Materials in connection with this Action is referred to herein as the "Receiving Party."

3. All Discovery Materials produced or disclosed in connection with this Action may be used solely for the prosecution or the defense of this Action (including any appeal therefrom).

4. Any Disclosing Party may, subject to this Stipulation and Order, designate as "Confidential" any Discovery Material that the Disclosing Party reasonably and in good faith believes contains: (1) any non-public trade secrets or other confidential research, development, or commercial information that may be subject to a protective order under Fed. R. Civ. P. 26(c)(1)(G), or otherwise contains information that is non-public and proprietary or sensitive from a commercial or financial perspective; (2) sensitive, non-public personal information

concerning individuals or entities, including, but not limited to, social security numbers, home telephone numbers and addresses, financial account information, personal financial information, tax returns, and/or medical information; or (3) information relating to unreleased products or products in development.

5. Discovery Material designated "Confidential" is referred to herein as "Confidential Discovery Material." No designation of Confidential Discovery Materials will be effective unless there is placed or affixed on each page of the material (in a manner that will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent, or, in the case of depositions, as set forth in paragraph 10 below. ESI designated as "Confidential" must be so designated by including this notice in the body of the electronic document or by affixing a stamp with this notice on the medium (including, but not limited to, media containing ESI) on which the electronic data is stored before copies are delivered to a Receiving Party. Print-outs of any ESI designated as Confidential Discovery Material must be treated as Confidential in accordance with this Stipulation and Order.

6. The designation of any Discovery Material as "Confidential" is not an admission by the Disclosing Party that the Discovery Material is relevant or is not subject to an applicable privilege or protection. Additionally, the designation of any Discovery Material as "Confidential" is also not an admission by the Disclosing Party that the Discovery Material is either admissible, relevant to any party's claim or defense, or is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

7. This Stipulation and Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and attorney work product doctrine, and is without prejudice to any other party's right to contest any claim of privilege or protection.

8. The inadvertent production of any Discovery Material in this Action will be without prejudice to any claim that the material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Material"), and no party waives any claims or arguments under the inadvertent-production doctrine. If a Disclosing Party believes that Privileged Material was inadvertently produced, the Disclosing Party may notify any party that received the information of the claim and the basis for it.  After receipt of this notice, the party to whom the Privileged Material was produced: (1) must promptly return, sequester, or destroy the Privileged Material and any copies it has; (2) must not use or disclose the information until the claim of privilege or protection is resolved; (3) must take reasonable steps to retrieve the information if the party disclosed it before being notified; and (4) may notify the Disclosing Party in writing whether it objects to the designation of the material as privileged or protected. Within seven calendar days of the receipt of an objection, the objecting party and the Disclosing Party must meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected.  If the parties cannot resolve their disagreement, the Disclosing Party may promptly present the information to the Court under seal for a determination of the Disclosing Party's claim of privilege or protection in accordance with Rule I.D. of the Court's Individual Rules and Procedures for Civil Cases.

While any application of this kind is pending, the Privileged Material subject to that application must be treated by the Receiving Party as privileged or protected until the Court issues a ruling. If the Court determines that the material is privileged or protected, the Receiving Party must immediately return or destroy the inadvertently disclosed Privileged Material and all copies of it. If the Disclosing Party does not apply to the Court for a ruling on the designation of the Privileged Material at issue as privileged or protected within 15 calendar days from the receipt of the Disclosing Party's notice by the Receiving Party (regardless of whether the parties met and conferred on the subject), the Discovery Material in question will be deemed privileged or protected, in which case the Receiving Party must immediately return or destroy the inadvertently disclosed Privileged Material and all copies of it. The Disclosing Party has the burden of showing that the Discovery Material at issue is privileged or protected. Nothing in this Stipulation and Order prevents any party from objecting to the designation of any Discovery Material as privileged or protected, or from seeking further protection for any material it produces in discovery.

9. If a Disclosing Party inadvertently discloses Confidential Discovery Material without designating it as Confidential, the Disclosing Party must inform the Receiving Party of the inadvertent disclosure within 14 days of its discovery. The Receiving Party must thereafter treat the information as Confidential Discovery Material. To the extent the information has been disclosed by the Receiving Party to anyone not authorized to receive Confidential Discovery Material, the Receiving Party must make reasonable efforts to retrieve the information promptly and to avoid any further disclosure to anyone not authorized to receive Confidential Discovery Material. The Disclosing Party's failure to advise the Receiving Party of the inadvertent disclosure within 14 days after discovery is not a waiver or

admission by the Disclosing Party that the information is not confidential.

10. A Disclosing Party may, on the record of a deposition, or within 14 days after receipt of the transcript of the deposition, designate any portion or portions of the deposition as "Confidential" under this Stipulation and Order. Until this time period expires without any designation having been made, the entire deposition transcript must be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the Disclosing Party. All copies of deposition transcripts that contain material designated as Confidential Discovery Material must be prominently marked "Confidential" on their covers. Objections to the designation of Confidential Discovery Material under this paragraph are governed by paragraph 15 below.

