UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SRINIVASAN VENKATARAMAN, Individually, and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

KANDI TECHNOLOGIES GROUP, INC., XIAOMING HU, CHENG WANG, BING MEI, LIMING CHEN, JERRY LEWIN and HENRY YU,

Defendants.

Case No. 1:20-cv-08082 (LGS)

---

**ANSWER OF DEFENDANTS TO THE SECOND AMENDED COMPLAINT**

Defendants Kandi Technologies Group, Inc. ("Kandi" or the "Company"), Xiaoming Hu ("Hu"), Cheng Wang ("Wang"), Liming Chen ("Chen"), Jerry Lewin ("Lewin"), and Henry Yu ("Yu") (collectively, the "Defendants", and, excluding Kandi, the "Individual Defendants"),[1] through their attorneys Tarter Krinsky & Drogin LLP, submit this Answer to the Second Amended Complaint (the "Complaint") filed by Plaintiff Tom Brooks ("Plaintiff") Second Amended Complaint (the "Complaint"), states as follows:

**NATURE OF THE ACTION**[2]

1.      The allegations in paragraph 1 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

---

[1] Former Defendant Bing Mei is not required to provide a response because all claims against him were dismissed and he is no longer a party to this action.  (*See* ECF No. 64 at 18.).

[2] The headers in the Answer correspond to those contained in the Complaint. The inclusion of these headers is for ease of reference only and no substantive response to them is required.

2.      The allegations in paragraph 2 of the Complaint contains Plaintiff's characterization of Kandi's enterprise and other conclusions to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

3.      The allegations in paragraph 3 of the Complaint contains Plaintiff's characterization of Kandi's public filings and other conclusions to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

4.      The allegations in paragraph 4 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

5.      The allegations in paragraph 5 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

6.      The allegations in paragraph 6 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

**JURISDICTION AND VENUE**

7.      The allegations in paragraph 7 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

2

8. The allegations in paragraph 8 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

9. The allegations in paragraph 9 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

10. The allegations in paragraph 10 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

**PARTIES**

11. The allegations in paragraph 11 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

12. Admitted.

13. Admitted to the extent that the allegations in paragraph 13 allege Defendant Hu served as Chief Executive Officer, President, and Chairman of the Board of Kandi during the alleged Class Period.  To the extent the rest of paragraph 13 contains allegations which constitute legal argument and other conclusions as to which no response is required. Furthermore, to the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

14. Admitted to the extent that the allegations in paragraph 14 allege Defendant Wang served as Chief Financial Officer at Kandi from May 1, 2015 until November 14, 2016. To the extent the rest of paragraph 14 contains allegations which constitute legal argument and other

3

conclusions as to which no response is required. Furthermore, to the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

15.     Defendant Mei was dismissed from this Action pursuant to the Opinion and Order issued by the Court on September 13, 2022. (ECF No. 64.)

16.     Admitted to the extent that the allegations in paragraph 16 alleges Defendant Chen served as a director at Kandi, the Chair of the Compensation Committee, and as a member of both the Audit Committee and the Nominating and Corporate Governance Committee. The rest of paragraph 16 contains allegations which constitute legal argument and other conclusions as to which no response is required. Furthermore, to the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

17.     Admitted to the extent that the allegations in paragraph 17 alleges Defendant Lewin served as a director at Kandi, and as a member of the Audit Committee. The rest of paragraph 17 contains allegations which constitute legal argument and other conclusions as to which no response is required. Furthermore, to the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

18.     Admitted to the extent that the allegations in paragraph 18 alleges Defendant Yu served as a director at Kandi, the Chair of the Audit Committee, and as a member of both the Compensation Committee and the Nominating and Corporate Governance Committee. The rest of paragraph 18 contains allegations which constitute legal argument and other conclusions as to which no response is required. Furthermore, to the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

19. The allegations in paragraph 19 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

20. The allegations in paragraph 20 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

21. The allegations in paragraph 21 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

22. The allegations in paragraph 22 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

23. The allegations in paragraph 23 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

24. The allegations in paragraph 24 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

**SUBSTANTIVE ALLEGATIONS**

25. Defendants respectfully refer the Court to Kandi's public filings, for a true and correct statement of its contents. To the extent an answer to paragraph 25 of the Complaint is required, Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26. The allegations in paragraph 26 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

27. The allegations in paragraph 27 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

28. The allegations in paragraph 28 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

29. The allegations in paragraph 29 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

30. The allegations in paragraph 30 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

31. The allegations in paragraph 31 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

32. Defendants respectfully refer the Court to Kandi's public filings, for a true and correct statement of its contents. To the extent an answer to paragraph 32 of the Complaint is required, Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33.    Defendants respectfully refer the Court to the 10-K form filed on March 17, 2014, for a true and correct statement of its contents. To the extent an answer to paragraph 33 of the Complaint is required, Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34.    Defendants respectfully refer the Court to the 10-K form filed on March 17, 2014, for a true and correct statement of its contents. To the extent an answer to paragraph 34 of the Complaint is required, Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35.    Defendants respectfully refer the Court to the 10-K form filed on March 17, 2014, for a true and correct statement of its contents. To the extent an answer to paragraph 35 of the Complaint is required, Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36.    The allegations in paragraph 36 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

