UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SRINIVASAN VENKATARAMAN, Individually, and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> -against- <br><br> KANDI TECHNOLOGIES GROUP, INC., XIAOMING HU, CHENG WANG, LIMING CHEN, JERRY LEWIN and HENRY YU, <br><br> Defendants. | Case No. 1:20-cv-08082-(DEH) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO**
**<u>PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>**

**TARTER KRINSKY & DROGIN LLP**
Richard J.L. Lomuscio
Juan Olivo
1350 Broadway
New York, New York 10018
Tel.: (212) 216-8000
Facsimile: (212) 216-8001
Email: rlomuscio@tarterkrinsky.com
Email: jolivo@tarterkrinsky.com

*Attorneys for Defendants*

i

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................................1

COUNTER-STATEMENT OF FACTS AND BACKGROUND ....................................................2

LEGAL STANDARD......................................................................................................................5

ARGUMENT...................................................................................................................................6

CONCLUSION................................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*,
    2019 WL 5287980 (S.D.N.Y. Oct. 18, 2018)...........................................................................5

*Halliburton Co. v. Erica P. John Fund, Inc.*,
    573 U.S. 258 (2014).................................................................................................................5

*In re Kandi Tech. Group, Inc. Sec. Litig.*,
    17-CIV-1944 (ER), 2019 WL 4918649 (S.D.N.Y. Oct. 4, 2019).............................................3

*In re Sanofi-Aventis Securities Litigation*,
    293 F.R.D. 449 (S.D.N.Y. 2013)..............................................................................................5

*Stevelman v. Alias Rsch., Inc.*,
    No. 91 CV 682 (EBB), 2000 WL 888385 (D. Conn. June 22, 2000)......................................6

*In re SunEdison, Inc. Sec. Litig.*,
    329 F.R.D. 124 (S.D.N.Y. 2019)..............................................................................................6

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011).................................................................................................................5

**Rules**

Fed. R. Civ. P. 23.............................................................................................................1, 3, 4, 5, 6

Fed. R. Civ. P. 9...........................................................................................................................3, 4

Fed. R. Civ. P. 12..........................................................................................................................1, 3

Defendants Kandi Technologies Group, Inc. ("Kandi" or the "Company"), Xiaoming Hu ("Hu"), Cheng Wang ("Wang"), Liming Chen ("Chen"), Jerry Lewin ("Lewin"), and Henry Yu ("Yu") (collectively, the "Defendants", and, excluding Kandi, the "Individual Defendants"), by and through their attorneys, Tarter Krinsky & Drogin LLP, respectfully submit this memorandum of law in opposition to the motion of Lead Plaintiff Tom Brooks ("Plaintiff") for Class Certification ("Motion") pursuant to Federal Rule of Civil Procedure 23 ("Rule 23").

## PRELIMINARY STATEMENT

The proposed class period of June 10, 2015, through March 13, 2017 ("Proposed Class Period"), set forth in the Motion completely ignores this Court's opinion and order dated September 13, 2022 (the "Order") limiting Plaintiff's claims against Defendants to statements made in a fifteen-month span "from the second quarter of 2015 through the third quarter of 2016." (ECF No. 64, Order at 10.) The first statement made by Defendants within the period prescribed by the Court's Order was on August 10, 2015 – two months *after* the purported class period Plaintiff seeks to certify. (*See* Second Amended Complaint ("SAC"), ECF No. 54 at ¶ 50.) Notably, Plaintiff's expert Adam Werner completely omits the Order as part of the documents he reviewed in connection with preparing his report purporting to support the Proposed Class Period.[1] Accordingly, Plaintiff has failed to establish that the Proposed Class Period satisfies Rule 23 and the Motion should be denied.

---

[1] Among all the materials listed in the "Documents and Other information Considered" section of his Declaration, the lone docket item docket item Mr. Werner reviewed was the SAC. (*See* Declaration of Adam Werner ("Werner Declaration" or "Werner Decl."), ECF No. 96-1, Ex. 2; *see also* Deposition Transcript of Adam Werner of January 22, 2024 ("Werner Dep. Tr.") at 32:6-16, attached as Exhibit A to the Declaration of Richard J.L. Lomuscio ("Lomuscio Declaration" or "Lomuscio Decl.").)

## COUNTER-STATEMENT OF FACTS AND BACKGROUND

***Kandi's Business.*** Kandi designs and manufactures electric vehicles ("EV") and EV parts. (SAC ¶ 2.)[2] Kandi sold EV parts that it manufactured to a joint venture company (the "JV Company") in which Kandi held 50% interest. (SAC ¶ 34.) Kandi also took part in related-party transactions with a company called Zhejiang ZhoZhongYou Electric Vehicles Services Co., Ltd. (the "Service Company") "in which the Company has a 9.5% ownership, resulting in additional receivables due from the service company." (SAC ¶ 35.) In selling parts to the JV Company, Kandi sought to benefit from EV subsidies provided by the Chinese government. (SAC ¶ 37.)

