# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Srinivasan Venkataraman, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 20 CIV. 8082 (DEH) |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |
| vs. | |
| Kandi Technologies Group, Inc., Xiaoming Hu, Cheng Wang, Bing Mei, Liming Chen, Jerry Lewin, and Henry Yu, | |
| Defendants. | |

**TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................... 1

II.   ARGUMENT ...................................................................................................... 3

    A.    Defendants Have Failed to Rebut Plaintiff's Demonstration that Class Certification is Warranted ................................................................................................ 3

    B.    The Court's Order Largely Denying Defendants' Motion to Dismiss Does Not Alter the Conclusions Reached by Dr. Werner ................................................. 6

    C.    Defendants' Attempt to Shorten the Class Period is Improper Because it Rests Upon Merits Issues That the Court Cannot Resolve at the Class Certification Stage ...... 6

III.  CONCLUSION .................................................................................................. 8

## TABLE OF AUTHORITIES

CASES

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ................................................................................................................ 3, 5

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013) ................................................................................................................ 5, 7

*Basic Inc. v. Levinson*,
485 U.S. 224 (1988) ................................................................................................................... 5

*Cammer v. Bloom*,
711 F. Supp. 1264 (D.N.J. 1989) ............................................................................................... 5

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974) ................................................................................................................... 7

*Freeland v. Iridium World Commc'ns, Ltd.*,
233 F.R.D. 40 (D.D.C. 2006) ..................................................................................................... 7

*In re Avon Sec. Litig.*,
No. 91 CIV. 2287 (LMM), 1998 WL 834366 (S.D.N.Y. Nov. 30, 1998) .................................. 3

*In re Blech Sec. Litig.*,
187 F.R.D. 97 (S.D.N.Y. 1999) .................................................................................................. 3

*In re Deutsche Telekom Ag Sec. Litig.*,
229 F. Supp. 2d 277 (S.D.N.Y. 2002) ..................................................................................... 3, 4

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
312 F.R.D. 332 (S.D.N.Y. 2015) ................................................................................................ 4

*In re Gaming Lottery Sec. Litig.*,
58 F. Supp. 2d 62 (S.D.N.Y. 1999) ............................................................................................ 7

*In re Synchrony Fin. Sec. Litig.*,
No. 3:18-CV-1818 (VAB), 2023 WL 1503032 (D. Conn. Feb. 3, 2023) ........................... 5, 6, 7

*In re Under Armour Sec. Litig.*,
No. CV RDB-17-0388, 2024 WL 811478 (D. Md. Feb. 26, 2024) ............................................ 8

*Krogman v. Sterritt*,
202 F.R.D. 467 (N.D. Tex. 2001) ............................................................................................... 5

*McIntire China Mediaexpress Holdings, Inc.*,
    38 F. Supp. 3d 415 (S.D.N.Y. 2014) ............................................................................... 4

*Sirota v. Solitron Devices, Inc.*,
    673 F.2d 566 (2d Cir. 1982) ............................................................................................. 7

*Wilson v. LSB Indus., Inc.*,
    No. 15CIV7614RAGWG, 2018 WL 3913115 (S.D.N.Y. Aug. 13, 2018) .................................. 4

## I.    INTRODUCTION

Defendants' Opposition to Plaintiff's Motion for Class Certification ("Opposition") does nothing to change the fact that class certification is appropriate in this case.[1]  In fact, Defendants do not contest that Plaintiff has satisfied the requirements for class certification under Rule 23.

Namely, Defendants do not contest that: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the Class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the Class; and (4) the representative party will fairly and adequately protect the interests of the Class. Defendants also do not contest that class certification is proper because the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and effectively adjudicating the controversy.

Moreover, to demonstrate market efficiency to show that Plaintiff is entitled to rely upon the fraud-on-the-market presumption of reliance, Plaintiff submitted the Declaration of Dr. Adam Werner ("Original Report") Doc. 96-1.  Dr. Werner is a renowned expert who conducted a comprehensive analysis of the Company's market efficiency.  *Id*.  Dr. Werner concluded that: (1) Kandi's stock traded in an efficient market throughout the class period of June 10, 2015 to March 13, 2017 ("Class Period"); and (2) with expert assistance, the finder of fact in this matter will be able to compute damages using a common class-wide methodology that applies to the calculation of damages for each member of the Class.  *Id*. at 3-4.  Typically, in securities class actions, defendants will submit a report from their own expert to challenge class certification and rebut the

---

[1]        Defendants are: (1) Kandi Technologies Group, Inc. ("Kandi" or the "Company"); (2) Xiaoming Hu ("Hu"); (3) Cheng Wang ("Wang"); (4) Liming Chen ("Chen"); (5) Jerry Lewin ("Lewin"); and (6) Henry Yu ("Yu") (collectively "Defendants").  Unless otherwise stated, all Rules references are to the Federal Rules of Civil Procedure.

