**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SRINIVASAN VENKATARAMAN, Individually, and On Behalf of All Others Similarly Situated

               Plaintiff,

   -against-

KANDI TECHNOLOGIES GROUP, INC., XIAOMING HU, CHENG WANG, LIMING CHEN, JERRY LEWIN and HENRY YU,

               Defendants.

Civil Action No. 1:20-cv-08082-DEH

## DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

**STINSON LLP**

Richard J.L. Lomuscio
Nicole Khalouian
100 Wall Street, Suite 201
New York, New York 10005
Phone: 646.883.7675
richard.lomuscio@stinson.com
nicole.khalouian@stinson.com

*Attorneys for Defendants Kandi*
*Technologies Group, Inc. Xiaoming Hu,*
*Cheng Wang, Liming Chen, Jerry Lewin,*
*and Henry Yu*

Pursuant to Local Rule 56.1 of the Local Rules of the Joint Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendants respectfully submit this Statement of Materials Facts As To Which There Is No Genuine Issue To Be Tried in support of their Motion for Summary Judgment.

## I.    BACKGROUND AND PARTIES

1.    Kandi Technologies Group, Inc. ("Kandi" or the "Company") is a publicly traded global company that designs, manufactures, and distributes electric vehicles ("EV") and EV parts. (*See* ECF 54, SAC ¶ 2.)[1]

2.    Kandi's stock trades under the NASDAQ ticker symbol "KNDI".  (ECF No. 54, SAC ¶ 12.)

3.    The SAC asserts claims on behalf of a class of shareholders who purchased Kandi stock during the class period of August 10, 2015 to March 16, 2017 (the "Class Period").  (*See* ECF No. 54, SAC ¶ 11.)

4.    Defendant Xiaoming Hu ("Hu") was the Chief Executive Officer ("CEO"), President and Chairman of the Board of Kandi during the Class Period.  (*See* ECF No. 54, SAC ¶ 13.)

5.    Defendant Cheng Wang ("Wang") served as the Company's Chief Financial Officer ("CFO") from May 1, 2015 through his resignation on November 14, 2016.  (*See* ECF No. 54, SAC ¶ 14.)

---

[1] Citations to "SAC" herein refer to paragraphs of Plaintiff's Second Amended Complaint (ECF No. 54).  Defendants stand by their answers to the allegations of Plaintiffs' Second Amended Complaint, but to the extent Plaintiffs' admissions in that pleading support the statements of undisputed material facts asserted here, the Court may consider those statements undisputed.

6.      Defendants Liming Chen ("Chen"), Jerry Lewin ("Lewin"), and Henry Yu ("Yu") each sat on Kandi's Board of Directors and served on the Company's Audit Committee during the Class Period.  (*See* ECF No. 54, SAC ¶¶ 16-18.)

7.      In March 2013, Kandi sold EV parts that it manufactured to a joint venture company (the "JV Company") in which Kandi held 50% interest. (*See* ECF No. 54, SAC ¶ 34.)

8.      Kandi took part in related-party transactions with a company called Zhejiang ZhoZhongYou Electric Vehicles Services Co., Ltd. (the "Service Company") "in which the Company has a 9.5% ownership, resulting in additional receivables due from the service company."  (*See* ECF No. 54, SAC ¶ 35.)

9.      In selling parts to the JV Company, Kandi sought to benefit from EV subsidies provided by the Chinese government. (*See* ECF No. 54, SAC ¶ 37.)

## II.    ALLEGED ACTIONABLE FINANCIAL STATEMENTS

10.     On August 10, 2015, Kandi filed its Q2 2015 Form 10-Q (the "2Q 2015 10-Q"), with the Securities Exchange Commission ("SEC") accompanied by certifications from Hu and Wang pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") and reported that there were no changes in cash flow attributable to related-party transactions or in the Company's internal controls. (*See* ECF No. 54, SAC ¶ 50; Khalouian Decl. ¶ 5.)

11.     On November 9, 2015, Kandi filed its Q3 2015 Form 10-Q (the "3Q 2015 10-Q") which included the same statements, signatures and SOX certifications as Kandi's 2Q 2015 10-Q. (*See* ECF No. 54, SAC ¶ 52; Khalouian Decl. ¶ 6.)

12.     On March 14, 2016, Kandi filed its 2015 Form 10-K (the "2015 10-K") which included SOX certifications from Hu and Wang, and stated that Kandi's internal controls over

financial reporting were effective as of December 31, 2015.  (*See* ECF No. 54, SAC ¶ 58; Khalouian Decl. ¶ 4.)

13.     Kandi filed its: 1Q 2016 Form 10-Q on May 10, 2016 (the "1Q 2016 10-Q"), 2Q 2016 Form 10-Q on August 9, 2016 (the "2Q 2016 10-Q"), and its 3Q 2016 Form 10-Q on November 9, 2016 (the "3Q 2016 10-Q") (together with the 2015 10-K and 10-Q disclosures, the "Actionable Financial Statements").  Each of these 2016 Form 10-Qs were signed by Hu and Wang, included Hu and Wang's SOX certifications, and reported no changes in internal controls. (*See* ECF No. 54, SAC ¶¶ 62, 68, 71; Khalouian Decl. ¶ 7-9.)

