**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SRINIVASAN VENKATARAMAN, Individually,
and On Behalf of All Others Similarly Situated

                Plaintiff,

    -against-

KANDI TECHNOLOGIES GROUP, INC.,
XIAOMING HU, CHENG WANG, LIMING
CHEN, JERRY LEWIN and HENRY YU,

                Defendants.

Civil Action No. 1:20-cv-08082-DEH

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**STINSON LLP**

Richard J.L. Lomuscio
Nicole Khalouian
100 Wall Street, Suite 201
New York, New York 10005
Phone: 646.883.7675
richard.lomuscio@stinson.com
nicole.khalouian@stinson.com

*Attorneys for Defendants Kandi*
*Technologies Group, Inc., Xiaoming Hu,*
*Cheng Wang, Liming Chen, Jerry Lewin,*
*and Henry Yu*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 2

    I.       PLAINTIFF'S OPPOSITION CONFIRMS THAT THERE IS NO TRIABLE
            ISSUE OF FACT AS TO LOSS CAUSATION AND DAMAGES ...................... 2

          A.      Plaintiff Concedes That The Werner Declaration Is Inadmissible ............ 3

          B.      Plaintiff's Theories Of Loss Causation And Damages Fail As A
                Matter Of Law ...................................................................................... 5

    II.      THE RESTATEMENT ITSELF IS NOT EVIDENCE OF AN ACTIONABLE
           FALSE STATEMENT OR OMISSION ................................................................ 7

CONCLUSION ........................................................................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Basic, Inc. v. Levinson*,
  485 U.S. 224 (1988)............................................................................................................7

*Hygh v. Jacobs*,
  961 F.2d 359 (2d Cir. 1992).............................................................................................9

*Macquarie Infrastructure Corp. v. Moab Partners, L.P.*,
  601 U.S. 257 (2024)..........................................................................................................7

*In re Vivendi S.A. Sec. Litig.*,
  838 F.3d 223 (2d Cir. 2016)..............................................................................................8

**Rules**

Fed. R. Civ. P. 26...................................................................................................................3

Fed. R. Civ. P. 37...................................................................................................................3

17 C.F.R. § 240.10b-5.............................................................................................................7

Defendants Kandi Technologies Group, Inc. ("Kandi" or the "Company"), Xiaoming Hu ("Hu"), Cheng Wang ("Wang"), Liming Chen ("Chen"), Jerry Lewin ("Lewin"), and Henry Yu ("Yu") (collectively, the "Defendants" and, excluding Kandi, the "Individual Defendants"), by and through their attorneys, Stinson LLP, respectfully submit this Reply Memorandum of Law in Further Support of their Motion for Summary Judgment ("Defendants' Motion"), filed on February 13, 2025. (ECF Nos. 120-123.)[1] For the reasons set forth herein, Defendants' Motion should be granted.[2]

## PRELIMINARY STATEMENT

Plaintiff's Opposition largely repeats deficient arguments from Plaintiff's Motion while essentially ignoring Defendants' primary—and dispositive—contention: the untimely Werner Declaration cannot be used to meet the burden of establishing the elements of Plaintiff's claims. Instead, Plaintiff attributes this procedural failure to his counsel's supposed misinterpretation of the Court's Order (ECF No. 132, Plaintiff's Opposition at 11), despite the Court unambiguously directing that "expert discovery should run concurrently with briefing on class certification[.]" (ECF No. 99, Scheduling Order at 2.)  The Court was clear that "Plaintiff shall . . . complete expert discovery . . . by May 16, 2024."  (ECF No. 99, Scheduling Order at 2.)  Counsel's "misinterpretation" does not trump the Court's Order or remedy the Werner Declaration's belated submission.  Accordingly, the Court should grant Defendants' Motion on this ground alone.

---

[1] Pursuant to the parties' joint request for a modification to the summary judgment briefing schedule, submitted to the Court on March 28, 2025 (ECF No. 131), Defendants respectfully request that the Court consider this reply memorandum in further support of Defendants' Motion.

[2] Capitalized terms have the same meanings as in Defendants' Motion (ECF No. 122) and other filings. "Plaintiff's Motion" refers to Plaintiff's Memorandum of Law in Support of Summary Judgment" (ECF No. 125).  "Plaintiff's Opposition" refers to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion.  (ECF No. 132.) "Defendants' Opposition" refers to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgement. (ECF No. 128.)