11. Except upon the prior written consent of the Disclosing Party, Confidential Discovery Material may not be disclosed, summarized, or otherwise made available to anyone except the following persons:

(a) the Court and court personnel, any appellate court in this Action, and jurors, prospective jurors, and alternate jurors in this Action;

(b) the parties' counsel (including in-house and outside counsel) participating in the prosecution and defense of this action and their legal, clerical, or support staff, including temporary or contract staff;

(c) the named parties in this Action (including past or present officers, directors, and employees of the named parties);

(d) professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Action;

(e) persons who are indicated in Confidential Discovery Material or associated

metadata to have been authors or recipients (including, without limitation, "bcc" recipients) of the Confidential Discovery Material;

(f) expert witnesses or consultants who are employed or retained by a party in connection with the prosecution or defense of this action if counsel, in good faith, requires their assistance in connection with this Action, and if any report created by the experts or consultants relying on or incorporating Confidential Discovery Material in whole or in part is designated as "Confidential" by the party responsible for its creation;

(g) deponents and witnesses or prospective witnesses (and counsel for the witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof, but a person identified solely in this subparagraph may not be permitted to retain copies of any Confidential Discovery Materials;

(h) outside photocopying services, data-processing services, graphic-production services, litigation-support services, or investigators employed by the parties or their counsel to assist in this Action and computer personnel performing duties in relation to a computerized litigation system;

(i) any mediator or arbitrator engaged by the named parties to the Action; and

(j) any other person upon order of the Court or stipulation of the named parties to the Action.

12. The terms "counsel," "expert," and "investigator" include their staff who are assigned to and reasonably necessary to assist the counsel, expert, or investigator in the preparation of this litigation.

13. All persons to whom Confidential Discovery Material is disclosed under subparagraphs 11(f), (g), or (h) as applicable above must, before disclosure, be advised of the

6

contents of this Stipulation and Order. All persons to whom Confidential Discovery Material is disclosed solely under subparagraph 11(f) must execute a certification evidencing their agreement to the terms of the Stipulation and Order, in the form attached as Exhibit A.

14. If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed, to the extent permitted by law, must promptly give written notice to the Disclosing Party and include with the notice a copy of the subpoena. The person to whom the subpoena is directed must also make reasonable, good-faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection for the Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena. In no event may Discovery Materials subject to this Stipulation and Order be produced by a person receiving a subpoena without providing the Disclosing Party a reasonable opportunity to quash or object, absent a court order to do so.

15. No party is obligated to challenge the propriety of a designation of Discovery Materials as Confidential when initially received, and a failure to do so will not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Discovery Materials as Confidential under this Stipulation and Order, the objecting party must notify the Disclosing Party in writing. Within seven calendar days of the receipt of this notification, counsel for the Disclosing Party and the objecting party must meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the Discovery Materials as Confidential. If, for whatever reason, the parties do not resolve their disagreement within that time period, the Disclosing Party may apply to the Court within 14

calendar days from the date of receipt of the notification for a ruling on the Disclosing Party's designation of the Discovery Materials as Confidential. The Disclosing Party has the burden of showing that the document or information is Confidential. While any application of this kind is pending, the documents or materials subject to that application must be treated as Confidential until the Court issues a ruling. If the Disclosing Party does not apply to the Court for a ruling on its designation of Discovery Materials as Confidential within 14 calendar days from the date of receipt of the notification (regardless of whether the parties met and conferred on the subject), the Discovery Materials in question will no longer be deemed Confidential. Nothing in this Stipulation and Order prevents any party from objecting to the designation of any documents as Confidential or from seeking further protection for any material it produces in discovery.

16.     The parties shall comply with Rule I.D.3. of the Court's Individual Rules and Procedures for Civil Cases regarding the filing or submission of any Confidential Discovery Material.

17.     After the termination of the Action (including all appeals relating to the Action having been exhausted or the time to appeal having expired), this Stipulation and Order will continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court will retain jurisdiction over the parties for enforcement of its provisions.

18.     Unless otherwise ordered or agreed to in writing by the Disclosing Party, within 90 days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the Receiving Party must take reasonable efforts to see that all Confidential Discovery Material and copies are either: (a) destroyed and the Receiving Party

must provide the Disclosing Party with a certification stating that the Disclosing Party's Confidential Discovery Material has been destroyed; or (b) returned by the Receiving Party to the Disclosing Party. Notwithstanding this Provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports or attorney work product, as well as those materials containing Confidential Discovery Material that constitute counsel's work product or emails, were served in the Action, filed with the Court, or marked as trial exhibits if counsel otherwise comply with this Stipulation and Order with respect to the retained material.