37.    The allegations in paragraph 37 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

38.    Defendants respectfully refer the Court to the document referenced in paragraph 38 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 38 of the Complaint is required, Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.    Defendants respectfully refer the Court to the document referenced in paragraph 39 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 39 of the Complaint is required, Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40.    Defendants respectfully refer the Court to the minutes of the Audit Committee meeting referenced in paragraph 40 of the Complaint for its legal or factual significance, if any. To the extent an answer to paragraph 40 of the Complaint is required, Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41.    Defendants respectfully refer the Court to the minutes of the Audit Committee meeting referenced in paragraph 41 of the Complaint for its legal or factual significance, if any. To the extent an answer to paragraph 41 of the Complaint is required, Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42.    Defendants respectfully refer the Court to the minutes of the Audit Committee meeting referenced in paragraph 42 of the Complaint for its legal or factual significance, if any. To the extent an answer to paragraph 42 of the Complaint is required, Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43.    Defendants respectfully refer the Court to the minutes of the Audit Committee meeting referenced in paragraph 43 of the Complaint for its legal or factual significance, if any. To the extent an answer to paragraph 43 of the Complaint is required, Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.    Defendants respectfully refer the Court to the minutes of the Audit Committee meeting referenced in paragraph 44 of the Complaint for its legal or factual significance, if any. To the extent an answer to paragraph 44 of the Complaint is required, Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45.    Defendants respectfully refer the Court to the document referenced in paragraph 45 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph

45 of the Complaint is required, Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46.    Defendants respectfully refer the Court to the document referenced in paragraph 46 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 46 of the Complaint is required, Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47.    Defendants respectfully refer the Court to the document referenced in paragraph 47 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 47 of the Complaint is required, Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48.    Defendants respectfully refer the Court to the document referenced in paragraph 48 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 48 of the Complaint is required, Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49.    The allegations in paragraph 49 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

50.    Defendants respectfully refer the Court to the document referenced in paragraph 50 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 50 of the Complaint is required, Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51.    Defendants respectfully refer the Court to the document referenced in paragraph 51 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph

51 of the Complaint is required, Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52. Defendants respectfully refer the Court to the document referenced in paragraph 52 of the Complaint for its legal or factual significance, if any. To the extent an answer to paragraph 52 of the Complaint is required, Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53. Defendants respectfully refer the Court to the document referenced in paragraph 53 of the Complaint for its legal or factual significance, if any. To the extent an answer to paragraph 53 of the Complaint is required, Defendants deny the allegations set forth in paragraph 53 of the Complaint.

54. Defendants respectfully refer the Court to the document referenced in paragraph 54 of the Complaint for its legal or factual significance, if any. To the extent an answer to paragraph 54 of the Complaint is required, Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. The allegations in paragraph 55 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

56. The allegations in paragraph 56 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

57. Defendants respectfully refer the Court to the document referenced in paragraph 57 of the Complaint for its legal or factual significance, if any. To the extent an answer to paragraph

57of the Complaint is required, Defendants deny the allegations set forth in paragraph 57 of the Complaint.

58.     Defendants respectfully refer the Court to the document referenced in paragraph 58 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 58 of the Complaint is required, Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59.     Defendants respectfully refer the Court to the document referenced in paragraph 59 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 59 of the Complaint is required, Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60.     Defendants respectfully refer the Court to the document referenced in paragraph 60 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 60 of the Complaint is required, Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61.     Defendants respectfully refer the Court to the document referenced in paragraph 61 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 61 of the Complaint is required, Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62.     Defendants respectfully refer the Court to the document referenced in paragraph 62 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 62 of the Complaint is required, Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63.     Defendants respectfully refer the Court to the document referenced in paragraph 63 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 63 of the Complaint is required, Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64.     Defendants respectfully refer the Court to the document referenced in paragraph 64 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 64 of the Complaint is required, Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65.     Defendants respectfully refer the Court to the minutes of the Audit Committee meeting referenced in paragraph 65 of the Complaint for its legal or factual significance, if any. To the extent an answer to paragraph 65 of the Complaint is required, Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66.     The allegations in paragraph 66 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

67.     The allegations in paragraph 67 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

68.     Defendants respectfully refer the Court to the document referenced in paragraph 68 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 68 of the Complaint is required, Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69.     Defendants respectfully refer the Court to the document referenced in paragraph 69 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 69 of the Complaint is required, Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70.     The allegations in paragraph 70 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

71.     Defendants respectfully refer the Court to the document referenced in paragraph 71 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 71 of the Complaint is required, Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72.     Defendants respectfully refer the Court to the document referenced in paragraph 72 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 72 of the Complaint is required, Defendants deny the allegations set forth in paragraph 72 of the Complaint.