***The Restatement.*** In March 2017, Kandi restated certain financial information – by way of its 2016 10-K (the "Restatement") – contained in its Proxy statements, 10-Q forms and 10-K forms released by Kandi between March 2014 and November 2016.[3] (SAC ¶¶ 38-72.) The Restatement included: (1) "corrections to the classification of notes receivable and notes payable in the Company's statements of cash flow"; (2) "revisions in the Company's financial statement presentation to separately identify certain related party accounts on the face of the Balance Sheets and the Consolidated Statements of Income (Loss) and Comprehensive Income (Loss)"; (3) "certain amendments to Note 20 – Taxes of the Notes to the Company's Consolidated Financial Statements"; (4) "the adjustment of previously recorded construction-in-progress back to

---

[2] Defendants refer to the SAC solely for the Court's convenience, but Defendants dispute all of the allegations in the SAC.

[3] As set forth in the Order, Plaintiff's claims are limited to the following statements made by Kandi in its disclosures filed with the Securities Exchange Commission ("SEC"): the form 10-K filed on March 14, 2016 (the "2015 10-K"); and the forms 10-Q dated August 10, 2015 (the "2Q 2015 10-Q"), November 9, 2015 (the "3Q 2015 10-Q"), May 10, 2016 (the "1Q 2016 10-Q"), August 9, 2016 (the "2Q 2016 10-Q"), and November 9, 2016 (the "3Q 2016 10-Q") (together the 2015 10-K and 10-Q disclosures mentioned are referred to as the "Actionable Financial Statements").

2

prepayment in Note 16 - Construction-in-Progress of the Notes to the Company's Consolidated Financial Statements"; (5) "expansions of two tables of sales to and purchases from the JV Company in Note 24 - Summarized Information of Investment in the JV Company of the Notes to the Company's Consolidated Financial Statements from two years to three years"; (6) "the removal of "unaudited" labels from certain tables in Note 20 - Taxes of the Notes to the Company's Consolidated Financial Statements"; and (7) "separate audited financial statements for the Company's equity investment in the JV Company." (SAC ¶ 78 (quoting Kandi's Form 8-K, filed on March 13, 2017).) The Restatement was clear, however, that these revisions had no impact on Kandi's net income.

**_The Litigation._** Plaintiff filed the SAC following the dismissal of a series of consolidated actions filed on behalf of other Kandi shareholders by Judge Ramos on October 4, 2019.[4] Defendants moved to dismiss the SAC for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b). (*See* ECF Nos. 57 - 63.) The Order granted Defendants' motion to dismiss in part, limiting Plaintiff's claims to the Actionable Financial Statements which occurred in a fifteen-month span. (*See* ECF No. 64, Order at 10.)[5]

First, the Court noted that the "many of the alleged statements were made before June 10, 2015," and thus, "barred by the five-year statute of repose." (ECF No. 64, Order at 9.) Second, the Court dismissed claims based on statements which were made amongst and between members of Kandi's Board of Directors, because those statements were not made publicly to the market, and thus, Plaintiff could not plead reliance based on non-public statements. (*See* ECF No. 64, Order at

---

[4] *See In re Kandi Tech. Group, Inc. Sec. Litig.*, 17-CIV-1944 (ER), 2019 WL 4918649 (S.D.N.Y. Oct. 4, 2019).

[5] The Court also dismissed all claims against named Defendant Bing Mei. *See* Order, ECF No. 64 at 10.

9.) Third, the Court also foreclosed any claims based on statements contained in the Hindenburg Report dated November 30, 2020, since the statements contained in the report simply lacked the specificity required by Federal Rule of Civil Procedure 9(b). (*See* ECF No. 64, Order at 9-10.) Finally, the Court dismissed claims based on statements made after Kandi's corrective disclosure on March 16, 2017, since the disclosures "are corrective in nature and not alleged to have been false" notwithstanding Plaintiff's assertions to the contrary. (*See* ECF No. 64, Order at 9-10.) In fact, the only claims left intact by the Order were those "based on Kandi's 10-Qs and 10-K from the second quarter of 2015 through the third quarter of 2016." (*See* ECF No. 64, Order at 10.) It is undisputed that the earliest such statements were made on August 10, 2015. (SAC ¶ 50.)