1

conclusions reached by plaintiff's expert.  ***Defendants here, however, have failed to rebut Dr. Werner's conclusions with any expert of their own***.  Thus, Dr. Werner's conclusions stand unrebutted, and his expert findings are the only ones before the Court for consideration.

Instead, in an argument consisting of less than one page, Defendants raise only two issues in response to Plaintiff's Motion for Class Certification ("Motion").  Doc. 95.  First, Defendants contend that because Dr. Werner testified in his deposition that he did not recall reviewing the Court's Opinion and Order ("Order") (Doc. 64) in which the Court largely denied Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC"), his analysis is somehow deficient.  Second, Defendants suggest that the Class Period should be shortened so that it begins on August 10, 2015.

Both arguments fail.  First, the fact that Dr. Werner testified that he did not recall reviewing the Court's Order before preparing his Original Report does not impair the conclusions he reached. Indeed, Dr. Werner has subsequently prepared the accompanying Rebuttal Declaration of Dr. Adam Werner ("Rebuttal Report").[2]  In his Rebuttal Report, Dr. Werner indicates that he reviewed the Court's Order, and that "[a]fter consideration of Defendants' arguments and after my reading of [the] Order on Motion to Dismiss, I see no reason to modify any calculations, opinions, or conclusions in the Werner Declaration." *Id*. at ¶13.

Second, Defendants' attempt to modify the Class Period also fails.  Defendants' request would require the Court to ignore controlling authority that dictates that courts cannot conduct merits-based inquiries at the class certification stage.  Additionally, as shown more fully below, Defendants' request also conflicts with the opinions of Dr. Werner, whose conclusions are

---

[2]    *See* Declaration of Ex Kano S. Sams II in Support of Plaintiff's Reply in Support of Motion for Class Certification ("Sams Decl."), Exhibit ("Ex.") A.

unrebutted.  Accordingly, the Court should certify this case as a class action, appoint Plaintiff as a class representative, and appoint Glancy Prongay & Murray LLP ("GPM") as Class Counsel.

## II.  ARGUMENT

### A.  Defendants Have Failed to Rebut Plaintiff's Demonstration that Class Certification is Warranted

Defendants' Opposition fails to refute Plaintiff's Motion demonstrating that class certification is appropriate.  As courts have recognized, "[c]lass actions are generally well-suited to securities fraud cases such as this one because they avoid the time and expense of requiring all class members to litigate individually."  *In re Deutsche Telekom Ag Sec. Litig.*, 229 F. Supp. 2d 277, 282 (S.D.N.Y. 2002); *see also In re Blech Sec. Litig.*, 187 F.R.D. 97, 102 (S.D.N.Y. 1999) ("Class action treatment of related claims is particularly appropriate when plaintiffs seek redress for violations of the securities laws."); *In re Avon Sec. Litig.*, No. 91 CIV. 2287 (LMM), 1998 WL 834366, at *4 (S.D.N.Y. Nov. 30, 1998) ("the Second Circuit favors the use of class actions for the resolution of securities law claims, in particular those brought under Rule 10b–5.").

As demonstrated within the Motion, Plaintiff has satisfied the prerequisites of Rule 23(a) of numerosity, commonality, typicality, and adequacy of representation.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).  First, Kandi's common stock traded continuously on NASDAQ.  Doc. 96-1 at ¶¶8, 14, 38, 40.  During the Class Period, Kandi's weekly trading volume ranged between 232,302 and 6,491,981 shares, and the average weekly trading volume of Kandi's stock during the Class Period as a percentage of its stock outstanding was 4.4%.  *Id.* at ¶29.  Additionally, Kandi's float establishes that the Class is likely composed of thousands of geographically dispersed investors, which further supports a finding of numerosity.  Kandi's stock float averaged $233.5 million during the Class Period.  *Id.* at ¶106.  While float excludes shares held by insiders and affiliated corporate entities, Kandi's stock float was still larger than the total

3

market capitalization of at least 43% of all other publicly traded companies in the United States. *Id*. Thus, Plaintiff has demonstrated numerosity. *See McIntire*, 38 F. Supp. 3d at 423 ("In securities fraud class actions relating to publicly owned and nationally listed corporations, the numerosity requirement may be satisfied by a showing that a large number of shares were outstanding and traded during the relevant period."); *Deutsche Telekom*, 229 F. Supp. 2d at 280 ("Class certification is frequently appropriate in securities fraud cases involving a large number of shares traded publicly in an established market.").