## III.    THE RESTATEMENT

14.     In its 2016 10-K on March 16, 2017, Kandi restated certain financial information contained in its Proxy statements, 10-Q forms and 10-K forms released between March 2014 and November 2016 (the "Restatement").  (*See* ECF No. 54, SAC ¶¶ 38-72; Khalouian Decl. ¶ 10.)

15.     The Restatement included: (1) "corrections to the classification of notes receivable and notes payable in the Company's statements of cash flow"; (2) "revisions in the Company's financial statement presentation to separately identify certain related party accounts on the face of the Balance Sheets and the Consolidated Statements of Income (Loss) and Comprehensive Income (Loss)"; (3) "certain amendments to Note 20 – Taxes of the Notes to the Company's Consolidated Financial Statements"; (4) "the adjustment of previously recorded construction-in-progress back to prepayment in Note 16 - Construction-in-Progress of the Notes to the Company's Consolidated Financial Statements"; (5) "expansions of two tables of sales to and purchases from the JV Company in Note 24 - Summarized Information of Investment in the JV Company of the Notes to the Company's Consolidated Financial Statements from two years to three years"; (6) "the removal of "unaudited" labels from certain tables in Note 20 - Taxes of the Notes to the Company's

Consolidated Financial Statements"; and (7) "separate audited financial statements for the Company's equity investment in the JV Company." (*See* ECF No. 54, SAC ¶ 78 (quoting Kandi's Form 8- K, filed on March 13, 2017).)

16.    The Restatement was clear that these revisions "will have no effect on the net income of the Company as reported in the Previously Issued Financial Statements." (*See* ECF No. 54, SAC ¶¶ 75, 76, 78.)

## IV.    PROCEDURAL HISTORY

### A.    The Court Dismisses the First Class Action Complaint Filed Against Kandi.

17.    On March 16, 2017, the first of three putative class action complaints was filed against Kandi on behalf of Kandi shareholders in the United States District Court for the Southern District of New York. *See In re Kandi Technologies Group, Inc. Securities Litigation,* No. 17 CIV. 1944 (ER), 2019 WL 4918649, at *3 (S.D.N.Y. Oct. 4, 2019) (Ramos, J.).

18.    The court consolidated these complaints, and a Consolidated Amended Class Action Complaint ("CAC") was filed on August 31, 2018 (the "Dismissed Action"). *Id.*

19.    The CAC asserted claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, all stemming from the 2017 Restatement, and alleged that Defendants made false and misleading statements about internal controls and related-party transactions. *See id.* at *2.

20.    On October 4, 2019, Judge Ramos granted Kandi's motion to dismiss and dismissed the CAC pursuant to Fed. R. Civ. P. 12(b)(6), 9(b) and 15 U.S.C. §78u–4(b)(2), finding that the plaintiffs failed to allege any specific facts showing the individual Defendants "knew or should have known" of the errors and omissions at issue and failed to identify any "red flags" that would have alerted any specific defendant to misclassifications in Kandi's financial reporting. *Id.* at *6-7.

21.     The court found that Kandi's restatements did not constitute an admission of fraud, especially given that the restatements had no impact on Kandi's corporate income. *Id.* at \*8.

22.     Having failed to establish a primary violation under Section 10(b), the court found that plaintiffs' derivative Section 20(a) claims failed as well. *Id.* at \*9.

**B.     The Court Dismisses Plaintiff's Initial Complaint.**

23.     Plaintiff commenced this action on June 10, 2020. (*See* ECF No. 1, Complaint.)

24.     Similar to the claims brought by the CAC in the Dismissed Action, Plaintiff's initial complaint alleged that Kandi failed to disclose that it "artificially inflated its reported revenues through undisclosed related-party transactions" (ECF No. 1, Compl. ¶¶ 25, 29, 31, 35, 42), and made false statements about the effectiveness of Kandi's internal controls over financial reporting (ECF No. 1, Compl. ¶¶ 23-24, 28-29, 30, 32, 36-37, 38-39, 40-42). Plaintiff claimed that these misstatements were part of a "fraudulent scheme" designed to "artificially inflate the price of [Kandi's] common stock." (ECF No. 1, Compl. ¶¶ 21, 76.)

25.     Following Defendants' first motion to dismiss (ECF No. 42-44), this Court found in the Dismissal Order ("First Dismissal Order") that these allegations were insufficient to plead scienter, finding that "the Complaint's allegations of conscious behavior or recklessness are conclusory" and "[b]ased on the dearth of alleged facts, the more compelling inference is that the errors in the financial statements were made unwittingly and without knowledge or reckless disregard that the applicable accounting rules required more or different financial disclosures." (ECF No. 53, First Dismissal Order at 7.)