Moreover, even if the Court were to consider the Werner Declaration, this untimely and conclusory expert report fails to establish either loss causation or damages as a matter of law. First, the Werner Declaration misapplies the proper methodology by analyzing the Restatement in its entirety, even though the Court's Second Dismissal Order restricted claims to alleged misstatements about related-party transactions. (*See* ECF No. 64, Order at 12, 18.) Thus, the Werner Declaration fails to establish a causal connection between any actionable misstatements and resulting damages. Second, the Werner Declaration fails to demonstrate material falsity, erroneously relying on the mere existence of the Restatement as prima facie evidence of fraud, despite conceding that these accounting adjustments simply reclassified transactions between categories without affecting Kandi's financial results. This dual failure to establish essential elements of securities fraud is fatal to Plaintiff's claims and warrants the entry of summary judgment for Defendants.[3]

## **ARGUMENT**

## I.     **PLAINTIFF'S OPPOSITION CONFIRMS THAT THERE IS NO TRIABLE ISSUE OF FACT AS TO LOSS CAUSATION OR DAMAGES.**

Plaintiff's opposition fails to establish genuine issues of material fact. *First*, Plaintiff effectively concedes the inadmissibility of the Werner Declaration by offering no substantial justification for its procedural deficiencies, leaving Plaintiff without admissible evidence on the essential elements of loss causation and damages. *Second*, even if considered on its merits, the Werner Declaration improperly relies on the entirety of the Restatement despite this Court's

---

[3] Plaintiff's response to Defendants' Local Rule 56.1 Statement (*see* ECF No. 134) fails to dispute the majority of Defendants' material facts. Plaintiff does not challenge ¶¶ 1-15, 17-23, and 25-40. Where Plaintiff purports to raise disputes (¶¶ 16, 24, 41-43), these challenges rely on either (i) the Werner Declaration, which is inadmissible as Plaintiff failed to disclose the opinion during the expert discovery period, or (ii) on Plaintiff's counsel's interpretation of the Court's scheduling order. Neither qualifies as admissible evidence sufficient to create genuine disputes of material fact under Local Rule 56.1.

Second Dismissal Order significantly limiting Plaintiff's claims and, in turn, fails to isolate the effects of only actionable claims. *Third*, Plaintiff presents no evidence of material falsity, improperly treating the Restatement itself as dispositive despite acknowledging it only involved reclassifications between related party transaction categories with no impact on Kandi's financial results. Accordingly, the Court should grant summary judgment to Defendants and dismiss this action in its entirety.

### A.    Plaintiff Concedes That The Werner Declaration Is Inadmissible.

Plaintiff's assertion that evidence of loss causation and damages has been "previously submitted" relies exclusively on the Werner Declaration attached to Plaintiff's Motion. (ECF No. 132, Plaintiff's Opposition at 1.) This cursory reference fails to satisfy the requirements of the Federal Rules of Civil Procedure and this Court's scheduling order. As established in Defendants' Opposition, the Federal Rules on expert disclosure bar Plaintiff from relying on the Werner Declaration absent a showing that Plaintiff's failure to properly disclose was either substantially justified or harmless. *See* Fed. R. Civ. P. 26(a)(2), 37(c)(1). Despite this mandate, Plaintiff offers no justification for this procedural deficiency, underscoring the Werner Declaration's inadmissibility and the fatal evidentiary gap in Plaintiff's arguments.

The sole justification Plaintiff offers concedes this procedural failure while providing an explanation that is meritless. In a single, confusing sentence, Plaintiff contends that "it was counsel for Plaintiff's understanding that these proposed dates were made within the context of class certification and that the related expert discovery was discovery within the context of class certification." (ECF No. 132, Plaintiff's Opposition at 11.)

First, this purported misunderstanding is inexcusable given the clarity of this Court's directives. Plaintiff fails to reference the operative scheduling order. In their joint status letter filed on November 6, 2023, the parties agreed that "expert discovery should run concurrently with

3

briefing on class certification. Given the timing of Werner's deposition, the parties propose the following class certification briefing schedule..." (ECF No. 93, Joint Letter at 1.) The Court adopted this framework in its subsequent order and further specified that "Defendants shall file opposition to Motion for Class Certification, complete expert discovery, and file expert report by March 7, 2024. Plaintiff shall file reply in support of Motion for Class Certification, complete expert discovery, and file expert rebuttal report by May 16, 2024." (ECF No. 99, Scheduling Order at 2.) [4] The Court's language leaves no room for ambiguity or misinterpretation regarding the expert disclosure deadlines; deadlines that Plaintiff indisputably failed to meet.

Second, Plaintiff's claimed understanding that "the related expert discovery was discovery within the context of class certification" actually supports Defendants' position. (ECF No.132, Plaintiff's Opposition at 11.) If Plaintiff believed that expert discovery during that period was limited to class certification issues, then by Plaintiff's own admission, they never put forth an expert opinion on loss causation and damages during the prescribed expert discovery period. Indeed, and as set forth fully in Defendants' summary judgment papers, Dr. Werner repeatedly testified that he was not retained to opine on these critical elements of Plaintiff's claim. (*See* ECF No. 122, Defendants' Motion at 14-15.) Plaintiff cannot now repurpose the Werner Declaration to serve as expert testimony on issues beyond its original scope and after the disclosure deadline has passed.