19. Each party must, through counsel, promptly advise the Disclosing Party of any losses or compromises of the Confidentiality of the Confidential Discovery Material governed by this Stipulation and Order. The party that lost or compromised the Confidential Discovery Material of the Disclosing Party must take reasonable measures to limit the loss or unauthorized disclosure.

20. Nothing in this Stipulation and Order limits any Disclosing Party's use or disclosure of its own documents, materials, or information that has been designated as Confidential under this Stipulation and Order.

21. In addition, nothing in this Stipulation and Order prevents or in any way limits disclosure, use, or dissemination of any documents, information, or material that:

(a) was, is, or becomes public knowledge, not in breach of this Stipulation and Order; or

(b) is acquired by a party from a non-party having the right to disclose the documents, information, or material, or is learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

22. A non-party from whom discovery is sought by the parties to this Action may designate Discovery Materials produced by it as "Confidential" under this Stipulation and Order if the non-party has endorsed a copy of Exhibit A to this Stipulation and Order and delivered it to the requesting party who, in turn, must file it with the Court and serve it upon counsel for the other parties. Under these circumstances, Discovery Material designated "Confidential" by a non-party is assigned the same protection as Discovery Material so designated by a Disclosing Party, and all rights and obligations applicable to a Disclosing Party under this Stipulation and Order apply to a non-party designating Discovery Material "Confidential." All rights and obligations applicable to parties receiving Confidential Discovery Material from a party apply to any party receiving Confidential Discovery Material from a non-party.

23. If additional persons become parties to this Action, these parties may not have access to Confidential Discovery Material produced by, or obtained from, any Disclosing Party until the newly-joined parties or their counsel endorses a copy of Exhibit A to this Stipulation and Order, files it with the Court, and delivers it to all parties.

24. This Stipulation and Order does not affect or limit in any way the admissibility or use of any document, testimony, or other evidence at trial or a hearing of this Action, or prejudice or limit in any way the rights of any party to object to the authenticity, admissibility into evidence, or use of any document, testimony, or other evidence at trial or a hearing.

25. This Stipulation and Order does not prevent any party from applying to the Court for further or additional protective orders or for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Order, subject to approval of the Court.

26. This Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York. Any dispute between the parties regarding this Stipulation and Order will be resolved by making an appropriate application to this Court in accordance with its Rules. All persons who have access to information or material designated as Protected Material under this Order acknowledge that they are bound by this Order and submit to the jurisdiction of this Court for the purposes of enforcing this Protective Order.

27. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential. Documents may be filed under seal only as provided in the Court's Rule I.D.3.

**STIPULATED AND AGREED:**

Dated: October 12, 2022
   New Yor, New York

**GLANCY PRONGAY & MURRAY LLP**   **TARTER KRINSY & DROGIN LLP**

By: */s/ Ex Kano S. Sams II*   By: */s/ Richard J.L. Lomuscio*
   Ex Kano S. Sams II       Richard J.L. Lomuscio
   (admitted *pro hac vice*)    1350 Broadway
   1925 Century Park East, Suite 2100   New York, NY 10018
   Los Angeles, California 90067    Tel.: (212) 216-8000
   Tel.: (310) 201-9150      Email: rlomuscio@tarterkrinsky.com
   Email: esams@glancylaw.com

*Attorneys for Lead Plaintiff Tom Brooks and the Class*    *Attorneys for Defendants Kandi Technologies Group, Inc., Xiaoming Hu, Cheng Wang, Liming Chen, Jerry Lewin and Henry Yu*

   **IT IS SO ORDERED**
   Dated: October 12, 2022

   _____
   **LORNA G. SCHOFIELD**
   **UNITED STATES DISTRICT JUDGE**

11

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Srinivasan Venkataraman, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>Kandi Technologies Group, Inc., Xiaoming Hu, Cheng Wang, Bing Mei, Liming Chen, Jerry Lewin, and Henry Yu,<br><br>    Defendants. | Civil Action No. 20 CIV. 8082 (LGS)<br><br>**UNDERTAKING REGARDING STIPULATION AND PROTECTIVE ORDER** |

1. I, _____, declare as follows:

2. I have received a copy of the Stipulation and Protective Order, entered on _____ (the "Stipulation and Order") in the action entitled *Srinivasan Venkataraman v. Kandi Technologies Group, Inc. et al.*, Case 1:20-cv-08082-LGS, and I have read and understand its provisions.

3. I will comply with all of the provisions of the Stipulation and Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Order, and will not use for purposes other than for this Action any information designated "Confidential" that I receive in this Action, except as otherwise permitted under the Stipulation and Order.

4. For purposes of enforcing the Stipulation and Protective Order, I consent to the jurisdiction of the United States District Court for the Southern District of New York.

Date: _____  By: _____