73.     The allegations in paragraph 73 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

74.     The allegations in paragraph 74 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

75.     Defendants respectfully refer the Court to the document referenced in paragraph 75 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph

75 of the Complaint is required, Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76.     Defendants respectfully refer the Court to the document referenced in paragraph 76 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 76 of the Complaint is required, Defendants deny the allegations set forth in paragraph 76 of the Complaint.

77.     Admitted to the extent that Defendant Wang resigned as CFO of Kandi. The rest of the allegations in paragraph 77 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

78.     Defendants respectfully refer the Court to the document referenced in paragraph 78 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 78 of the Complaint is required, Defendants deny the allegations set forth in paragraph 78 of the Complaint.

79.     The allegations in paragraph 79 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

80.     Defendants respectfully refer the Court to the document referenced in paragraph 80 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 80 of the Complaint is required, Defendants deny the allegations set forth in paragraph 80 of the Complaint.

81.     Defendants respectfully refer the Court to the document referenced in paragraph 81 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph

81 of the Complaint is required, Defendants deny the allegations set forth in paragraph 81 of the Complaint.

82. Defendants respectfully refer the Court to the document referenced in paragraph 82 of the Complaint for its legal or factual significance, if any. To the extent an answer to paragraph 82 of the Complaint is required, Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83. The allegations in paragraph 83 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

84. Defendants respectfully refer the Court to the document referenced in paragraph 84 of the Complaint for its legal or factual significance, if any. To the extent an answer to paragraph 84 of the Complaint is required, Defendants deny the allegations set forth in paragraph 84 of the Complaint.

85. Admitted. The report referenced in paragraph 85 speaks for itself.

86. The allegations in paragraph 86 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

87. The allegations in paragraph 87 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

88. The allegations in paragraph 88 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

89.     Admitted. The letter referenced in paragraph 89 speaks for itself.

90.     The allegations in paragraph 90 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

91.     The allegations in paragraph 91 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

92.     The allegations in paragraph 92 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

## CLASS ACTION ALLEGATIONS

93.     The allegations in paragraph 93 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

94.     The allegations in paragraph 94 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

95.     The allegations in paragraph 95 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

96.     The allegations in paragraph 96 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

97.     The allegations in paragraph 97 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

98.     The allegations in paragraph 98 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

## LOSS CAUSATION

99.     The allegations in paragraph 99 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

100.    The allegations in paragraph 100 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

101.    Admitted to the extent that it is alleged that Kandi filed a Form 8-K with the SEC on March 13, 2017. Defendants refer the Court to the document referenced in paragraph 101 of the Complaint for its legal or factual significance, if any The rest of the allegations in paragraph 101 of the Complaint constitute legal argument and other conclusions as to which no response is required.

102.    The allegations in paragraph 102 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

103. The allegations in paragraph 103 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

104. The allegations in paragraph 104 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

105. The allegations in paragraph 105 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

## APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET DOCTRINE

106. The allegations in paragraph 106 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

107. The allegations in paragraph 107 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

## NO SAFE HARBOR

108. The allegations in paragraph 108 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendants, they are denied.

## COUNT I
### Violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5 Promulgated Thereunder Against All Defendants

109. Defendants repeat and reallege their responses to the preceding paragraphs of the Complaint as set forth herein.

110. Defendants deny the allegations set forth in paragraph 110 of the Complaint.

111. Defendants deny the allegations set forth in paragraph 111 of the Complaint.

112. Defendants deny the allegations set forth in paragraph 112 of the Complaint.

113. Defendants deny the allegations set forth in paragraph 113 of the Complaint.

## COUNT II
### Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

114. Defendants repeat and reallege their responses to the preceding paragraphs of the Complaint as set forth herein.

115. Defendants deny the allegations set forth in paragraph 115 of the Complaint.

116. Defendants deny the allegations set forth in paragraph 116 of the Complaint.

117. Defendants deny the allegations set forth in paragraph 117 of the Complaint.

118. Defendants deny the allegations set forth in paragraph 118 of the Complaint.

### ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested in the Prayer For Relief section of the Complaint.

### JURY DEMAND

Defendants deny that Plaintiff is entitled to a trial by jury.

### GENERAL DENIAL

Defendants generally deny any liability to Plaintiff. To the extent any allegation in the Complaint has not been specifically admitted or denied, it is hereby denied.

**WHEREFORE,** Defendants respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, and grant Defendants such other relief as the Court shall deem equitable and just.

Dated:  New York, New York
        October 31, 2022

**TARTER KRINSKY & DROGIN LLP**

By:    */s/ Richard J.L. Lomuscio*
       Richard J.L. Lomuscio
       Jonathan Temchin
       1350 Broadway
       New York, New York 10018
       Tel: (212) 216-8000
       Facsimile: (212) 216-8001
       Email: rlomuscio@tarterkrinsky.com
       Email: jtemchin@tarterkrinsky.com

       *Attorneys for Defendants*