***Plaintiff's Expert.*** Plaintiff moved for class certification on November 10, 2023, and simultaneously disclosed the analysis of his expert, Mr. Werner, in connection with the Motion. (*See* ECF Nos. 95 & 96.) Plaintiff moved to certify a class of plaintiffs "who acquired Kandi securities from June 10, 2015 [through] March 13, 2017." (ECF No. 95, Mot. at 1.) In support of his assertion that the putative class satisfies the predominance prong of Rule 23(b)(3), Plaintiff relies heavily on Mr. Werner's analysis for the proposition that the Proposed Class Period should begin on June 10, 2015. (ECF No. 95, Mot. at 21; *see also* ECF No. 96-1, Werner Decl. at 1.) Mr. Werner's analysis focuses on "information related to the allegations in the Complaint," which he reiterates when listing the SAC as the sole document he pulled from the docket in connection with preparing his declaration. (*See* ECF No. 96-1, Werner Decl. Ex. 2 at 1.) Absent from Mr. Werner's list of reviewed documents is the Court's Order. Indeed, Mr. Werner confirmed at his deposition in this action that not only did he not review the Order in connection with the preparation of his report, and he also stated that he was unaware of which claims were upheld and dismissed by the Court:

Q: Are you aware that on September 13, 2022, the Court ruled on a motion to dismiss in this case and dismissed some of the allegations?

A: I believe I was aware of it. I don't recall when I became aware of it.

Q: Did you review that decision in preparing your report?

A: Not that I recall.

Q: With regard to that decision, are you aware of which allegations were upheld and which were dismissed by the Court?

A: Not as I sit here today.

(Lomuscio Decl. Ex. A, Werner Dep. Tr. at 32:6-22.)

## **LEGAL STANDARD**

"[A] plaintiff[] wishing to proceed through a class action must actually *prove*—not simply plead—that [its] proposed class satisfies each requirement of [Federal Rule of Civil Procedure 23]." *Halliburton Co. v. Erica P. John Fund, Inc.,* 573 U.S. 258, 275 (2014). The Court must conduct a "rigorous analysis" to determine whether the proposed class representative proved each element by a preponderance of the evidence. *See Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350-51 (2011) (citations omitted). It is well-settled that a "class may not be certified unless a named plaintiff affirmatively demonstrates her compliance with Rule 23." *In re Chicago Bridge & Iron Co. N.V. Sec. Litig.,* 2019 WL 5287980, at *5 (S.D.N.Y. Oct. 18, 2018) (quotation omitted). In particular, Rule 23(b) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." *Id.* (quoting FRCP 23(b)(3)). Moreover, in a securities case, the class period should commence with the first alleged misstatement. *See In re Sanofi-Aventis Securities Litigation,* 293 F.R.D. 449, 459 n.12 (S.D.N.Y. 2013) ("Typically, the class period begins on the date of the first misstatement, as it is the injection of misinformation into the marketplace that distorts the price of the stock.").

5

**ARGUMENT**

The Motion, and all the materials underpinning Plaintiff's contention that the class period begins on June 10, 2015, are belied by the Court's Order limiting Plaintiff's claims to statements "from the second quarter of 2015 through the third quarter of 2016." (*See* ECF No. 64, Order at 10.) The earliest statement by Kandi during this period was 2Q 2015 10-Q. (SAC ¶ 52.) When certifying a class of plaintiffs, the Court must also "define the class," including the appropriate start and end dates. Fed. R. Civ. P. 23(c)(1)(B). The Court "has authority *sua sponte* to modify a proposed class definition." *In re SunEdison, Inc. Sec. Litig.,* 329 F.R.D. 124, 134 (S.D.N.Y. 2019). It is indisputable that the earliest statement by Defendants from which Plaintiff may base a claim starts from the 2Q 2015 10-Q filed on August 10, 2015. Mr. Werner's analysis on market efficiency completely ignores this fact and lacks any foundation for commencing the class period on June 10, 2015. Here, Plaintiff is simply unable to connect his claims to any statement made by Kandi prior to August 10, 2015, and the Proposed Class Period should be rejected. *See Stevelman v. Alias Rsch., Inc.,* No. 91 CV 682 (EBB), 2000 WL 888385, at *5 (D. Conn. June 22, 2000) ("No class period may commence prior to the earliest date on which plaintiff can properly allege all the elements of his prima facie case.").

6

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion.

Dated:      March 7, 2024            **TARTER KRINSKY & DROGIN LLP**
                New York, New York

By:      _____

           Richard J.L. Lomuscio
           Juan Olivo
1350 Broadway
New York, New York 10018
Tel.: 212-216-8000
rlomuscio@tarterkrinsky.com
jolivo@tarterkrinsky.com

*Attorneys for Defendants*

7