Second, Plaintiff alleges that Defendants engaged in a common scheme to defraud Kandi's investors. *See, e.g.*, Doc. 54 at ¶¶24, 86, 99, 105, 111. This scheme involved numerous common questions of law and fact, including, among others: (1) whether the federal securities laws were violated by Defendants' acts; (2) whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of the Company; and (3) to what extent the members of the Class have sustained damages and the proper measure of damages. *Id*. at ¶97. These types of common questions of law and fact routinely satisfy the commonality requirement. *See, e.g.*, *Wilson v. LSB Indus., Inc.*, No. 15CIV7614RAGWG, 2018 WL 3913115, at *4 (S.D.N.Y. Aug. 13, 2018) ("These questions are also susceptible to common answers because their resolution does not differ based on the identity of the plaintiff."); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 312 F.R.D. 332, 341 (S.D.N.Y. 2015) ("Common questions of law and fact are present where the alleged fraud involves material misrepresentations and omissions in documents circulated to the investing public, press releases and statements provided to the investment community and the media, and investor conference calls.").

Third, Plaintiff's claims are typical of the claims of the Class because they all allege that they purchased the Company's securities at artificially inflated prices because of Defendants' material misstatements and omissions.  Thus, the claims of both Plaintiff and the Class relate to Defendants' misrepresentations, and their claims will rely on the same facts and legal theories to establish liability.  "So long as plaintiffs assert that defendants committed the same wrongful acts in the same manner, against all members of the class, they establish the necessary typicality."  *In re Synchrony Fin. Sec. Litig.*, No. 3:18-CV-1818 (VAB), 2023 WL 1503032, at *4 (D. Conn. Feb. 3, 2023).

Fourth, the representative party will fairly and adequately protect the interests of the class. Plaintiff's interests are directly aligned with the interests of other Class members, who were all injured by the same materially false and misleading statements.  Docs. 96-2, 96-3.  Plaintiff has also retained counsel who are experienced and able to conduct the litigation.  Doc. 96-4.

Additionally, this action also satisfies the twin requirements of Rule 23(b)(3), known as predominance and superiority.  The Supreme Court has recognized that the predominance requirement "is readily met" in securities fraud actions.  *Amchem*, 521 U.S. at 625.  To facilitate securities class actions, the Supreme Court established a rebuttable presumption of class-wide reliance based on the fraud-on-the-market theory. *Basic Inc. v. Levinson*, 485 U.S. 224, 245-247 (1988).  "The fraud-on-the-market premise is that the price of a security traded in an efficient market will reflect all publicly available information about a company; accordingly, a buyer of the security may be presumed to have relied on that information in purchasing the security." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 458 (2013).

"District courts in this Circuit . . . regularly consider the factors in *Cammer v. Bloom*, 711 F. Supp. 1264 (D.N.J. 1989), and *Krogman v. Sterritt*, 202 F.R.D. 467 (N.D. Tex. 2001), in

evaluating whether a particular security trades in an efficient market." *Synchrony*, 2023 WL 1503032, at \*8.  As set forth within the Rebuttal Report, Dr. Werner indicates that Defendants do not challenge his conclusions regarding the *Cammer* factors and the *Krogman* factors that demonstrate that Kandi's stock traded in an efficient market.  Sams Decl., Ex. A at ¶¶7-9.

Additionally, "[i]n general, [s]ecurities suits easily satisfy the Superiority Requirement of Rule 23(b)(3) because the alternatives are either no recourse for thousands of stockholders or a multiplicity and scattering of suits with the inefficient administration of litigation which follows in its wake."  *Synchrony*, 2023 WL 1503032, at \*13.  Finally, there is no reason to expect any difficulties in the management of this case as a class action.  Thus, Plaintiff has demonstrated that class certification is warranted.