26.     The Court held that the complaint lacked any allegations that "the errors were made [by Defendants] intentionally or recklessly"; the "core operations doctrine" could not raise a strong inference of scienter because there were no allegations that Defendants knew "the test for what constitutes a related party under the applicable accounting rules or what disclosure required"; the

6

letter issued by Hu in response to a third-party investor's research report did not support a strong inference of scienter; there were no allegations that Defendant knew that the SOX certifications contained misstatements or were false; and there were no allegations connecting Wang's resignation as Kandi's CFO in November 2016 to a culpable state of mind. (ECF No. 53, First Dismissal Order at 8-10.)

27.     This Court dismissed Plaintiff's complaint because Plaintiff failed to plead scienter and subsequently granted Plaintiff leave to file and serve the SAC without prejudice to Defendants filing a renewed motion to dismiss. (ECF No. 53, First Dismissal Order at 8-11.)

**C.      The Court Grants and Denies In Part Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint.**

28.      Plaintiff filed the SAC on December 3, 2021. (*See* ECF No. 54.)

29.     The SAC alleges that the Restatement reported in Kandi's 2016 10-K filing with the United States Securities and Exchange Commission ("SEC") rendered inaccurate certain information contained in Proxy statements, 10-Q forms and 10-K forms released between March 2014 and November 2016. (*See* ECF No. 54, SAC ¶¶ 38-72.)

30.     Defendants moved to dismiss the SAC for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b). (*See* ECF Nos. 57-63.)

31.     On September 13, 2022, the Court granted in part and denied in part Defendants' motion to dismiss, limiting Plaintiffs' claims to the Actionable Financial Statements which occurred in the fifteen-month span "from the second quarter of 2015 through the third quarter of 2016." (ECF No. 64, Order at 10.)

32.     The Court dismissed Individual Defendant Bing Mei because the SAC "contained no substantive allegations about Mei whatsoever." (ECF No. 64, Order at 10.)

33. Within those Actionable Financial Statements, the only alleged misstatements that remain are: "(1) statements concerning related-party transactions, including both statements disclosing such transactions or stating that there had been no change in cash flow from them, buttressed by Hu's and Wang's SOX certifications attesting that the financials were accurate and all fraud was disclosed; (2) statements about internal controls over financial reporting, including SOX certifications that any significant deficiencies and material weaknesses had been disclosed and statements that there had been no change in controls." (ECF No. 64, Order at 10.)

34. The Court found that the SAC sufficiently alleges false statements in two ways: (1) it shows that Kandi's disclosures about related-party transactions omitted transactions with the Service Company, and (2) the SOX certifications about financial accuracy and fraud disclosure were false *only* to the extent as it pertained to specific misstatements about related-party transactions. (*See* ECF No. 64, Order at 10-11.)

35. Thus, only Section 10(b) and Section 20(a) claims based on disclosed related-party transactions, general characterizations of financial statement accuracy, and the purported inadequacy of Kandi's internal controls during seventeen-month period between April 2015 and September 2016 survived. (*See* ECF No. 64, Order at 18.)

**D. The Court Grants and Denies in Part Plaintiff's Motion for Class Certification, Limiting the Plaintiffs' Proposed Class Period.**

36. On November 10, 2023, Plaintiff filed his motion for class certification. (*See* ECF No. 94.)

37. In support of the motion for class certification, Plaintiff filed the Declaration of Dr. Adam Werner ("Dr. Werner"), who conducted an expert analysis purporting to show that Kandi's stock traded in an efficient market. (*See* ECF No. 96-1 ¶ 8.)

38.     Dr. Werner's opinion was limited to whether a methodology could potentially exist to assess loss causation on a class-wide basis, not to identify any specific methodology or determine actual loss causation or damages.  (*See* ECF No. 96-1 ¶ 117; Khalouian Decl., Ex. A, Werner Dep. 38:22-39:12, 45:12-46:18, 51:22-52:12, 62:19-63:2, 64:1-11, 66:7-67:12, 69:4-21, 70:8-71:11, 83:2-24.)

39.     Defendants opposed the motion for class certification only to the extent that the earliest date on which the proposed class period may begin is August 10, 2015, the date of the 2015 2Q 10-Q, which contains the earliest actionable false statement identified in the Court's motion to dismiss Opinion.  (*See* ECF No. 100.)

40.     On September 30, 2024, the Court granted in part Plaintiff's motion for class certification, with a class period start date of August 10, 2015.  (*See* ECF 115.)

**E.      The Period for Fact and Expert Discovery Closed on May 16, 2024.**

41.     The period for fact discovery and depositions closed on September 15, 2023.  (*See* ECF Nos. 86, 89.)

42.     The period for Defendants' expert discovery, including expert depositions and reports, closed on March 7, 2024.  (*See* ECF No. 99.)

9

43.     The period for Plaintiffs' expert discovery, including expert depositions and reports, closed on May 16, 2024.  (*See* ECF No. 99.)

Dated: New York, New York
       February 13, 2025

Respectfully submitted,

Richard J.L. Lomuscio
Nicole Khalouian
**STINSON LLP**
100 Wall Street, Suite 201
New York, New York 10005
Phone: 646.883.7675
richard.lomuscio@stinson.com
nicole.khalouian@stinson.com

*Attorneys for Defendants Kandi Technologies Group, Inc., Xiaoming Hu, Cheng Wang, Liming Chen, Jerry Lewin, and Henry Yu*