Accordingly, the Court should grant Defendants' Motion, as Plaintiff's case rests entirely on inadmissible evidence that must be excluded under the clear requirements of the Federal Rules

---

[4] Plaintiff improperly cites to the parties' joint letter filed on November 6, 2023, which nevertheless still provides that the "close of expert discovery should be extended and should run concurrently with a briefing schedule on class certification." (ECF No. 93, Joint Letter at 1.) The operative scheduling order adopting this approach and setting deadlines can be found at ECF No. 99.

of Civil Procedure and this Court's scheduling order, leaving Plaintiff with no competent evidence on the essential elements of loss causation and damages.

**B.    Plaintiff's Theories Of Loss Causation And Damages Fail As A Matter Of Law.**

Even if this Court considers the Werner Declaration on the merits, Plaintiff's evidence fails to establish the essential elements of loss causation and damages required to defeat summary judgment.  Plaintiff concedes that the Werner Declaration's event study is necessary in order to "determine whether the alleged misrepresentations, and their subsequent corrective disclosure, caused losses to investors." (ECF No. 132, Plaintiff's Opposition at 3.)  For the reasons set forth in Defendants' Opposition, the Werner Declaration's analysis is flawed, methodologically unsounds, and unreliable.  Rather than burden the Court with repetitive briefing, Defendants highlight the analytical flaws and deficiencies that render Plaintiff's purported evidence on loss causation and damages insufficient.

*Failure To Isolate Actionable Claims.*  The Court's Second Dismissal Order limited claims to "alleged misstatements about related-party transactions" and other statements "only to the extent the alleged misstatements pertain to related party-transactions." (ECF No. 64, Order at 12, 18.)  Failing to separate out the effects of the actionable and non-actionable parts of the Restatement, renders the Werner Declaration incapable of presenting any reliable opinion on loss causation or damages.  (*See* ECF No. 128, Defendants' Opposition at 17-18.)

*Mischaracterization of Mr. Wang's Transition.*  Plaintiff improperly relies on case law arguing that "executive resignations can contribute to loss causation." (ECF No. 132, Plaintiff's Opposition at 10.)  Defendants do not dispute this general principle, but rather establish that these cases are inapplicable because Mr. Wang never resigned from his executive position; he merely assumed a different executive role within Kandi.  The Werner Declaration's analysis further

undermines Plaintiff's position as it does not even include a category for internal position changes, implicitly acknowledging that such transitions are not considered market signals of fraud.  (*See* ECF 128, Defendants' Motion at 15-16.)  Plaintiff otherwise fails to tie Mr. Wang's role change to the Restatement and alleged fraud.

*Unsupported March 15, 2017 Stock Decline.*  Plaintiff concedes that "[n]o Company-specific developments occurred on March 15, 2017", yet includes Kandi's stock-price decline on this date.  (ECF No. 132, Plaintiff's Opposition at 4.)  The Werner Declaration provides no explanation for this inconsistency, nor does it present any evidence, such as news stories or analyst reports, demonstrating that Kandi's stock price movement on March 15, 2017 was tied to the Restatement.  (*See* ECF No. 128, Defendants' Opposition at 17-18.)

*Inconsistent Event Windows.*  Contrary to Plaintiff's argument, the Werner Declaration's application of both single day and multi-day event windows is inappropriate.  (See ECF No. 132, Plaintiff's Opposition at 4-5, fn. 4.)  The Werner Declaration, in relying on authority that was authored by Defendants' expert Dr. Tabak, improperly applies inconsistent event windows; one day for the November 14, 2016 announcement but three days for the March 13, 2017 Restatement announcement, producing results that do not show that the cumulative price movement was statistically significant.  (*See* ECF No. 128, Defendants' Opposition at 18.)

*Disregard Of Confounding Factors.*  The Werner Declaration fails to account for Kandi's earnings announcement on March 16, 2017 as potential confounding news, despite Dr. Werner previously acknowledging that earnings announcements could cause abnormal returns.  (*See* ECF No. 128, Defendants' Opposition at 19.)

*Deliberate Disregard Of Class Period.*  Plaintiff's own expert further disregards this Court's class certification order by refusing to conform his analysis to the narrowed class period

beginning August 10, 2015.  Dr. Werner admits that "there was no econometric basis for shortening the Class Period to begin on August 10, 2015 instead of June 10, 2015," (ECF No. 132, Plaintiff's Opposition at 6, fn. 6) and therefore deliberately chose to apply his original regression estimation period rather than adjust to this Court's ruling.