> **B.      The Court's Order Largely Denying Defendants' Motion to Dismiss Does Not Alter the Conclusions Reached by Dr. Werner**

Defendants contend that because Dr. Werner testified in his deposition that he did not recall reviewing the Court's Order that largely denied Defendants' motion to dismiss Plaintiff's SAC, his analysis is somehow deficient.  Opposition at 4-6.  In his Rebuttal Report, however, Dr. Werner indicates that he reviewed the Court's Order, and that "[a]fter consideration of Defendants' arguments and after my reading of [the] Order on Motion to Dismiss, I see no reason to modify any calculations, opinions, or conclusions in the Werner Declaration."  Sams Decl., Ex. A at ¶13.  Thus, Defendants' argument fails.

> **C.      Defendants' Attempt to Shorten the Class Period is Improper Because it Rests Upon Merits Issues That the Court Cannot Resolve at the Class Certification Stage**

Finally, Defendants assert that the Court should shorten the Class Period to begin on August 10, 2015.  Motion at 6.  This argument also fails.

First, Defendants' argument to alter the Class Period is improper because it rests upon merits issues that the Court cannot resolve at the class certification stage.  As courts have recognized, "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *see also Freeland v. Iridium World Commc'ns, Ltd.*, 233 F.R.D. 40, 44 (D.D.C. 2006) ("Courts must not venture too deeply into the merits of a case in deciding whether to certify a class."). Although courts conduct a "rigorous analysis" of facts relevant to class certification, the Supreme Court has declared that "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen*, 568 U.S. at 466.  "Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.*; *see also Synchrony*, 2023 WL 1503032, at *2 ("Although the Supreme Court has required district courts to engage in a rigorous analysis of the facts, Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage.").  Defendants' request would violate this principle because it implicates the merits of the case. *See, e.g.*, *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 572 (2d Cir. 1982) ("it would be improper for a district court to resolve substantial questions of fact going to the merits when deciding the scope or time limits of the class"); *In re Gaming Lottery Sec. Litig.*, 58 F. Supp. 2d 62, 77 (S.D.N.Y. 1999) (denying motion to shorten class period, holding that "[g]ranting this request would require the Court to examine the details and validity of plaintiffs' claim, and to ignore the rule pronounced in *Eisen* that the court should not inquire into the merits of a class action suit prior to class certification").

Second, courts have rejected similar requests where, as here, there is evidence to support the proposed Class Period. *See, e.g.*, *In re Under Armour Sec. Litig.*, No. CV RDB-17-0388, 2024 WL 811478, at \*19 (D. Md. Feb. 26, 2024) (finding "no reason to adjust the Class Period" where plaintiff has proffered evidence to support the class period). Here, the Rebuttal Report provides unrebutted evidence that supports starting the Class Period on June 10, 2015. *See* Sams Decl., Ex. A at ¶¶9-13 ("While Defendants are correct that the Order on Motion to dismiss did limit the Plaintiff's allegations to statements from the second quarter of 2015 through the third quarter of 2016, Defendants erroneously assumed that the second quarter of 2015 begins with the second quarter 10-Q filing on August 10, 2015. This is not true. In fact, the second quarter of 2015 begins April 1, 2015 and ends June 30, 2015 . . . . Since the statements in the 2Q 2015 Form 10-Q are agreed upon to be actionable and 2Q 2015 Form 10-Q is referencing the period from April 1, 2015 through June 30, 2015, staring the Class Period on June 10, 2015 is appropriate."). Thus, Defendants' argument fails.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an Order: (1) certifying this case as a class action pursuant to Rule 23 and certifying the Class as defined within Plaintiff's Motion; (2) appointing Tom Brooks as class representative; and (3) appointing Lead Counsel as Class Counsel.

DATED:  May 16, 2024

**GLANCY PRONGAY & MURRAY LLP**

By:  _s/ Ex Kano S. Sams II_

Robert V. Prongay (admitted *pro hac vice*)
Ex Kano S. Sams II (admitted *pro hac vice*)
Charles H. Linehan (admitted *pro hac vice*)
Pavithra Rajesh (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

*Counsel for Lead Plaintiff Tom Brooks and the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

9

## PROOF OF SERVICE

I hereby certify that on this 16th day of May, 2024, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Ex Kano S. Sams II*
Ex Kano S. Sams II

10