**Flawed Damages Calculation.**  Plaintiff's damages calculation is incorrect as applying a constant-dollar inflation approach that does not analyze inflation overtime, resulting in overstated damages.  (*See* ECF No. 128, Defendants' Opposition at 19.)

Plaintiff has failed to meet its burden of producing admissible evidence sufficient to create a genuine issue of material fact regarding loss causation and damages. Without reliable evidence establishing the required causal connection between the alleged misrepresentations and any subsequent stock price decline, Plaintiff's claims should be dismissed.

## II.    THE RESTATEMENT ITSELF IS NOT EVIDENCE OF AN ACTIONABLE FALSE STATEMENT OR OMISSION.

Plaintiff conclusively relies on the entirety of the Restatement itself to argue that Kandi made a false statement or omission of material[5] fact.  Plaintiff erroneously contends that the Restatement itself constitutes conclusive evidence of an omission of "critical qualifying information" under Rule 10b-5.  (ECF No. 132, Plaintiff's Opposition at 7 (citing *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 188 (2016).)

Contrary to Plaintiff's position, the Restatement did not omit "unfavorable matters". (Plaintiff's Opposition at 7.)    Considering the fact that the Restatement never changed bottom line, as Plaintiff concedes, the Restatement simply involved "corrected distribution" between related-party transaction categories.  (ECF No. 132, Plaintiff's Opposition at 5, fn. 5.)  Crucially,

---

[5] A statement is material if there is "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Basic, Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988).

these accounting adjustments had no impact whatsoever on Kandi's overall financial performance or bottom-line figures.  Therefore, the Restatement itself cannot qualify as a "half-truth" sufficient to prove materiality.  *See Macquarie Infrastructure Corp. v. Moab Partners, L.P.,* 601 U.S. 257, 259 (2024); *see also In re Vivendi S.A. Sec. Litig.*, 838 F.3d 223, 250 (2d Cir. 2016) (quoting *Rombach v. Chang*, 355 F.3d 164, 172 n.7 (2d Cir. 2004)) ("'[t]he test for whether a statement or omission is materially misleading' . . . is not whether the statement is misleading in and of itself, but 'whether the defendants' representations, taken together and in context, would have misled a reasonable investor.'").

Moreover, Plaintiff fails to account for the Court's Second Dismissal Order that limited claims to "alleged misstatements about related-party transactions" and other statements "only to the extent the alleged misstatements pertain to related party-transactions."  (ECF No. 64, Order at 12,18.)  The Court held:

> In restating its financials, Kandi acknowledged that it had erred in *'classification of notes receivable and notes payable'* and *'accounting for the Company's equity investment in the JV Company.'* But the SAC alleges only that those issues were identified in the restatement and does not allege any of the specific, false statements about those accounting issues that the restatement addressed. That is insufficient to state a claim under Rule 9(b).

(ECF No. 64, Order at 12.).  As a result, Plaintiff's theory (on each of the elements of loss causation, damages, and falsity) relies improperly on the entirety of the Restatement without distinguishing between actionable and dismissed allegations, violating this Court's Second Dismissal Order.  Failure to isolate the effects of only actionable claims undermines Plaintiff's position on both loss causation and falsity, rendering its evidence insufficient as a matter of law.

Further, the Werner Declaration's identification of "misstatements as misrepresentations, omission, and/or half-truths" must be rejected as an improper legal conclusion.  (ECF No. 132,

8

Plaintiff's Opposition at 8); *See Hygh v. Jacobs,* 961 F.2d 359, 363 (2d Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion."). Having failed to provide evidence that the accounting adjustments were material to investors, Plaintiff cannot establish falsity, an essential element of its securities fraud claim.

## CONCLUSION

Accordingly, summary judgment with prejudice should be entered in favor of Defendants.

Dated: New York, New York  Respectfully submitted,
April 11, 2025

 */s/ Richard J.L. Lomuscio*
Richard J.L. Lomuscio
Nicole Khalouian
**STINSON LLP**
100 Wall Street, Suite 201
New York, New York 10005
Phone: 646.883.7675
richard.lomuscio@stinson.com
nicole.khalouian@stinson.com

*Attorneys for Defendants Kandi Technologies*
*Group, Inc. et. al.*

9

## CERTIFICATE OF COMPLIANCE

I, Richard J.L. Lomuscio, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Rule 7.1(c), that the foregoing Memorandum of Law was prepared using Microsoft Word, contains 2,841 words in accordance with Local Rule 7.1(c), and does not exceed 10 pages as required by Rule 4c.ii. of Judge Ho's Individual Rules and Practices in Civil Cases.

Dated: New York, NY
         April 11, 2025


                                        */s/ Richard J.L. Lomuscio*